**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |   |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ONE AUTO FINANCE, a division | : | |
| of CAPITAL ONE, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Capital One Auto

Finance, a division of Capital One, N.A. ("COAF"), by and through its undersigned counsel,

Stradley, Ronon, Stevens & Young, LLP, hereby removes the cause of action styled as <u>Randy</u>

<u>Langer and James Langer v. Capital One Auto Finance, a division of Capital One, N.A.</u>, C.C.P.

Philadelphia County, October Term 2016, No. 161000560 (the "State Court Action"), from the

Philadelphia County Court of Common Pleas, where it is now pending, to the United States

District Court for the Eastern District of Pennsylvania, and as grounds for removal, states as

follows:

    1.  On October 5, 2016, Plaintiffs, Randy Langer and James Langer

("Plaintiffs"), commenced the State Court Action by filing a Complaint against COAF as the

sole Defendant.

    2.  Plaintiffs purportedly served the Complaint in the State Court Action on

COAF on October 20, 2016.

3.     Plaintiffs' Complaint was the first pleading that contained any information about the claimed damages and the nature of Plaintiffs' claims against COAF, and the first pleading from which the basis for removal could be determined.

4.     This is a putative class action alleging violations of the Pennsylvania Uniform Commercial Code ("UCC"), and Pennsylvania's Motor Vehicle Sales Finance Act ("MVSFA").  Plaintiffs claim that COAF failed to send required notices, or in the alternative sent deficient notices, to Pennsylvania residents in connection with the repossession and sale of motor vehicles of the putative class members.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

5.     Removal to federal court is available pursuant to 28 U.S.C. § 1332(d) because the elements for removal under the Class Action Fairness Act of 2005 ("CAFA") are met.

6.     Specifically, "[p]ursuant to CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate, §§ 1332(d)(2) & (6), any class member and any defendant are citizens of different states, § 1332(d)(2)(A), and there are at least 100 members in the putative class, § 1332(d)(5)(B)." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009).

7.     Plaintiffs filed this suit as a "class action" within the meaning of CAFA, because Plaintiffs purport to bring "this action on their own behalf and on behalf of a class designated pursuant to Pa. R. Civ. P. 1701 *et. seq.*" (Compl., ¶ 52), which is Pennsylvania's analog to Federal Rules of Civil Procedure 23 and a rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.  28 U.S.C. §§ 1332(d)(2) and (d)(7).

A.     **Citizenship Is Diverse.**

8.     Plaintiff Randy Langer alleges that he is an adult individual who is a citizen of Georgia, residing at 2550 Belaire Dr., Cumming, Georgia 30041. (Compl. ¶ 3.)

9.     Plaintiff James Langer alleges that he is an adult individual who is a citizen of the Commonwealth of Pennsylvania, residing at 606 Summit St., McKeesport, Pennsylvania 15132.  (Compl. ¶ 4.)

10.     COAF is a division of a national banking association.  For diversity purposes, a national bank and its divisions are citizens of the state in which the national bank has its main office as designated in its articles of association.  *See Wachovia Bank, N.A. v. Schmidt, III*, 546 U.S. 303, 318 (2006) (holding that national bank is a citizen of "the State designated in its articles of association as its main office").  Thus, for diversity purposes, COAF is a citizen of the Commonwealth of Virginia.  *See*  28 U.S.C. § 1332.

11.     The requisite minimal diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7).  The parties are citizens of different states:  Plaintiffs are citizens of Georgia and Pennsylvania, and COAF is a citizen of Virginia.

12.     Moreover, the Complaint defines members of the putative class as residents of Pennsylvania.  Based upon these allegations, at least one putative class member is a citizen of a state different from COAF.

B.     **The Putative Class Exceeds 100 Members.**

13.     The number of members of all proposed plaintiff classes in the aggregate exceeds 100, as required by 28 U.S.C. § 1332(d)(5)(B).

14.     Plaintiffs propose to represent three putative classes purported to arise from alleged violations of the UCC and the MVSFA.

3

15.     Plaintiffs allege that "[t]he classes number at least in the hundreds, and are so numerous that joinder of all members is impracticable." (Compl. ¶ 57.)

16.     Although COAF denies that a class should be certified, and specifically denies that a class should be certified for any number of borrowers, this allegation alone establishes that the putative class exceeds 100 persons.

17.     Furthermore, without conceding the validity of any of Plaintiffs' claims, COAF has reviewed its records to ascertain the potential number of putative class members.

18.     Based on the alleged class definitions in the Complaint, COAF's business records show that approximately 480 people may meet Plaintiffs' criteria for membership in either of the three putative classes.  See Declaration of Jim Burrows, ¶ 4, attached hereto as Exhibit 1.

19.     Therefore, for the above reasons, the putative class has at least 100 members.

**C.     The Amount in Controversy And Other Requirements Are Met.**

20.     In a class action removed pursuant to CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

21.     Plaintiffs, as representatives of the proposed classes described below, seek to recover on behalf of all putative class members:  (a) the greater of (i) actual damages or (ii) the minimum statutory damages pursuant to 13 Pa. C.S.A. § 9625(b) and (c)(2) (which Plaintiffs contend provide for the recovery of "minimum damages of not less than the credit service charge [or finance charge], plus 10% of the principal amount of the obligation" (Compl. ¶ 42)); plus (b)

an award of $500.00 on behalf of each "Post-Sale Notice" Class Member (as defined in the Complaint) pursuant to 13 Pa. C.S.A. § 9625(e)(5).

22.     While COAF denies that Plaintiffs or any putative class members are entitled to recover any amount, and specifically denies that Plaintiff or any putative class members are entitled to the relief in the various forms sought, given the allegations in Plaintiffs' Complaint of a statewide class of individuals and the relief sought, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

23.     First, COAF's records show that for the approximately 480 people who may meet Plaintiffs' criteria for membership in the "Repossession Notice Class" alone, the aggregate statutory damages pursuant to 13 Pa. C.S.A. § 9625(c)(2) would exceed $5,000,000. See Declaration of Jim Burrows in Support of Removal, at ¶ 5, attached hereto as Exhibit 1.

24.     For those 480 accounts, the aggregate principal amount of the loans is approximately $8,537,961.26 and the aggregate credit service charge for these loans is approximately $4,992,902.28.  See id.

25.     Thus, pursuant to 13 Pa. C.S.A. § 9625(c)(2), a calculation of 10% of the aggregate principal balances of these loans, plus the aggregate credit service charge, totals approximately $5,846,698.

26.     In addition, COAF's records show that, of these 480 accounts, approximately 330 vehicles were sold.  See id. at ¶ 6.

27.     Accordingly, there are approximately 330 accounts which may meet Plaintiffs' criteria for membership in the "Post-Sale Notice Class."  Assuming for purposes of this Removal that there is one borrower on each of these accounts, the potential damages

pursuant to 13 Pa. C.S.A. § 9625(e)(5), which allegedly would be in addition to the statutory damages available for the "Repossession Notice Class," may exceed approximately $165,000.

28.     Given the size of Plaintiffs' purported class, the potential for alleged statutory damages pursuant to the Pennsylvania UCC satisfies the $5,000,000 amount in controversy requirement.

**D.      No CAFA Exceptions Apply.**

29.     Although COAF denies that it bears the burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. § 1332(d)(4), (5), and (9) are inapplicable, none of these exceptions apply.

30.     First, the exception in 28 U.S.C. § 1332(d)(4)(A) does not apply, because no defendant is a citizen of the state in which the action was originally filed – Pennsylvania.

31.     Second, the exception in 28 U.S.C. § 1332(d)(4)(B) does not apply, because the only (and therefore primary) defendant – COAF – is not (and was not) a citizen of Pennsylvania.

32.     Second, the exception in 28 U.S.C. § 1332(d)(5) does not apply, because the only (and therefore primary) defendant – COAF – is not a State, State official, or other governmental entity, and the number of members in all of Plaintiffs' purported classes in the aggregate is greater than 100 (as discussed above).

33.     Finally, the exception in 28 U.S.C. § 1332(d)(9) does not apply, because this case does not involve a claim under the securities laws and does not relate to the internal affairs and governance of a corporation or other form of business enterprise.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

34.     COAF files this Notice of Removal within thirty days after service of the Complaint in the State Court Action; therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

35.     The thirtieth day from the date of purported service of the Complaint (October 20, 2016) was Saturday, November 19, 2016.  Because the deadline ended on a weekend day, Federal Rule of Civil Procedure 6(a)(1) dictates that the expiration of the deadline extends to the next day that is not a weekend – Monday, November 21, 2016.  *See Hernandez v. Menlo Logistics, Inc.*, No. 12-0907, 2013 WL 5934411, *17-19; 26 (D.N.M. Sept. 30, 2013) (highlighting the applicability of Rule 6(a) to Notices of Removal).

36.     Removal to this particular district court is proper pursuant to 28 U.S.C. § 1441(a), as the State Court Action is pending within this district and division.

37.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiffs' Complaint, along with all other process, pleadings and orders served upon COAF are attached hereto as Exhibit 2.  A copy of the docket in the State Court Action is attached hereto as Exhibit 3.

38.     Pursuant to 28 U.S.C. § 1446(d), promptly after this notice is filed, Defendant will provide written notice to Plaintiff and file a copy of the Notice of Removal with the Prothonotary of the Philadelphia County Court of Common Pleas.  A copy of the Notice of Filing of Notice of Removal to be filed with the state court is attached hereto as Exhibit 4.

39.     In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, COAF respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Capital One Auto Finance, a division of Capital One, N.A., hereby removes the State Court Action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Christine M. Debevec (Pa. Id. No. 88107)
Samantha B. Kats (Pa. Id. No. 316178)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T:  (215) 564-8000  F:  (215) 564-8120
Email:  CDebevec@stradley.com

*Attorneys for Defendant,*
*Capital One Auto Finance, a division of*
*Capital One, N.A.*

Dated:  November 21, 2016

## CERTIFICATE OF SERVICE

I, Samantha B. Kats, hereby certify that on November 21, 2016, the foregoing

Notice of Removal and accompanying exhibits were served via First Class U.S. Mail, postage

pre-paid, upon the following counsel of record:

>
> Richard Shenkan, Esq.
> SHENKAN INJURY LAWYERS, LLC
> 6550 Lakeshore Street
> West Bloomfield, MI  48323
> rshenkan@shenkanlaw.com
> *Attorney for Plaintiffs*

Samantha B. Kats

# 3015930