IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY LANGER and JAMES LANGER, | : |
| Plaintiffs, | : Civil Action No. 2:16-cv-06130-HB |
| v. | : |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | : |
| Defendant. | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
CAPITAL ONE AUTO FINANCE, A DIVISIONS OF CAPITAL ONE, N.A.,
TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant, Capital One Auto Finance, a division of Capital One, N.A. ("COAF"), by and through its undersigned counsel, Stradley, Ronon, Stevens & Young, LLP, as and for its Answer and Affirmative Defenses to the Complaint of Plaintiffs, Randy Langer and James Langer ("Plaintiffs"), hereby states as follows:

1. Defendant admits only that Plaintiffs purport to bring a class action alleging violations of Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa. C.S. § 9601, et seq. and Pennsylvania's Motor Vehicle Sales Finance Act ("MVSFA"), but denies that Plaintiffs have a valid basis for doing so. The remaining allegations set forth in paragraph 1 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

2. The allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

   3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

   4. Admitted, upon information and belief.

   5. Admitted.

   6. Denied as stated. It is admitted only that Defendant regularly finances the purchase of motor vehicles in Pennsylvania.

   7. Admitted.

   8. The allegations set forth in paragraph 8 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, admitted in part; denied in part. It is admitted only that Plaintiffs entered into a Retail Installment Sales Contract ("RISC") with Bob Massie Toyota on or about August 29, 2012, which was thereafter assigned to COAF, and that COAF sent certain notices to Plaintiffs in connection with their motor vehicle loan. It is specifically denied that COAF participated in any wrongdoing as set forth in Plaintiffs' Complaint.

   9. Admitted.

   10. Denied as stated. It is admitted only that on or about April 17, 2015, following the repossession of the subject motor vehicle due to Plaintiffs' default on the underlying loan, COAF sent each Plaintiff a notice of repossession, addressed to each Plaintiff individually. It is further admitted that a copy of the notice of repossession sent to Plaintiff James Langer is attached to the Complaint as Exhibit "A." Further responding, the notice of repossession is a writing that speaks for itself, and any characterizations contrary to its terms are denied.

11. Admitted in part, denied in part. It is admitted only that Defendant sent notices similar to the notice of repossession that it sent to Plaintiffs, a copy of which is attached to the Complaint as Exhibit "A", to other debtors in Pennsylvania during a certain period of time. It is denied that Defendant failed to send a statutorily compliant notice of repossession. Further responding, the notice of repossession is a writing that speaks for itself, and any characterizations contrary to its terms are denied.

12. The allegations set forth in paragraph 12 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, it is denied that Defendant failed to send an explanation of calculation of deficiency or surplus to Plaintiffs and putative class members in violation of the UCC. It is further denied that Defendant failed to send statutorily compliant post-sale notices to Plaintiffs and putative class members. Further responding, a copy of the Explanation of Calculation of Surplus or Deficiency sent by Defendant to Plaintiffs, each individually, is attached hereto as Exhibit "1." By way of further response, the Explanation of Calculation of Surplus or Deficiency sent by Defendant to Plaintiffs is a writing that speaks for itself, and any characterizations contrary to its terms are denied.

13. The referenced Exhibit is a writing that speaks for itself, and any characterizations contrary to its terms are denied.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and such allegations and therefore deemed denied. Further responding, the referenced Exhibit is a writing that speaks for itself, and any characterizations contrary to its terms are denied.

15. The allegations set forth in paragraph 15 of the Complaint state a legal conclusion to which no response from Defendant is required.

16. The allegations set forth in paragraph 16 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

17. The allegations set forth in paragraph 17 of the Complaint state a legal conclusion to which no response from Defendant is required.

18. The allegations set forth in paragraph 18 of the Complaint state a legal conclusion to which no response from Defendant is required.

19. The allegations set forth in paragraph 19 of the Complaint state a legal conclusion to which no response from Defendant is required.

20. The allegations set forth in paragraph 20 of the Complaint state a legal conclusion to which no response from Defendant is required.

21. The allegations set forth in paragraph 21 of the Complaint state a legal conclusion to which no response from Defendant is required.

22. The allegations set forth in paragraph 22 of the Complaint reference written documents that speak for themselves, and any characterizations contrary to the terms are denied. Furthermore, the allegations set forth in paragraph 22 of the Complaint state a legal conclusion to which no response from Defendant is required.

23. The allegations set forth in paragraph 23 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and such allegations and therefore deemed denied. Further responding, it is denied that Defendant did not comply with all applicable statutes and regulations.

25. The allegations set forth in paragraph 25 of the Complaint, including footnote 2, state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

26. The notice attached to Plaintiffs' Complaint as Exhibit "A" is a writing that speaks for itself, and any characterizations contrary to its terms are denied. Further responding, the referenced notice states that Defendant "will sell the Vehicle at a private sale sometime after 04/27/15."

27. The allegations set forth in paragraph 27 of the Complaint, including footnote 3, state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

28. The allegations set forth in paragraph 28 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

29. The allegations set forth in paragraph 29 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

30. The allegations set forth in paragraph 30 of the Complaint state a legal conclusion to which no response from Defendant is required.

31. The allegations set forth in paragraph 31 of the Complaint state a legal conclusion to which no response from Defendant is required.

32. The allegations set forth in paragraph 32 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

33. The allegations set forth in paragraph 33 of the Complaint state a legal conclusion to which no response from Defendant is required.

34. The allegations set forth in paragraph 34 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

35. The allegations set forth in paragraph 35 of the Complaint state a legal conclusion to which no response from Defendant is required.

36. The allegations set forth in paragraph 36 of the Complaint state a legal conclusion to which no response from Defendant is required.

37. The allegations set forth in paragraph 37 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

38. The allegations set forth in paragraph 38 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

39. The allegations set forth in paragraph 39 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

40. The allegations set forth in paragraph 40 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

41. The allegations set forth in paragraph 41 of the Complaint state a legal conclusion to which no response from Defendant is required.

42. The allegations set forth in paragraph 42 of the Complaint state a legal conclusion to which no response from Defendant is required.

43. The allegations set forth in paragraph 43 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

44. The allegations set forth in paragraph 44 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

45. The allegations set forth in paragraph 45 of the Complaint state a legal conclusion to which no response from Defendant is required.

46. The allegations set forth in paragraph 46 of the Complaint state a legal conclusion to which no response from Defendant is required.

47. The allegations set forth in paragraph 47 of the Complaint state a legal conclusion to which no response from Defendant is required.

48. The allegations set forth in paragraph 48 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

49. The allegations set forth in paragraph 49 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

50. The allegations set forth in paragraph 50 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

51. The allegations set forth in paragraph 51 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

52. Defendant admits only that Plaintiffs purport to bring this action on their own behalf and on behalf of putative class members.  Defendant denies that Plaintiffs are able to satisfy the class action requirements set forth in the applicable rules and denies that the case is appropriate for class certification.

53. Denied.

54. Denied.

55. Denied.

56. The allegations set forth in paragraph 56 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

57. The allegations set forth in paragraph 57 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, although Defendant denies that class certification is appropriate, Defendant admits that, if certified, the class could exceed 100 members.  Defendant denies that Plaintiffs are able to

satisfy the class action requirements set forth in the applicable rules and denies that the case is appropriate for class certification. Any remaining allegations in this paragraph are denied.

58. Denied as stated. Although Defendant denies that class certification is appropriate, Defendant admits that based on the class allegations in the Complaint, Defendant's business records show that approximately 480 individuals may meet Plaintiffs' criteria for membership in either of the three putative classes.

59. The allegations set forth in paragraph 59 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

60. The allegations set forth in paragraph 60 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

61. The allegations set forth in paragraph 61 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

62. The allegations set forth in paragraph 62 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

63. The allegations set forth in paragraph 63 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, it is admitted only that Defendant sent notices similar to the notice attached to Plaintiffs' Complaint as Exhibit "A" to other debtors in Pennsylvania during a certain period of time. All remaining allegations are denied.

64. The allegations set forth in paragraph 64 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

65. The allegations set forth in paragraph 65 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

66. The allegations set forth in paragraph 66 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

67. The allegations set forth in paragraph 67 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

68. The allegations set forth in paragraph 68 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

69. The allegations set forth in paragraph 69 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

70. The allegations set forth in paragraph 70 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

71. The allegations set forth in paragraph 71 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

72. The allegations set forth in paragraph 72 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

73. The allegations set forth in paragraph 73 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

74. The allegations set forth in paragraph 74 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

75. The allegations set forth in paragraph 75 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

76. The allegations set forth in paragraph 76 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

## COUNT I
### PENNSYLVANIA COMMERCIAL CODE
**(Repossession Notice Class and Co-Borrower Class)**

77. Defendant repeats and incorporates its responses to paragraphs 1 through 76 of the Complaint as if the same were set forth at length herein.

78. The allegations set forth in paragraph 78 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

79. The allegations set forth in paragraph 79 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

80. The allegations set forth in paragraph 80 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

## COUNT II
## PA UCC and MVSFA
**(Repossession Notice Class and Co-Borrower Class)**

81. Defendant repeats and incorporates its responses to paragraphs 1 through 80 of the Complaint as if the same were set forth at length herein.

82. The allegations set forth in paragraph 82 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

83. The allegations set forth in paragraph 83 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

84. The allegations set forth in paragraph 84 of the Complaint state a legal conclusion to which no response from Defendant is required. To the extent that a response is required, denied.

85.     The allegations set forth in paragraph 85 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

### COUNT III
### PENNSYLVANIA COMMERCIAL CODE
### (Post-Sale NOTICE Class)

86.     Defendant repeats and incorporates its responses to paragraphs 1 through 85 of the Complaint as if the same were set forth at length herein.

87.     The allegations set forth in paragraph 87 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

88.     The allegations set forth in paragraph 88 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

89.     The allegations set forth in paragraph 89 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

90.     The allegations set forth in paragraph 90 of the Complaint state a legal conclusion to which no response from Defendant is required.  To the extent that a response is required, denied.

**WHEREFORE**, Defendant, Capital One Auto Finance, a division of Capital One, N.A., demands judgment in its favor and against Plaintiffs Randy Langer and James Langer, dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert some or all of the alleged claims.

### THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or the putative class members may be barred, in whole or in part, by the applicable statutes of limitation and by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or the putative class members may be barred, in whole or in part, by the doctrines of estoppel, waiver, justification, or accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or the putative class members are barred in whole or in part, because Defendant at all times acted appropriately, lawfully, properly, in good faith, and in a commercially reasonable manner.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's Repossession Notice was reasonable and proper and fully or substantially complied with Pennsylvania law.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs or any putative class members have filed for and/or been discharged from bankruptcy, their claims may be barred.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or the putative class members may be barred, in whole or in part, by the doctrine of release.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or the putative class members may be barred, in whole or in part, by the doctrines of set-off or recoupment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs received actual notice of all material and pertinent information regarding the repossession and sale of their vehicle.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have not suffered any cognizable damages by reason of any actions of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have suffered any damages by reason of any actions of Defendant, Plaintiffs may have failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be preempted, in whole or in part, by federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims do not satisfy the requirements of Federal Rule of Civil Procedure 23 to proceed by means of a class action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the defenses asserted above may be applicable to one or more of the putative class members whom Plaintiffs may seek to represent.  If Plaintiffs attempt to certify a class in this action, Defendant reserves the right to set forth additional defenses that may apply to putative class members other than the named plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek equitable relief, Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE**, Defendant, Capital One Auto Finance, a division of Capital One, N.A., demands judgment in its favor and against Plaintiffs Randy Langer and James Langer, dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

                                                      STRADLEY RONON STEVENS & YOUNG, LLP

                                                      */s/ Samantha B. Kats*
                                                      Christine M. Debevec (Pa. Id. No. 88107)
                                                      Samantha B. Kats (Pa. Id. No. 316178)
                                                      2005 Market Street, Suite 2600
                                                      Philadelphia, PA 19103
                                                      T:  (215) 564-8000  F:  (215) 564-8120
                                                      Email:  CDebevec@stradley.com

                                                      *Attorneys for Defendant,*
                                                      *Capital One Auto Finance, a division of*
                                                      *Capital One, N.A.*

Dated:  November 28, 2016

# CERTIFICATE OF SERVICE

I, Samantha B. Kats, hereby certify that on November 28, 2016, a copy of the foregoing Answer and Affirmative Defenses was filed electronically via the Court's ECF system and is available for viewing and downloading from the Court's ECF system, and that all counsel of record were served with a copy of the foregoing motion via the Court's ECF System

*/s/ Samantha B. Kats*
Samantha B. Kats

# 3026904