18.     These Objections are incorporated into each response set forth below as though set forth there in full. Defendant's objections to each individual Discovery Request are submitted without prejudice to, and without in any respect limiting or waiving, any of these General Objections.

## INTERROGATORIES

1.     IDENTIFY all PERSONS having knowledge of the facts alleged in the pending class complaint, and set forth with particularity each person's knowledge of the facts. Please include the name of the PERSONS who was responsible for accessing YOUR computer system to determine the size of the putative classes.

**RESPONSE:** COAF objects to this request on the grounds that it is overly broad, vague and ambiguous, in that it refers to "all persons" known to have knowledge of "the facts" alleged in the complaint. Subject to and without waiving any objections, COAF responds as follows: Plaintiff would have personal knowledge of the facts and issues in this lawsuit. Further responding, COAF's corporate designee(s) lacks personal knowledge, but is expected to possess knowledge regarding the issues in this lawsuit, based upon his or her review of COAF's business records. Further responding, Mr. James (Jim) Burrows, Senior Business Analysis Manager at COAF conducted a review of COAF's business records to determine the size of the putative classes. COAF's investigation with respect to the size of the putative classes is ongoing, and COAF will supplement this response to the extent necessary.

2.     IDENTIFY the total number of people who comprise the (putative):

(A) REPOSSESSION NOTICE CLASS, and state how YOU computed it;
(B) POST SALE NOTICE CLASS, and state how YOU computed it;
(C) COBORROWER CLASS, and state how YOU computed it; and,

attach DOCUMENTS which support the BASIS for YOUR CALCULATIONS or figures (including any REPORTS, including spreadsheets).

**RESPONSE:** (A) COAF estimates that there may be approximately 1,329 accounts that fall within the "Repossession Notice Class" definition. COAF calculated this number by reviewing its records of borrowers and coborrowers with a Pennsylvania address who received a letter entitled "Notice of Intent to Dispose of Motor Vehicle" (the "NOI Letter") that allegedly failed to provide a minimum period of 15-days' notice of the disposition of the collateral. Upon the execution of an agreed-upon confidentiality agreement, COAF will agree to produce a spreadsheet (with redactions for identifying information about absent class members) that provides further information responsive to this request.

(B) & (C) Based on the purported class definitions in the Complaint, COAF has not identified any putative class members in the "Post Sale Notice Class" and the "Coborrower



Class." Instead, COAF believes that it sent separate NOI Letters to coborrowers during the relevant period of time and that it properly sent "Post Sale Notices" to borrowers and coborrowers that contained all the required information set forth in the Pennsylvania UCC.

COAF's investigation is ongoing, and COAF will supplement this response to the extent necessary.

3.  IDENTIFY the name(s) of all software system(s) and the name of the developer/manufacturer that YOU use (or used) at any time during the RELEVANT PERIOD to maintain any information CONCERNING any of the putative class members and the use of the NOTICE OF REPOSSESSION and POST-SALE NOTICE, including the beginning and ending date(s) of such use.

**RESPONSE:** COAF objects to this interrogatory, because it seeks information that is neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation.

4.  IDENTIFY whether YOU have stopped all collection efforts as to the putative class members with respect to collecting any DEFICIENCIES. If your answer is "no," please:

> (A) State the BASIS of why YOU are continuing YOUR collection efforts against some or all of the putative CLASSES with respect to collecting DEFICIENCIES;
> (B) IDENTIFY all PERSONS (i.e., collection agencies) who YOU contracted with to collect (or attempt to collect) DEFICIENCIES; and,
> (C) IDENTIFY all PERSONS who YOU sold any of the CLASS MEMBER'(S) accounts to.

**RESPONSE:** Yes. Following the filing of Plaintiff's Complaint, COAF took steps to cease collection efforts with respect to deficiency balances owed by the putative class members who have been identified as part of the "Repossession Notice Class".

5.  IDENTIFY what efforts, if any, YOU have taken (or are taking) which has had (or will have) the affect or consequence of reducing the number of class members in any of the putative CLASSES thereby reducing potential damages, irrespective of whether YOU intend (or intended) for such a consequence(s).

**RESPONSE:** COAF objects to this request on the grounds that it is vague and ambiguous in terms of its reference to "efforts" to "reduc[e] the number of class members" and to "reduc[e] potential damages." COAF further objects to this request on the grounds that it appears to seek information that is neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation.

6. IDENTIFY (including caption, docket number and court) any DEFICIENCY action filed by YOU or on YOUR behalf against any member of the putative CLASS, and attach all DOCUMENTS relating to your response.

**RESPONSE**: **COAF has not identified any responsive information. COAF's investigation is ongoing, and COAF will supplement this response to the extent necessary.**

7. IDENTIFY any and all witnesses YOU will call at any hearing (including but not limited to any class certification hearing) and trial in this matter and briefly describe the subject matter of their testimony.

**RESPONSE**: **COAF has not yet determined who, if anyone, it intends to call as a witness at trial. COAF will supplement this response in accordance with the Federal Rules of Civil Procedure and any applicable Orders of the Court.**

8. State the total dollar amount of DEFICIENCIES that YOU have COLLECTED from the CUSTOMERS to whom YOU SENT a NOTICE OF REPOSSESSION:

(a) In the six-year period prior to filing of the complaint in this matter; and,

(b) Since filing of the complaint in this matter.

**RESPONSE**: **Upon the execution of an agreed-upon confidentiality agreement, COAF will agree to produce a spreadsheet (with redactions for identifying information about absent class members) that provides information regarding deficiency balances that is responsive to this request. COAF's investigation with respect to the size of the putative classes is ongoing, and COAF will supplement this response to the extent necessary.**

9. With respect to IRS Form 1099C, please state whether YOU have issued or sent a Form 1099C to any CUSTOMER CONCERNING their DEFICIENCY. If "yes," please state the number of CUSTOMERS to whom YOU issued or sent a Form 1099C and the BASIS for issuing the 1099C (See Box 6 on the back of IRS Form 1099C).

**RESPONSE**: **COAF objects to this interrogatory because it seeks information that is neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. ALL EXEMPLAR FORMS of each NOTICE OF REPOSSESSION and/or POST SALE NOTICE which YOU SENT to any CUSTOMER at any time during the RELEVANT PERIOD, removing any personally identifiable information of any CUSTOMER.

**RESPONSE**: **COAF is producing herewith an exemplar form of the NOI Letters sent to Pennsylvania residents during the relevant Class Period. Further responding, COAF is**

7

producing herewith an exemplar form of the Explanation of Calculation of Surplus or Deficiency sent by COAF after the sale of a repossessed vehicle during the relevant period.

    2.    All DOCUMENTS which CONCERN, describe, or relate to YOUR practices, policies, and/or procedures for:

    (a)    SENDING FORMS, notices, or writings of any type whatsoever in connection with the repossession of a vehicle, the fees charges or costs incurred relating to the repossession and/or storage of repossessed vehicles, the resale of a vehicle post-repossession during the RELEVANT PERIOD;

    (b)    the collection of any DEFICIENCY during the RELEVANT PERIOD;

    (c)    the credit reporting of CUSTOMERS accounts and any DEFICIENCY or other amount reported, and,

    (d)    the issuance or use of IRS 1099-C Forms during the RELEVANT PERIOD.

This request includes but is not limited to any and all collection manuals, handbooks, or other directives which were drafted during or otherwise CONCERN the RELEVANT PERIOD.

**RESPONSE: COAF objects to this request on the grounds that it is overly broad and unduly burdensome, and that it seeks documents that are neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation. Based on the allegations in the Complaint, COAF's policies and procedures are entirely irrelevant to a determination of the claims and defenses in this action, which involve whether Plaintiffs received reasonable notice of COAF's intent to dispose collateral and whether COAF's notices complied with the UCC. COAF further objects to this Interrogatory on the grounds that it seeks proprietary or confidential information, trade secrets, or other sensitive information.**

    3.    All DOCUMENTS that relate to, discuss, or concern YOUR policies or practices CONCERNING the repossession, transportation, storage, repair, titling or retitling, reconditioning, and/or sale or resale of repossessed vehicles in Pennsylvania or the COLLECTION of any DEFICIENCY balance, including electronically stored information, at any time during the RELEVANT PERIOD.

**RESPONSE: COAF objects to this request on the grounds that it is overly broad and unduly burdensome, and that it seeks documents that are neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation. Based on the allegations in the Complaint, COAF's policies and procedures are entirely irrelevant to a determination of the claims and defenses in this action, which involve whether Plaintiffs received reasonable notice of COAF's intent to dispose collateral and whether COAF's notices complied with the UCC. COAF further objects to this Interrogatory on the grounds that it seeks proprietary or confidential information, trade secrets, or other sensitive information.**

4.    All DOCUMENTS which have been requested or referenced in any Interrogatory or Request for Admission served by the Plaintiffs at any time.

**RESPONSE:** COAF reasserts any objections it previously asserted to any Interrogatory or Request for Admission served by the Plaintiffs. Subject to and without waiving any of the foregoing objections, and the General Objections, see documents produced herewith.

5.    All DOCUMENTS CONCERNING any post-remedial measure or change in policy which YOU have implemented or directed to be implemented at any time since the filing of the Complaint in this action or the filing of *Nesmith v. Capital One Auto Finance*, 2:15- CV-03793 (E.D. Pa.) (hereafter "Nesmith Litigation") with respect either to:

    a.    Any NOTICE; and/or,
    b.    Any of YOUR collection policies or practices regarding any of the Plaintiffs and/or any putative class member.

**RESPONSE:** COAF objects to this request on the grounds that it is overly broad and unduly burdensome, and that it seeks documents that are neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation.

6.    YOUR auto loan file for each named Plaintiffs and each (putative) Class Member.

**RESPONSE:** COAF objects to this request in that the term "auto loan file" is vague and ambiguous. COAF further objects to this request as being overly broad, unduly burdensome, and premature, because it seeks the production of documents relating to approximately 1,329 accounts of absent class members prior to class certification and without any demonstration of need for the information to satisfy the requirements of Fed. R. Civ. Proc. 23. COAF further objects that the request seeks the production of confidential and non-public personal information about COAF's customers. COAF is withholding documents based on the foregoing objections. Subject to and without waiving these objections, with respect to the named Plaintiffs, COAF is producing herewith its loan file (which includes the application, the loan contract, and other documents pertaining to the sale and financing of Plaintiffs' vehicle); correspondence; and activity notes. Further responding, upon the execution of an agreed-upon confidentiality agreement, COAF will agree to produce a spreadsheet (with redactions for identifying information about absent class members) that provides information regarding putative Class Members in the Repossession Notice Class, including date of repossession; city and state of the borrower; outcome (e.g., whether the vehicle was sold or redeemed); date of any sale; original principal balance; original finance charge; and amount of any deficiency balance remaining after the sale of the vehicle. Furthermore, COAF is willing to produce a reasonable sample of the relevant files of putative class members, with identifying information redacted; such files would consist of the following: loan file (which generally includes the application, the loan contract, and other documents pertaining to the sale and financing of the vehicle); correspondence; and activity notes.

7. With respect to any and all insurance policy or policies or any other contractual arrangements which may obligate any insurance company or any other PERSON, firm, or corporation, to provide to YOU, any investigative services, a legal defense, or any insurance coverage, indemnification, reimbursement, or contribution for this OCCURRENCE, please provide the following DOCUMENTS:

   a. Any and all insurance policies, endorsements, and any addendums with all additions and deletions of any insurer who may be obligated to pay any portion of any judgment which may be rendered against any Defendant or to provide a legal defense for this claim; and,

   b. Unless already provided, any and all DOCUMENTS SENT by YOU or received by YOU regarding (1) any insurance coverage or any insurance claim (i.e., denial or reservation of rights letter) OR, (2) any claim (i.e., denial or reservation of rights letter) for indemnification, reimbursement, or contribution CONCERNING the above-captioned lawsuit.

**RESPONSE:** **COAF objects to this request insofar as it seeks information that is irrelevant to any claim or issue that is the subject matter of Plaintiff's Complaint. Without waiving said objection, to the extent that such information is relevant, COAF has been denied coverage by its insurance carrier for the acts complained of in Plaintiffs' Complaint.**

8. All DOCUMENTS CONCERNING any expert testimony YOU intend to use or introduce at a trial, deposition, or hearing in this matter, including any report prepared by any expert made for the purpose of prosecuting this pending claim or action, or made in the process of investigation of this case or claim for which such expert is anticipated to be a witness at the trial or hearing (including class certification hearing), including any report and expert curriculum vitae.

**RESPONSE:** **COAF has not yet determined who, if anyone, it intends to call as an expert witness at trial. Further responding, COAF has not yet determined which documents it intends to use, introduce, or mark at a deposition, trial, or hearing in this matter. COAF will supplement this response in accordance with the Federal Rules of Civil Procedure and any applicable Orders of the Court.**

9. All REPORTS or spreadsheets which YOU sent to Cary Flitter, Andrew Miltz, or Flitter Milz, P.C. in connection with the mediation of *Nesmith v. Capital One Auto Finance*, 2:15-CV-03793 (E.D. Pa.).

**RESPONSE:** **COAF objects to this request to the extent it seeks production of confidential settlement materials in a separate case. COAF further objects to this request insofar as it seeks information regarding a separate case that is irrelevant to any claim or issue that is the subject matter of Plaintiff's Complaint. Subject to and without waiving these objections, COAF responds that it did not produce any reports or spreadsheets in connection with a mediation in the separate *Nesmith* case.**