Case 2:16-cv-06130-HB   Document 1-4   Filed 11/21/16   Page 23 of 80

**B.     Misconduct as to Co-Borrower Class Members**

84.    As a matter of policy and practice, COAF also violated 12 Pa. C.S. §6254 by failing to send a separate Notice of Repossession to each Member of the Co-Borrower Class.

85.    As a consequence of COAF's violation of Section 6254 of the MVSFA, COAF is liable for statutory damages to Members of the Co-Borrowers Class, pursuant to 13 Pa.C.S.A. §9625(c)(2). *Id.*

### COUNT 3
### PENNSYLVANIA COMMERCIAL CODE
### (POST-SALE NOTICE CLASS)

86.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

87.    COAF violated the UCC by failing to provide a proper Post-Sale Notice as set forth above.

88.    COAF failed to send a Post-Sale Notice to Plaintiffs and Class Members.

89.    Alternatively, COAF's Post-Sale Notice did not contain the requisite information and/or did not state such in the proper order in violation of 13 Pa. C.S. §9616.

90.    COAF's Post-Sale Notice conduct as described above is part of a pattern or consistent with a practice of noncompliance.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that this Honorable Court:

    A.    Certify the requested classes;
    B.    Award the greater of actual damages or the minimum statutory damages to Plaintiffs and to the class as provided by 13 Pa. C.S.A. §9625(b) and (c) (2);
    C.    Award $500 to Plaintiffs and each Post-Sale Notice Class Member pursuant to 13 Pa.C.S.A. §9625(e)(5);
    D.    Declare that the Notice of Repossession and Post-Sale Notice used by Defendant in respect to Plaintiffs and the classes fail to comport with the provisions of the UCC, individually, and UCC and MVSFA in *pari materia;*



19

E.  Declare that the disputed deficiency balances of Plaintiffs and class members are invalid and not owed as a matter of law in accordance with *Savoy, supra.*;

F.  Enjoin the collection of any invalid and disputed deficiency balances of, and vacate all judgments against, Plaintiffs and class members as permitted by 13 Pa. C.S. §9625(a) and/or *Savoy, supra.*;

G.  Temporarily and/or permanently enjoin the use of statutorily deficient notices, and the use of inaccurate submission(s) of the invalid and disputed deficiencies on Plaintiffs' and Class Members' credit reports, and remove the credit tradeline on the credit reports of Plaintiffs and Class Members related to the subject loans and invalid deficiency balances as permitted by 13 Pa. C.S. §9625(a);

H.  Vacate all judgments against class members relating to the invalid deficiency balances as permitted by 13 Pa. C.S. §9625(a);

I.  Award pre-judgment interest to the extent permitted by law; and,

J.  Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan
*Attorney for Plaintiffs*