

6550 Lakeshore St. West Bloomfield, MI 48323
Phone: (800) 601-0808 • Fax (888) 869-1774
rshenkan@shenkanlaw.com

April 26, 2017

**Via Fax @ (610) 640-1965 / (215) 564-8120 and E-Mail**

Joseph T. Kelleher, Esq.
Christine M. Debevec, Esq.
Samantha Kats, Esq.
Stradley Ronon Stevens & Young, LLP.
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018

RE:   *Langer v. Capital One*

Dear Counsel:

Thank you (and Brent Timberlake) for spending time with me on Monday to mediate the case. I am available to speak with you any time (including May 2) to discuss a settlement of this claim on a class-wide basis. Once we can agree to some of the key terms that Art Stroyd set forth in his last e-mail, I will promptly provide you with a draft settlement agreement to review (for confidential settlement purposes only) to attempt to work through any remaining issues.

In the interim, I believe that it is in our joint interests to ensure that our respective claims are adequately prepared for class certification in an effort to comply with Judge Bartle's case management order.

In this connection, I am in the process of preparing a motion to compel discovery for the issues that I raised in my letter to Judge Bartle on March 10 (a copy of which is attached for your convenience) as well as the 1099-C issue as set forth in Interrogatory 9 and Document Request 2(d).

Interrogatory 9 states:

> With respect to IRS Form 1099C, please state whether YOU have issued or sent a Form 1099C to any CUSTOMER CONCERNING their DEFICIENCY. If "yes," please state the number of CUSTOMERS to whom YOU issued or sent a Form 1099C and the BASIS for issuing the 1099C. (See Box 6 on the back of IRS Form 1099C).



1

Capital One's Answer is as follows:

> COAF objects to this interrogatory, because it seeks information that is neither relevant to any party's claim or defense nor likely to lead to the discovery of admissible evidence in this litigation.

As I discussed with Christine on prior occasions, this request is <u>highly</u> relevant because Capital One has alleged an affirmative defense of set-off. Capital One, however, is certainly not entitled to a set-off for <u>forgiven</u> debts for which it took a write-off and issued a 1099C. Capital One has sworn to the IRS, by penalty of perjury, that the basis for the issuance of the 1099C is "a decision or policy to discontinue collection." See, for example, the 1099-C forms of Danielle Dudo and Lisa Elliot, both of whom this firm represents. The documents forming the basis for the 1099-C is "G- "a decision or policy to discontinue collection."

In Document Request 2(d), I am seeking the very documents regarding the "decision or policy to discontinue collection."

Document Request 2(d) states:

> All DOCUMENTS which CONCERN, describe, or relate to YOUR practices, policies, and/or procedures for: (d) the issuance or use of IRS 1099-C Forms during the RELEVANT PERIOD.

Capital One's answer is as follows:

> COAF objects to this request on the grounds that it is overly broad and unduly burdensome, and that it seeks documents that are neither relevant to any party's claims or defense nor likely to lead to the discovery of admissible evidence in this litigation. Based on the allegations in the Coplaint, COAF;s policies and procedures are entirely irrelevant to a determination of the claims and defenses in this action, which involve whether Plaintiffs received reasonable notice of COAF's intent to dispose collateral and whether COAF's notices complied with the UCC. COAF further objects to this Interrogatory [sic] on the grounds that it seeks proprietary or confidential information, trade secrets, or other sensitive information.

Capital One's assertion of a claim of set-off calls into question Capital One's "decision or policy to discontinue collection policies and practices" resulting in the issuance of the 1099-C's. Capital One can't have it both ways – to take a deduction on Capital One's tax returns for the forgiveness of class members' indebtedness and then pursue a claim against them for a set-off. If Capital One issued an IRS Form 1099-C in the past for the forgiveness of any class members' indebtedness, then Capital One is estopped from pursuing a deficiency balance for those class members.

Of course, I am willing to withdraw these discovery requests if Capital One would enter into a stipulation to withdraw and not to raise any affirmative claim or defense for a set-off/recoupment/or breach of contract against the Class Members to who it issued a 1099-C.

2

Please know that, if Capital One want to effectuate a settlement, of course, I will have no reason to press Capital One for tax related information regarding the Class Members to whom it already issued a 1099-C. I further will do my best to work with Capital One regarding an effective resolution of all tax related matters involving a settlement so it will benefit class members while assuring compliance with Capital One's tax obligations. I am willing to continue to explore all matters with you directly or with the help of the mediator, Art Stroyd.

Of course, if Capital One wants to comply with any of these discovery requests that are the subject of a forthcoming discovery motion, then please let me know by COB tomorrow.

I am also in the process of preparing an amended Notice of Deposition of James Burrow and Notice of Rule 30(b)(6) Deposition. I have selected May 11 and 12 as dates for these depositions which will afford us with an additional two weeks to try to work-out a settlement. I am, however, generally available earlier than May 11 (though not May 3, 8, 9, or 10) and am willing to switch these dates if such would better accommodate your and your client's schedules. Similarly, please advise by COB tomorrow as to these proposed dates.

Thank you for you courtesy and attention to this matter.

Sincerely,
SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
Attorney for Plaintiffs

*Enclosure*



6550 Lakeshore St. West Bloomfield, MI 48323
Phone: (800) 601-0808 • Fax (888) 869-1774
rshenkan@shenkanlaw.com

March 10, 2017

**Via Courier Service**

Honorable Judge Harvey Bartle, III.
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Langer v. Capital One Auto Finance, No 16-6130-HB*

Dear Judge Bartle:

I am writing in preparation for our conference call on Monday, March 13, 2017 concerning the above-captioned matter to provide the Court with some additional information which is relevant to a productive discussion.

One of the main sticking points in the discovery of this case is our inability to obtain the policies and practices the Defendant has employed regarding the challenged forms. Whether or not all class members are subject to the same procedure is an issue relevant to class certification.

Document Request No.2 from Plaintiff's First Set of Class Discovery sought:

> 2. All DOCUMENTS which CONCERN, describe, or relate to YOUR practices, policies, and/or procedures for: (a) SENDING FORMS, notices, or writings of any type whatsoever in connection with the repossession of a vehicle, the fees charges or costs incurred relating to the repossession and/or storage of repossessed vehicles, the resale of a vehicle post-repossession during the RELEVANT PERIOD; (b) the collection of any DEFICIENCY during the RELEVANT PERIOD; (c) the credit reporting of CUSTOMERS accounts and any DEFICIENCY or

1

other amount reported, and, (d) the issuance or use of IRS 1099-C Forms during the RELEVANT PERIOD.

This request includes but is not limited to any and all collection manuals, handbooks, or other directives which were drafted during or otherwise CONCERN the RELEVANT PERIOD.

Defendant interposed a lengthy objection as detailed in my letter to Your Honor dated March 3, 2017 (overly broad, unduly burdensome, irrelevant, improperly seeing proprietary information, trade secrets, etc.). Nevertheless, Defendant produced a 3-page heavily redacted document (Exhibit 1) which is grossly deficient.

1. <u>No Policy Regarding Forms Disclosed</u>: This document fails to address any policies and procedures associated with the form notices sent to Plaintiffs or putative class members (i.e., particularly forms: "NOI_PA_739" Form "NOI_PA_839" and "Deficiency_Balance_Gen 600" (Exhibits 2, 3, and 4) for the putative class period.

2. <u>Policy Unduly Limited in Time Period</u>: The first page of Defendant's "policy document" shows that the document is effective as of Sunday, 2/1/2015, even though Plaintiffs' class period goes back 6 years[1] from the filing of the complaint and we need policies and procedures during that entire period.

3. <u>Redactions Improper</u>: As there is a confidentiality order entered (Doc. 10), there should be no redactions to this document. Indeed, Defendant has clearly redacted the very substance of this document.

4. <u>Matrix Improperly Withheld</u>: Each of the three half-pages that make up this document refers to an "SLQ State Law matrix," which Defendant has failed to produce.

5. <u>Post-Sale Issue Not Disclosed</u>: Among the issues in question is whether the Post-Sale Notice is sent to all persons. No policies or procedures regarding the Post-Sale Notice has been provided.

---

[1] The statute of limitations for a Article 9 UCC claim is 6 years. *Cubler v. Trumark Credit Union*, 2013 Pa. Super 322, 83 A.3d 235 (2013).

2

With regard to Interrogatory 2, so as to not unduly delay the scheduling order, I ask that Defendant either provide me with an exact figure for the number of members in the Post-Sale Class Notice or simply stipulate to numerosity.

If these documents are provided on March 17, 2017 (the same day as the file production), and assuming that the depositions can be done immediately, I reasonably predict that it will only be necessary that the case management deadline to be set back 10 days (the time period that the Defendant needed to produce the requested files). I would like a few days to review the policy/practice related documents prior to a corporate deposition. I simply request the concomitant adjustment to the case management order as afforded to the Defendant to produce the requested documents.

I understand that these are the type of issues that the parties should be able to resolve themselves, and I sincerely regret having to raise discovery issues such as this with the Court. Please know that I have made a good faith effort to limit both the scope and the depth of Plaintiff's discovery so as not to unreasonably burden Defendant or this Court with discovery-related issues.

Again, if Your Honor would like me to reduce this issue to a motion, please let me know, and I will immediately accommodate. Thank you for your willingness to address this discovery issue. A proposed order is attached.

Sincerely,

SHENKAN INJURY LAWYERS, LLC.

Richard Shenkan
Attorney for Plaintiffs

Enclosure

cc: Christine Debevec / Samantha Kats (via fax at (215) 564-8120)

3



All Associates...



### Notice of Intent (NOI) Backend Table Expiration Changes -- 10 States

Effective Sunday (2/1/2015), the expiration date for the following NOI letters will change:

The Notice of Intent (NOI) letter is valid for 10 calendar days, with the exception of the following states:

- 15 calendar days: ▮▮▮▮▮
- 20 calendar days: ▮▮▮▮▮
- 21 calendar days: ▮▮▮

Please see your manager with any questions, and the SLQ State Law matrix for more information.

**CONFIDENTIAL**

EXHIBIT
1

COAF_000148

## Reinstatement State Chart

Page Last Updated: 12/2/2014
Annual Review Date: 12/2/2014

### Overview

The following chart outlines states that have specific requires around borrowers being able to reinstate their accounts. Follow standard reinstatement and decline procedures as outlined on the Reinstatement/Redemption procedures for states not listed below.

The Notice of Intent (NOI) letter is valid for 10 calendar days, with the exception of the following states:

- 15 calendar days: ▓▓▓▓▓
- 20 calendar days: ▓▓▓▓
- 21 calendar days: ▓▓

Refer to the SLO State Law matrix for more information.


Deleted: ▓▓▓▓▓ PA, ▓


Deleted: ▓▓▓▓▓

Capital One Confidential/Proprietary

CONFIDENTIAL

COAF_000149

Reinstatement State Chart
Page Last Updated: 2/2/2015
Annual Review Date: 12/2/2014

## Overview

The following chart outlines states that have specific requires around borrowers being able to reinstate their accounts. Follow standard reinstatement and decline procedures as outlined on the Reinstatement/Redemption procedures for states not listed below.

The Notice of Intent (NOI) letter is valid for 10 calendar days, with the exception of the following states:

- 15 calendar days: , PA
- 20 calendar days: ▇▇▇▇
- 21 calendar days: ▇▇▇

 Refer to the SLQ State Law matrix for more information.

Capital One Confidential

**CONFIDENTIAL**



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-946-0332

07/03/15

Account #: 6206211870195
Vehicle: 07 TOYOTA SCION
VIN: JTKDE177870196199

RANDY T LANGER
JAMES M LANGER
606 SUMMITT ST
MCKEESPORT, PA 15132-1355

Dear RANDY T LANGER
JAMES M LANGER

## Explanation of Calculation of Surplus or Deficiency

Capital One Auto Finance is the owner and holder of the above referenced account. Under the terms of the Retail Installment Contract and Security Agreement for the account, and pursuant to applicable law, Capital One Auto Finance sold the collateral (vehicle) pledged to secure the indebtedness for the sum of $4,700.00. After applying the net proceeds from the sale, along with any applicable refunds, as required by the terms and conditions of the loan contract, a Deficiency Balance remains, in the amount of $5,500.77, for which you remain liable under your Agreement.

The Deficiency/Surplus Balance was calculated as follows:

| | | |
|---|---|---|
| Aggregate Amount Owed | | $9,471.58 |
| Proceeds from sale of Collateral | (-) | $4,700.00 |
| Subtotal | = | $4,771.58 |
| Expenses for the retaking, holding, preparing for disposition, processing and disposing of the collateral, including attorney fees and interest | (+) | $729.19 |
| Credits for refunds of insurance premiums, service contracts, GAP | (-) | $0.00 |
| Rebates of unearned interest or credit service charge | (-) | $0.00 |
| The amount of the deficiency as of 07/03/15 | = | $5,500.77 |

Future expenses, charges, additional interest, credits and refunds may affect the amount of the deficiency/surplus. The above referenced deficiency balance is due in full. Your immediate attention is requested. Please remit payment of the full deficiency balance to:

Capital One Auto Finance
P.O Box 261930
Plano, TX 75026-1930

You may contact Capital One Auto Finance at the above address or by calling us at 1-800-946-0332, Monday through Friday, from 8:00 a.m. to 9:00 p.m. Eastern Time, if you wish to have additional information about the transaction. You are entitled without charge to one explanation of calculation of surplus or deficiency during any 6 month period in which you did not receive an explanation.

This communication is from a debt collector and is an attempt to collect a debt; any information obtained will be used for that purpose.

All of Capital One Auto Finance's claims, demands and accruals regarding the above described indebtedness, whenever made and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable laws, and are accordingly limited so that applicable laws are not violated.

Sincerely,
Capital One Auto Finance

Capital One Auto Finance is a division of Capital One, National Association, and services the following Capital O

Deficiency_Balance_Gen_600

EXHIBIT
2

Page 1 of 1



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

CERTIFIED MAIL

04/17/15

JAMES M LANGER
RANDY T LANGER
606 SUMMITT ST
MCKEESPORT PA 15132

**NOTICE OF REPOSSESSION AND NOTICE OF OUR PLAN TO SELL PROPERTY**

RE:
07 TOYOTA SCION
VIN# JTKDE177870196199

Dear JAMES M LANGER,

We have your 07, TOYOTA, SCION, VIN# JTKDE177870196199 because you broke promises in our agreement. We will sell the Vehicle at a private sale sometime after 04/27/15. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You may be able to get your property back at any time before we sell it by paying either the reinstatement or redemption amount. To learn the exact amount you must pay, call us at 1-800-735-8719 or see the attached Reinstatement and Redemption Notice.

If you want us to explain to you in writing how we figured the amount that you owe us, you may call us at 1-800-735-8719 or write us at ATTN: COAF Vehicle Remarketing, Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024, and request a written explanation.

If you need more information about the sale, call us at 1-800-735-8719, Monday through Friday, from 8:00 a.m. to 9:00 p.m. Eastern Time, or write us at ATTN: COAF Vehicle Remarketing, Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024.

We are sending this notice to any co-borrower or obligor who have an interest in the Vehicle or who owe money under your agreement.
RANDY T LANGER

NOI_PA_739

Page 2 of 4

**EXHIBIT 3**

Case ID: 161000560



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

You may make arrangements to pick up any personal property left in the Vehicle by contacting the following company
ARS - WPA
4926 Pleasant Unity Rd
LATROBE, PA 15650
(724) 423-8833

We will hold the personal property for 30 days from the date of this notice and you may reclaim the property during that time. If you do not reclaim your personal property during that time, we may dispose of it in the same manner as we dispose the Vehicle.

See the enclosed Reinstatement and Redemption Notice for an itemization of the amount required to redeem and further exclamation of your additional rights.

Sincerely,

Subbu Rajasimhan
Capital One Auto Finance

NOI_PA_735

Page 3 of 4

Case ID: 161000560



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

CERTIFIED MAIL

06/09/15

▮▮▮▮▮▮
PHILADELPHIA PA 19120-3019

## NOTICE OF REPOSSESSION AND NOTICE OF OUR PLAN TO SELL PROPERTY

RE: CUSTOMER ACCOUNT NUMBER: ▮▮▮▮▮▮

VIN#: ▮▮▮▮▮▮

Dear ▮▮▮▮▮▮

We have your ▮▮▮▮▮▮ VIN# ▮▮▮▮▮▮ because you broke promises in our agreement. We will sell the Vehicle at a private sale sometime after 06/19/15. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You may be able to get your property back at any time before we sell it by paying either the reinstatement or redemption amount. To learn the exact amount you must pay, call us at 1-800-735-8719 or see the attached Reinstatement and Redemption Notice.

If you want us to explain to you in writing how we figured the amount that you owe us, you may call us at 1-800-735-8719 or write us at ATTN: COAF Vehicle Remarketing, Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024, and request a written explanation.

If you need more information about the sale, call us at 1-800-735-8719, Monday through Friday, from 8:00 a.m. to 9:00 p.m. Eastern Time, or write us at ATTN: COAF Vehicle Remarketing, Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024.

We are sending this notice to any co-borrower or obligor who have an interest in the Vehicle or who owe money under your agreement.


NOI_PA_839


EXHIBIT 4



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

You may make arrangements to pick up any personal property left in the Vehicle by contacting the following company
 Peak Services - Cinnamison
 2101 WALLACE BLVD
 CINNAMINSON, NJ 08077
 (856) 786-7500

We will hold the personal property for 30 days from the date of this notice and you may reclaim the property during that time. If you do not reclaim your personal property during that time, we may dispose of it in the same manner as we dispose the Vehicle.

See the enclosed Reinstatement and Redemption Notice for an itemization of the amount required to redeem and further explanation of your additional rights.

Sincerely,

Subbu Rajasimhan
Capital One Auto Finance

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| v. | ) | No.: 2:16-CV-06130-HB |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW this _____ day of _____, 2017, after consideration of Plaintiff's request to compel Capital One to fully answer Interrogatory 2(b) and Document Request 2(a), the request is hereby GRANTED. Capital One also shall produce copies of all policy(s), practice(s), and procedure(s) pertaining to forms identified by Capital One as "Defiency_Balance_Gen_600" "NOI_PA_739" and NOI_PA_839" and "SLQ State Law Matrix" which were in effect at any time within the putative class period. These discovery responses shall be provided within _____ days of this Order. All deadlines in the present Case Management Order are extended by _____ days.

BY THE COURT:

_____
Judge Harvey Bartle, III.

```
03/10/2017 FRI 17:09        FAX                                                    ☐001

                              ****************************
                              *** FAX MULTI TX REPORT ***
                              ****************************


         JOB NO.              2859
         PGS.                 12

         TX/RX INCOMPLETE     -----
         TRANSACTION OK       16106401965
                              12155648120
         ERROR                -----
```



6550 Lakeshore St. West Bloomfield, MI 48323
Phone: (800) 601-0808 • Fax (888) 869-1774
rshenkan@shenkanlaw.com

March 10, 2017

**Via Courier Service**

Honorable Judge Harvey Bartle, III.
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Langer v. Capital One Auto Finance*, No 16-6130-HB

Dear Judge Bartle:

I am writing in preparation for our conference call on Monday, March 13, 2017 concerning the above-captioned matter to provide the Court with some additional information which is relevant to a productive discussion.

One of the main sticking points in the discovery of this case is our inability to obtain the policies and practices the Defendant has employed regarding the challenged forms. Whether or not all class members are subject to the same procedure is an issue relevant to class certification.

Document Request No.2 from Plaintiff's First Set of Class Discovery sought:

> 2. All DOCUMENTS which CONCERN, describe, or relate to YOUR practices, policies, and/or procedures for: (a) SENDING FORMS, notices, or writings of any type whatsoever in connection with the repossession of a vehicle, the fees charges or costs incurred relating to the repossession and/or storage of