# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER, JAMES LANGER, MICHAEL DUDO, DANIELLE DUDO, LISA ELLIOT, JAMES DWYER, SCOTT CLARK, individually, and as Administrator of the ESTATE OF LISA CLARK, ROBERT ARQUILLO, PEGGY REYNOLDS, DAVID REYNOLDS, EDWARD ROBINSON, GERALDINE ROBINSON, ANTHONY WAGNER, CONSTANCE WAGNER, and CHARLES JOHNSON, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>No. 2:16-CV-06130-HB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, | ) ) | |
| v. | ) ) | <u>Counsel of Record for Plaintiffs</u>: Richard Shenkan |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | ) ) ) | Shenkan Injury Lawyers, LLC. 6550 Lakeshore St. West Bloomfield, MI 48323 |
| Defendant | ) ) ) | T: (248) 562-1320 F: (888) 769-1774 |

1

## FIRST AMENDED CLASS ACTION COMPLAINT

Representative Plaintiffs Randy Langer, James Langer, Michael Dodo, Danielle Dodo, Lisa Elliott, James Dwyer, Scott Clark, individually and as Administrator of the Estate of Lisa Clark, Robert Arquillo, David Reynolds, Peggy Reynolds, Edward Robinson, Geraldine Robinson, Anthony Wagner, and Constance Wagner, on behalf of themselves individually and all others similarly situated, hereby file this First Amended Class Action Complaint against Capital One Auto Finance, a division of Capital One, N.A., and allege as follows:

## I.    INTRODUCTION

1.     Plaintiffs bring this consumer class action on behalf of similarly situated residents in several states, seeking monetary, injunctive, and declaratory relief, through the Uniform Commercial Code ("UCC") [individually and, in Pennsylvania, in *pari materia* with the Motor Vehicle Sales Finance Act ("MVSFA")], necessitated by Defendant's conduct in foreclosing on retail installment sales contracts secured by vehicles and repossessing and reselling the chattel. Specifically, in its servicing of the vehicle loans of class members, Defendant has failed to comply with the strict statutory requirements for the written consumer disclosure notices that must be sent to vehicle owners after the repossession of a Motor Vehicle and engaging in other related activities including mistakenly selling their repossessed vehicle at a public auction though representing to the class member that their vehicle would be sold at a private auction; failing to include an accurate description of the debtors' liability for disputed deficiency balances and all the fees and/or expenses associated with redemptions; improperly transferring customers' titles to and selling chattel; and improperly collecting payments towards debts that have been extinguished.

2

## II.   **PARTIES**

2.     Representative Plaintiff Randy Langer is an adult individual who resides at 2550 Belaire Dr., Cumming, Georgia 30041.

3.     Representative Plaintiff James Langer is an adult individual who resides at 606 Summit St., McKeesport, Pennsylvania 15132.

4.     Representative Plaintiffs Michael Dudo and Danielle Dudo are adult individuals who reside at 414 Mount Pleasant, New Castle, PA  16101.

5.     Representative Plaintiff Lisa Elliott is an adult individual who resides at 2220 Crone Meyer St., McKeesport, PA  15132.

6.      Representative Plaintiff James Dwyer is an adult individual who resides at 3208 Ladoga St., Pittsburgh, PA 15205.

7.     Representative Plaintiff Scott Clark is an adult individual who resides at 2192 Route 310, Reynoldsville, PA 15851. He is also the administrator of his late wife Lisa Clark's estate.

8.     Representative Plaintiff Robert Arquillo is an adult individual who resides at 500 Second St., Apartment D, California, PA 15419.

9.     Representative Plaintiffs David and Peggy Reynolds are adult individuals who reside at 68 Crestview Drive, Tarentum, PA 15084.

10.    Representative Plaintiffs Edward and Geraldine Robinson are adult individuals who reside at 108 Library Place, Duquesne, PA 15110.

11.    Representative Plaintiffs Anthony and Constance Wagner are adult individuals who reside at 115 Lidwell Street, Fallen Timber, PA 16639.

12.    Representative Plaintiff Charles Johnson is an adult individual who resides at 133 Lower Troy Hill Rd., Kittanning, PA  16201.

13.    Defendant Capital One Auto Finance is a division of Capital One, N.A. ("COAF") with its principal place of business at 1680 Capital One Dr., McLean VA 22102 in Fairfax County, Virginia.

14.    Defendant regularly and systemically conducts business throughout Pennsylvania.

15.    Capital One Auto Finance is a fictitious name registered in Pennsylvania by Capital One, N.A., the sole defendant in this matter.  At all relevant times, COAF was (or is) the assignee, holder, and/or servicer of loans secured by Plaintiffs' and putative class members' vehicles when each of the subject statutory notices were sent (or caused to be sent) and/or is (or was) otherwise responsible for and/or participated in commercially unreasonable acts set forth below.

### III.    DEFINITIONS

16.    **Adesa Mercer Auction or Adesa Mercer**: These terms refer to a site where both wholesale/dealers-only private auctions as well as public auctions (those open to the general public to attend and bid) occur. According to Adesa's website, the auction facility is located at 758 Franklin Road, Mercer, PA  16137.

17.    **Administrative Fee**: The term "Administrative Fee" refers to a fee/expense which COAF, a third party repossessor, and/or the auction selling the repossessed vehicle, charged to debtors as a precondition to Reinstatement or Redemption which provided the debtors with no benefit.

18.    **Applicable Post-Sale Notice Jurisdictions**: The term "Applicable Post-Sale Notice Jurisdictions" refers to: Pennsylvania, Ohio, Michigan, New Jersey, New York, Texas, Florida, Georgia, North Carolina, and Washington.

4

19.    **Debtor**: The term "Debtor" is "A: (1) person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor ...." *See*, 13 Pa. C.S.A. §9102; ORC §1309.102; MCL 440.9102; N.J. R.S.A. 12a:9-102; NY UCC §9-102; TX BUS. & COM. CODE §9.102; Fla. Stat. §679.1021; Ga. Code. Ann. 11-9-102; N.C. Gen. Stat. 25-9-102; Wash. Rev. Code 62a.9a-102.

20.    **Good Faith**:  The term "Good Faith" means honesty in fact and the observance of reasonable commercial standards of fair dealing. 13 Pa.C.S.A. §1201; ORC §1301.201; MCL 440.1201; N.J. R.S.A. 12a:1-201; NY UCC §1-201; TX BUS. & COM. CODE §1.201; Fla. Stat. §671.201; Ga. Code. Ann. 11-1-201; N.C. Gen. Stat. 25-1-201; Wash. Rev. Code 62a.1-201. See, *"Obligation of Good Faith"* below.

21.    **Mandatory Redemption Return Location**: A County where the debtor/obligor lived or where the vehicle was purchased or repossessed.  This is the location at which redeemed vehicles are required to be returned to the redeeming party pursuant to 12 Pa.C.S. §6259(c)(2).

22.    **Minimum Redemption Period**:  The term "Minimum Redemption Period" refers to the number of days after the date of mailing of the Notice of Repossession, before which the secured party will not sell the vehicle. 12 Pa. C.S. §6254(c)(3).

23.    **Motor Vehicle**:  Except as otherwise stated, the term "Motor Vehicle" means a device in which, upon which or by which a person or property is or may be transported or drawn upon a public highway, including an automobile, a truck, a sports utility vehicle, a van, a minivan, a camper, a recreational vehicle, a motorcycle, or a truck. For purposes of this Amended Complaint, the term is not intended to include a semitrailer or manufactured home.

24.    **Notice of Repossession**: The term "Notice of Repossession" is a post-repossession consumer disclosure notice which has the same meaning as the term "notification of disposition," in 13 Pa.C.S.A. §§9611, 9613, and 9614. COAF used at least one

5

standardized, uniform form throughout the Class Period. The only information modified in the Notices of Repossession which is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and dates and, for the Redemption Period Class, the date after which the chattel will be sold by COAF.

25.      **Obligation of Good Faith**: The term "Obligation of Good Faith" means "Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement." 13 Pa. C.S.A. §9102; ORC §1309.102; MCL 440.9102; N.J. R.S.A. 12a:9-102; NY UCC §9-102; TX BUS. & COM. CODE §9.102; Fla. Stat. §679.1021; Ga. Code. Ann. 11-9-102; N.C. Gen. Stat. 25-9-102; Wash. Rev. Code 62a.9a-102.

26.      **Obligor**:  The term "Obligor" refers to "A person that, with respect to an obligation secured by a security interest in or an agricultural lien on the collateral: (1) owes payment or other performance of the obligation; (2) has provided property other than the collateral to secure payment or other performance of the obligation; or (3) is otherwise accountable in whole or in part for payment or other performance of the obligation. The term does not include any issuer or nominated person under a letter of credit. This term is identically or substantially the same for each of the states encompassing Plaintiffs' Post-Sale Notice UCC claims. See, 13 Pa. C.S.A. §9102; ORC §1309.102; MCL 440.9102; N.J. R.S.A. 12A:9-616; NY UCC §9-102; TX BUS. & COM. CODE §9.102; Fla. Stat. §679.1021; Ga. Code. Ann. 11-9-102; N.C. Gen. Stat. 25-9-102; Wash. Rev. Code 62A

27.      **Post-Sale Notice**: The term "Post-Sale Notice" is a post-repossession consumer disclosure notice which has the same meaning as the term "Explanation of Calculation of Surplus or Deficiency" in Section 9616 of the UCC. 13 Pa.C.S.A. §9616;

ORC §1309.616; MCL 440.9616; N.J. R.S.a. 12a:9-616; NY UCC §9-616; TX BUS. & COM. CODE §9.616; Fla. Stat. §679.616; Ga. Code. Ann. 11-9-616; N.C. Gen. Stat. 25-9-616; Wash. Rev. Code 62a.9a-616. For Members of the PA Post-Sale Notice Subclass, the term also refers to the "deficiency notice" as required by 12 Pa.C.S. §6261(d)(Emphasis added). The only information modified in Post-Sale Notices which is unique to each customer consists of amounts, personally identifiable information, unique data pertaining to the repossessed vehicle, the customer's loan information, and dates.

28.     **Personal Property Fee**: The term "Personal Property Fee" refers to a fee a vehicle owner had to pay to retrieve his/her personal possessions that were contained in the repossessed vehicle when repossessed.

29.     **Redeem/Redemption**: Unless stated otherwise, the term "Redemption" means a "buy back" of the repossessed vehicle by terminating the contract upon payment of the unpaid portion of the amount financed and the finance charge, plus late charges, costs of retaking, repairing and storing the vehicle, and any other amounts lawfully due under the contract. 12 Pa.C.S.A. §6259.

30.     **Redemption Amount**: The term "Redemption Amount" is the amount a debtor, obligor, or co-obligor would need to pay to buy back his/her repossessed vehicle, which is calculated as, according to 13 Pa. C.S.A. §9623(b), the "(1) fulfillment of all obligations secured by the collateral; and, (2) the reasonable expenses...described in 13 Pa. C.S.A. §9615(a)(1)." 13 Pa. C.S. §9615(a)(1) speaks of "reasonable *expenses* of retaking, holding, preparing for disposition, processing and disposing ... *incurred* by the secured party." (emphasis added).

7

31.     **Redemption Fee and/or Reinstatement Fee**: The term "Redemption Fee" or "Reinstatement Fee" are fees each Class Member was required to pay as a precondition to redeeming his/her repossessed vehicle or to reinstating his/her vehicle loan.

32.     **Reinstatement**: A "Reinstatement" occurs when a borrower pays the past due instalments plus late charges, costs of suit, and actual incurred costs of retaking, repairing and storing the vehicle [12 Pa.C.S.A. §6258(a)], in order to bring the contract current, to reacquire possession of the repossessed vehicle, and to resume making installment payments.

33.     **Schumer Box**: The term "Schumer box" is a table with a standardized format that discloses the rates, fees, terms and conditions of a credit card or other lending agreement as required under the federal Truth in Lending Act (TILA). An exemplar of a Schumer Box is shown in Paragraph 119 below.

34.     **Storage Fee/Expense**: The term "Storage Fee" or "Storage Expense" is a fee/expense purportedly for the storage of the repossessed vehicle.

## IV.    FACTS

35.     Within the six-year period preceding the filing of this complaint or the original complaint (as may be applicable for those class members whose claims were tolled), COAF, as secured creditor, or its agents, repossessed each of the Representative Plaintiffs' and class members' vehicles.

### A.    Notice of Repossession

36.     Thereafter, COAF sent each Plaintiff a computer-generated form Notice of Repossession to alert them, *inter alia*, that their respective vehicle had been repossessed, the alleged amount owed, the intended method of disposition of the repossessed vehicle (a public or a private auction); and the date after which COAF would sell the repossessed vehicle.

1.   **COAF'S Failure to State Minimum Redemption Period**

37.   A copy of the Notice of Repossession which COAF sent to the Langers and the Redemption Period Class Members is attached as **Exhibit 1**. This disclosure, dated 4/17/15, stated that COAF would sell the vehicle at a private sale sometime after 10 days from the date of the date on the Notice of Repossession. See, 1st Par., p. 2 of 4 "*We will sell the Vehicle at a **private sale** sometime after 4/27/15*." (Emphasis added)

38.   The only substantive difference between the Notice of Repossession sent to the Langers and the one sent to one or more of the other Representative Plaintiffs and class members who are not in the Redemption Period Class is that the stated date after which the repossessed vehicle would be sold was appropriately increased from 10 days to 15 days from the date on the Notice of Repossession to become compliant.

2.   **Failure to State Intended Method of Disposition**

39.   All Notices of Repossession sent to all Representative Plaintiffs and Class Members in the Public Auction Class stated that the repossessed vehicle would be sold at a "private sale."

40.   COAF mistakenly represented this material fact.

41.   The repossessed vehicles of all Representative Plaintiffs and Class Members in the Public Auction Class were sold at the Adesa Mercer Auction, at an advertised auction at which members from the public (including the debtors/co-obligors whose vehicle was repossessed) could attend, a "public auction."

42.   At Adesa Mercer, many auctions occur, often simultaneously, at various "action lanes" or areas at the site. While most of the auctions at Adesa Mercer are private, wholesale,

dealers-only auctions, Adesa Mercer's Bank Repo Sale is one exception. At this sale, COAF's repossessed vehicles and, usually, those of other creditors were auctioned.

43.     At all relevant times, the Repo Sale, at which COAF sold some of its repossessed inventory, was advertised or a public notice was provided which invited members of the public to attend the auctions to participate in the bidding process.

44.     While the law only requires "any form of advertisement or public notice" to satisfy the 9610 requirements, Adesa promoted its public sale in at least several ways including internet advertisements, "fax blasts" in which a fax from the Adesa is sent to members of the public who requested lists of inventories to be sold at the upcoming public repo sale; , and in one or more local newspapers.

45.     In this connection, the Adesa auction ran advertisements weekly in the local newspaper. In each advertisement, Adesa promoted the www.adesamercer.com website which, in turn, promoted the Bank Repo Sale as a public auction -- at which COAF sold many repossessed vehicles. Indeed, *all* advertisements in one local newspaper, the Allied News, stated **"Public Welcome."** – doubling as both a public notice and advertisement.

46.     The exact beginning date of when COAF commenced selling vehicles at Adesa's Repo Sale is unknown though is believed to be at the outset of the class period of 10/5/2010. COAF stopped selling its repossessed vehicles at Adesa Mercer's Repo Sale in March of 2018.

47.     If these Plaintiffs had been properly notified that the auction for their repossessed vehicle was at a public auction, the Plaintiffs or their respective proxies would have had the opportunity to have attended and bid on their repossessed vehicle themselves.

3.     **Hidden Fees Under the Ruse of Expenses**

48.     The Notice of Repossession further did not disclose that if the Plaintiffs redeemed their vehicle or reinstated their loan, they would be charged a Redemption Fee, Administrative Fee, Personal Property Fee, and/or a Storage Fee either by or with the consent of COAF.

*A Personal Property Fee*

49.     All Notices of Repossession also failed to disclose that if the Plaintiffs and class members retrieved their personal property from the repossessed vehicle, that they would be charged a Personal Property Fee, either by COAF, the repossessor, or auction where the vehicle was located.

50.     At all relevant times, COAF consented to and ratified the assessment of a Personal Property Fee.

51.     One or more of the Representative Plaintiff(s) had to pay a Personal Property Fee to the repossessor as a precondition to regain possession to their personal property. The Langers and Charlie Johnson, for example, tendered a $50.00 and $20.00 to the repossessor of their repossessed vehicle to regain possession for the tools and other personal items in their repossessed vehicle.

52.     No putative class members' retail installment contracts nor any Pennsylvania statute permitted the imposition of a Personal Property Fee.

53.     Capital One did not pay any person Personal Property Fee in connection with any Representative Plaintiff or class members vehicle prior to the filing of this compliant.

11

*Other Fees Relating to Redemption or Reinstatement of Loan*

54.     COAF had a secret contract with all auctions and repossessor agents (or with the repossessor itself) relating to the repossessed vehicles in Pennsylvania whereby COAF permitted these venders to charge a "fee" to the customer in the form of a "administrative fee," a "storage fee," a "redemption fee," a "reinstatement fee," and/or a "property fee" as a precondition before the vehicle could be redeemed or the loan was reinstated.

55.     In this contract (which will be obtained in discovery), COAF is not charged for any of these fees so they are not bonafide expenses and, therefore, cannot be passed on to the Representative Plaintiffs or class members to pay.

56.     Furthermore, COAF has a provision in these vender contracts which provides that it is not charged for any storage expenses for at least the first seven (7) or more days the repossessed vehicle is stored at the repossessor's or auction's premises.

57.     Notwithstanding the foregoing, as a matter of policy and practice, COAF permits its borrowers to be assessed a storage fee, often a fee as high as $25-$35 per day, by these venders.

58.     Like these other charges, the Storage Fee is similarly not an expense because COAF does not pay for the storage of repossessed vehicles by its repossessor agents or auctions.

B.     **Post-Sale Notices**

59.     Notwithstanding the fact that COAF does not pay any of the "fees" as described above, it ordinarily assessed its borrowers for unreasonable fees and/or expenses in the Post-Sale Notice thereby artificially inflating the amount needed to redeem the vehicle or reinstate the loan.

60.     Also, in cases of a loan with co-obligors, as a matter of course, COAF failed to send a separate, separately addressed Post-Sale Notice to each co-obligor despite the fact that COAF

12

held each of them liable for any (disputed) deficiency balance arising from the sale of their respective repossessed vehicle. A copy of the single Post-Sale Notice addressed to both debtors, though only sent certified mail to Randy Langer is attached as **Exhibit 2**.  Pursuant to policy and practice, at all relevant times, COAF failed to send a Post-Sale Notice to co-obligors (i.e., James Langer).

61.    COAF failed to send Post-Sale Notices to obligors in Pennsylvania via personal delivery or certified or registered mail, as it was required to do so from December 1, 2014 to the present.

C.    <u>Retitling of the Repossessed Vehicles in Pennsylvania</u>

62.    After repossessing Plaintiffs' vehicles, COAF retitled the vehicles by submitting to PennDOT an executed MV-217A form.

63.    In executing and submitting the forms MV-217A, directly or through an agent, COAF executed a notarized certification that it had "<u>complied with all applicable laws and regulations of Pennsylvania</u>" relating to the repossession of the non-redeemed vehicles of class members. An executed copy of this form is attached as **Exhibit 3**.

64.    As stated herein, however, COAF did not comply with all applicable laws and regulations. The certifications COAF made, therefore, is not accurate. If PennDOT had known about these statutory deficiencies, it would not have permitted the transfer of the title to the class member's chattel.

V.    <u>GOVERNING LAW</u>

**Every Aspect of a Disposition of Collateral Must Be Commercially Reasonable,
<u>and the Actions of the Creditor must be taken in Good Faith</u>**

65.    There are two overarching principles that must guide a secured creditor's conduct in foreclosing on a vehicle loan and repossessing and selling a financed vehicle. First,

13

all aspects of its conduct must be "commercially reasonable," as required by Section 9610(b).

Second, regardless of whether there is ultimately a reinstatement of the loan or a redemption

or sale of the repossessed vehicle, a secured creditor must fulfil its obligation of good faith:

to conduct itself honestly and that it observes reasonable commercial standards of fair dealing.

*See*, 13 Pa. C.S §9102; and §1304.

66.    13 Pa. C.S.A. §9610(b)[1] requires that *all aspects* of the sale of a repossessed vehicle

must be commercially reasonable. It further expressly prohibits the sale of the collateral if the sale

is not commercially reasonable. The statute states, in relevant part, as follows:

> (b)    Commercially reasonable disposition – *Every* aspect of a
> disposition of collateral, including the method, manner, time, place
> and other terms, ***must be*** commercially reasonable. **[*Only*]** ***If***
> commercially reasonable, a secured party may dispose of collateral
> by **public** or **private** proceedings. ...
> (Emphasis added).

67.    As described herein, many aspects of COAF's conduct were not commercially

reasonable, in violation of one or more statutes, regulations, and/or COAF's self-imposed

duties or obligations. As such, COAF's sale of Class Members' repossessed vehicles are void

*ab initio.*

68.    COAF violated each of the individual provisions of the Pennsylvania UCC as

set forth below, independently and in *pari materia* with the MVSFA, including but not limited

to its obligation of good faith and to proceed in a commercially reasonable manner pursuant

to 13 Pa. C.S. §9610, both of which are implied statutory duties to each of the statutes and

regulations which COAF violated as, set forth below.

---

[1] 13 Pa.C.S.A. §9610(b); ORC §1309.610(b); MCL 440.9610(b); N.J. R.S.A. 12A:9-610(b); NY UCC §9-610(b); TX BUS. & COM. CODE §9.610(b); Fla. Stat. §679.610(b); Ga. Code. Ann. 11-9-610(b); N.C. Gen. Stat. 25-9-610(b); Wash. Rev. Code 62A.9A-610(b).

## In Pennsylvania, the UCC and MVSFA must be read *in pari materia*

69.     Repossessors of vehicles, such as COAF are required to comply with both the MVSFA, 12 Pa.C.S.A. §6201, *et seq.* and the UCC, which must be applied in *pari materia. Industrial Valley Bank & Trust Co. v. Nash*, 349 Pa. Super. 27, 502 A.2d 1254 (1985); *Coy v. Ford Motor Credit Co.*, 422 Pa. Super. 76, 79, 618 A.2d 1024, 1025 (1993); *Whiteman v. Degnan Chevrolet, Inc.*, 217 Pa. Super 424, 272 A.2d 244 (1970); *McCall v. Drive Financial Services, L.P., et al.*, January Term, 5 (2009) (**Exhibit 4**), and 13 Pa. C.S.A. §9620, Comment 9.

70.     "Statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or to the same class of persons or things." 1 Pa. C.S. §1932(a). "Statutes in *pari materia* shall be construed together, if possible, as one statute." 1 Pa. C.S. §1932(b).

71.     The MVSFA sets forth notice requirements for secured parties who repossess other than by legal process. Likewise, the UCC sets forth the notice requirements for secured parties who repossess other than by legal process.

72.     Therefore, these statutes clearly relate to the same persons or things and/or to the same class of persons or things, debtors whose vehicles were repossessed outside the judicial process.

73.     Further, Comment 9 to 13 Pa.C.S. §9620 states:

> Applicability of Other Law. This section does not purport to regulate all aspects of the transaction by which a secured party may become the owner of collateral previously owned by the debtor. For example, a secured party's acceptance of a motor vehicle in satisfaction of secured obligations may require compliance with the applicable motor vehicle certificate-of-title law. State legislatures should conform those laws so that they mesh well with this section and Section 9-610, and courts should construe those laws and this section harmoniously. A secured party's acceptance of collateral in the possession of the debtor also may implicate statutes dealing with a seller's retention of possession of goods sold.

15

74.     Comment 9 specifically directs courts to construe UCC provisions "harmoniously," i.e. in *pari materia*, with other laws that regulate secured transactions. The MVSFA is such a law.

## VI.     STATUTORY VIOLATIONS

### Commercial Unreasonableness of COAF's
### Post-Repossession Consumer Disclosure Notices

#### A.     Notice of Repossession

75.     In the course of the repossession and disposition process, COAF had a statutory obligation to provide a "reasonable authenticated 'notification of disposition'" (hereinafter "Notice of Repossession") of the collateral, containing important mandatory information about the repossession and intended disposition of the vehicle. 13 Pa.C.S.A. §9611, 12 Pa.C.S.A. §6254.[2]

#### 1.     Misstated Minimum Redemption Period

76.     In the Notice of Repossession sent to the Langers and at least one or more other Plaintiff (which discovery will reveal), COAF stated that the repossessed vehicle would be sold after *only 10 days* after the date of the Notice of Repossession.

77.     This violates the UCC, independently, and in *pari materia* with the MVSFA, by failing to provide notice to the buyer of the holder's intent to resell the Motor Vehicle at the expiration of *15 days* from the date of mailing the notice, as expressly required by 12 Pa.C.S.A. §6254(c)(3) and/or its predecessor, 69 P.S. §623(D), as applicable. This provision is critically

---

[2] Plaintiffs are not asserting an MVSFA claim independently, but only in *pari materia* with the UCC. *See, Indus. Valley Bank & Trust Co. v. Nash, supra., Coy v. Ford Motor Credit Co., supra., Whiteman v. Degnan Chevrolet, Inc.*, supra.; and *McCall v. Drive Financial Services, L.P., supra.* and 13 Pa. C.S. §9610. Plaintiffs contend that a violation of the UCC and MVSFA in *pari materia* renders the disposition commercially unreasonable pursuant to 13 Pa. C.S. §9610. The MVSFA was originally found in Chapter 7 of Title 69 of Purdon's Statutes. In 2014, it was repealed and recodified in Chapter 62 of Title 12 of Pennsylvania Consolidated Statutes. The recodified provisions at issue are identical or substantially the same as the original provisions, excluding only the UCC/MVSFA *pari materia* claim pertaining to the post-sale notice.

important to the borrower to inform him of the Minimum Redemption Period during which the secured creditor cannot sell the repossessed vehicle.

        **2.**      **Failure to Adequately Inform of Intended Method of Disposition**

      78.     Thirteen Pa.C.S.A. §9613(1)(iii) (applicable to consumer transactions via §9614(1)(i)) requires a Notice of repossession to "state[ ] the method of intended disposition".

      79.     The Notices of Repossession sent to the Plaintiffs by COAF violated 13 Pa.C.S.A. §9613(1)(iii) and §9614(1)(i) by stating that the disposition (sale) would be by private sale when the Plaintiffs' and Class Members' repossessed vehicles were actually sold at a public sale (i.e., Adesa's Bank Repo Sale, an advertised auction which was open to the public to attend and bid).

      80.     Official Comment 7 to 13 Pa.C.S. §9610 defines "public disposition," i.e. a "public sale":

> Although the term is not defined, as used in this Article, a "public disposition" is one at which the price is determined after the public has had a meaningful opportunity for competitive bidding. "Meaningful opportunity" is meant to imply that ___*some form*___ of ___*advertisement*___ or ___*public notice*___ must precede the sale (or other disposition) and that the public must have access to the sale (disposition).

      81.     Adesa Mercer advertised the Bank Repo Sales on its website, www.adesamercer.com, and stated:

> <u>We are a dealer only auction</u> – *with the exception of COAF Repo sales that are open to the public.* Bank Repo sales are weekly and units run in Lane [varies by advertisement] at 9:00 am. (Emphasis added).

      82.     As a matter of policy and practice, at all relevant times, Adesa Mercer and/or its authorized agent(s) advertised the www.adesamercer.com website and the date, time,

and location of the Bank Repo Sales and made the public notice that the public was welcome to attend and bid by stating "**PUBLIC WELCOME**" in at least one local newspapers, the Allied News. (**Exhibit 5**).

83.     The Adesa Mercer Auction's website promoted the public Bank Repo Sales for *at least* several years. Archives of the www.adesamercer.com website and its respective archival date are set forth below: August 18, 2015[3] (**Exhibit 6**); January 10, 2017 (**Exhibit 7**); March 14, 2016 (**Exhibit 8**); (May 22, 2016) (**Exhibit 9**); October 4, 2016 (**Exhibit 10**); May 20, 2017 (**Exhibit 11**); September 14, 2017;(**Exhibit 12**); March 30, 2018 (**Exhibit 13**).

84.     Furthermore, as a matter of policy and practice, at all relevant times, Adesa, Inc. (which owns and operates the Adesa Mercer Auction) also advertised its Adesa Mercer Auction as a "public auction." **Exhibit 14**. The Adesa Mercer Auction sold COAF's repossessed vehicles of class members of the Public Auction Class at the Bank Repo sale and/or at an auction which was, indeed, a "public auction."

85.     At the time that COAF sent the Notices of Repossession, it knew or should have known that the repossessed vehicle would be going to the Adesa Mercer auction and that it was a public auction.

86.     The Pennsylvania Superior Court describes the critical importance for a creditor to inform the debtor of his/her right to place a bid at a public auction.

> **By notifying the debtor of the time and place of public sale, the debtor is given the opportunity to take whatever steps are necessary to protect his interest by taking part in the sale if he so desires. ... the notice requirement is easy to understand and apply; it is inspired by the forlorn hope that the debtor, if he is notified, will either acquire enough money to redeem the collateral or send his friends to bid for it.** *Indus. Valley Bank and*

---

[3] The "Internet Archive" only has archives of Adesa's website from August 15, 2015 through March 30, 2018.  Any earlier versions of the website will have to be obtained via discovery. Plaintiffs allege that these advertisements pre-dated August 18, 2015. This fact is supported by the reference on p. 5 of the 8/18/15 webpage which states when it was "Last update 8/17/15."

> *Trust Co. v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. Ct. 1985)(*quoting* J.J. White and R.S. Summers, *Uniform Commercial Code*, 26-9 (2d ed. 1980))(Emphasis added).

87.     Because COAF's Notice of Repossession misinformed Plaintiffs and class members of the Public Auction Class that the auction was a "private sale," though it was, in fact, a public auction where the debtor(s)/co-obligors or their proxies could attend and place a bid to repurchase the repossessed vehicle, COAF proceeded in a commercially unreasonable manner. Specifically, in the alternative or in addition to §9610, Comment 7, it is *per se* commercially unreasonable for COAF to have failed to adequately inform the debtors/co-obligors that s/he had the right to attend the auction himself or herself or send a friend or proxy to bid for the repossessed vehicle. The form, manner, or adequacy of publication of the auction does not serve to mitigate COAF's commercially unreasonable act of misinforming its borrower(s) of their absolute right to attend and bid at the sale of their vehicle pursuant to *Indus. Valley Bank and Trust Co., supra*.

88.     COAF should have informed these class members that their repossessed vehicles were scheduled to be sold at an auction was open to the public and the time and place of the auction to comply with its statutory obligation pursuant to 13 Pa. C.S. §9614(1)(i), incorporating §9613(1)(iii) and/or Section 9610.

### 3.     **Hidden Fees Not Disclosed by COAF**

89.     As a matter of policy and practice, COAF sent Notices of Repossession to Plaintiffs and class members that failed to give notice (or adequate notice) of the Personal Property Fee, Administrative Fee, Redemption Fee, and/or Storage Fee charged when the vehicle was redeemed and/or the loan was reinstated, and/or failed to include these fees in the "Total Amount Due to Redeem Vehicle" and/or "Total Amount to Reinstate Contract" in the Notice of Repossession.

19

90.     This practice violates 13 Pa.C.S.A. §9614(1)(ii) because it provides an inaccurate description of liability for a deficiency as well as 13 Pa.C.S.A. §9615(a)(l), 13 Pa.C.S.A. §9623(b)(2), and the MVSFA 12 Pa. C.S. §6256(2), (3), and (4) in *pari materia* with the UCC.

91.     Further, these bogus fees presented as "expenses" were not only undisclosed, they were also not permitted under the UCC or MVSFA because they did not constitute "the reasonable expenses of retaking, holding, preparing for disposition, processing and disposing" of the collateral, as required by 13 Pa.C.S.A. §9615(a)(l), 13 Pa.C.S.A. §9623(b)(2), and the MVSFA 12 Pa. C.S. §6256(2), (3), and (4) in *pari materia* with the UCC as COAF never incurred these expenses.

92.     13 Pa.C.S.A. § 9623(b)(2) allows a debtor to redeem his vehicle by tendering, *inter alia*, the reasonable expenses and attorney fees described in 13 Pa.C.S.A. §§9615(a)(l). The MVSFA 12 Pa. C.S. §6256(2), (3), and (4) also has this proscription and extends it to instances of reinstated loans as well.

93.     These fees/expenses also are not "actual", "necessary", or "reasonable", as required by the MVSFA. 12 Pa.C.S.A. §6256(2) because, as a matter of practice, they were routinely never incurred (paid) by COAF.

94.     The collection of such amounts from class members as a precondition to redeem their repossessed vehicle or to reinstate their loan; or as a precondition to regain access to his/her/their personal possessions violated Sections 9615(a)(l) and 9623(b)(2) and the MVSFA 12 Pa. C.S. §6256(2), (3), and (4), in *pari materia* with the UCC.

95.     These fees were charged by COAF, or in the alternative, were charged by a third party agent(s) with the consent of and/or at the direction of COAF, who arranged and/or ratified this assessment to its borrowers.

20

96.     This deceptive and unfair practice had the effect of imposing a non-consensual lien on the personal property owned by Class Members which neither COAF nor any third party had a right to assert.

97.     These "bogus expenses" presented as hidden fees were only paid by individuals that either redeemed their vehicles or reinstated their loans. These hidden fees functioned as a penalty to those class members who redeemed their vehicle or reinstated their loan or regained their personal property. These hidden fees resulted in a chilling effect on redemption, reinstatement.

98.     The Notices of Repossession at issue also failed to disclose additional expenses. The notices failed to state that redeemed vehicles would not be returned as required by 12 Pa.C.S. §6259(c)(2) - to the Mandatory Redemption Return Location.

99.     As a matter of policy and practice, all class members of the Redemption Period Class or the Hidden Fees Class who redeemed their vehicles often incurred additional and unnecessary expenses associated with their travel to the place where the vehicle was stored (usually in a county other than those prescribed by law) to pick-up their vehicle upon redemption or reinstatement. Identifying which class member incurred these additional expenses can easily be determined through COAF's records (for those class members who elect to pursue actual rather than minimum statutory damages).

100.    COAF violated the UCC, independently, and the MVSFA and the UCC in *pari materia*, by charging or facilitating the payment for fees and/or expenses as set forth above which were not actually incurred by COAF.

21

### B.   Post-Sale Notice

101.    Under the UCC and/or pursuant to industry standards, at all relevant times, COAF was required to send an Explanation of Calculation of Surplus or Deficiency (hereinafter referred to as a "Post-Sale Notice") to Plaintiffs and Class Members.

102.    In the event that the secured loan has two or more obligors and there is a deficiency balance purportedly owing, then a separate, separately addressed Post-Sale notice "must," in accordance with Section 9616[4], be sent to each debtor and co-obligor. Notwithstanding its use of the singular "debtor" and singular "consumer obligor," Section 9616 requires the Post-Sale Notice to be sent to *all* debtors and consumer obligors who are liable for a deficiency.

103.    This conclusion comports with the application of 1 Pa. C.S.A. Section §1902, which provides that "[t]he singular shall include the plural, and the plural, the singular." All other Post-Sale Notice Jurisdictions have substantively similar rules of construction requiring the singular to include the plural – ORC 1301.106; MCL 440.1106; NJ R.S.A. 12A:1-106; NY UCC 1-106; TX BUS. & COM. 1.106; Fla. Stat. 671.102; Ga. Code. Ann. 11-1-106; N.C. Gen. Stat. 25-1-106; Wash. Rev. Code 62A.1-106.

104.    As with §9616 above, §1902 requires the singular to include the plural.  Thus, "buyer" also means "buyers," and, in Pennsylvania, the MVSFA requires deficiency notices (i.e. Post-Sale Notices) to be sent to both co-obligors.

105.    Further, for Pennsylvania class members who were sent a Post-Sale Notice anytime

---

[4] 13 Pa.C.S.A. §9616; ORC §1309.616; MCL 440.9616; N.J. R.S.A. 12A:9-616; NY UCC §9-616; TX BUS. & COM. CODE §9.616; Fla. Stat. §679.616; Ga. Code. Ann. 11-9-616; N.C. Gen. Stat. 25-9-616; Wash. Rev. Code 62A.9A-616.

after December 1, 2014[5], the MVSFA requires that within 30 days after the sale of a repossessed vehicle, the "installment seller or holder **shall** deliver in person or send by registered or certified mail to the last known address of the buyer a deficiency notice…" 12 Pa.C.S. §6261(d)(Emphasis added).

106.    COAF did not comply with Section 6261(d) by sending Post-Sale Notices in person or by registered or certified mail.

107.    COAF also sent Post-Sale Notices which included aggregate expenses which are believed to include unincurred expenses and/or unreasonable fees as part of the deficiency balance. were unreasonable.

108.    COAF acted in a commercially unreasonable manner, in violation of Section 9610(b)[6], by failing to send Post-Sale Notices to all borrowers *and* co-obligors; by failing to send the Post-Sale Notices in person or by registered or certified mail; and by including non-incurred expenses. These actions/omissions were part of a pattern and consistent with a practice of non-compliance, in violation of the loan servicing requirements of the UCC, independently, and, in Pennsylvania, the UCC and MVSFA in *pari materia*.

109.    The policy and practice not to send a separate Post-Sale Notice to each borrower and co-obligor is commercially unreasonable.

### C.    False Certifications during Retitling Process

110.    For all Pennsylvania class members who did not redeem their vehicles, COAF or its agents submitted to PennDOT a Form MV-217A to obtain a new title to the repossessed vehicle.

---

[5] Effective December 1, 2014, the MVSFA was recodified at 12 Pa.C.S.A. §6201, *et seq*., in part setting forth the new requirement that Post-Sale Notices be sent in person or by registered or certified mail.
.
[6] 13 Pa.C.S.A. 9610(b); ORC §1309.610(b); MCL 440.9610(b); N.J. R.S.A. 12A:9-610(b); NY UCC §9-610(b); TX BUS. & COM. CODE §9.610(b); Fla. Stat. §679.610(b); Ga. Code. Ann. 11-9-610(b); N.C. Gen. Stat. 25-9-610(b); Wash. Rev. Code 62A.9A-610(b).

An exemplar of a Form MV-217A is attached as **Exhibit 3**.  In executing and submitting Forms MV-217A, COAF (directly or through its authorized agent) routinely certified that it had "complied with all applicable laws and regulations of Pennsylvania"

111.    While COAF, in the servicing of the subject loans, did not intend for these certifications to be false, they were false for reasons described herein.

112.    PennDOT would not have issued a new title to COAF if it had known that COAF made false certifications.

113.    The improper transfer of title resulted in property damage in the form of the loss of the use of the vehicle and loss of ownership for each and every class member whose vehicle title was transferred through the use of Forms MV-217A.

114.    The use of false certifications on these Forms MV-217A to retitle repossessed vehicles was commercially unreasonable in violation of 13 Pa.C.S. §9610(b). Plaintiffs are not attempting to enforce any administrative remedy which PennDOT may pursue. Rather, Plaintiffs and Pennsylvania Class Members assert that, as a result of the underlying UCC deficiencies described herein, COAF did not have the right to sell and/or transfer title.

115.    While COAF may not have intended that its loan servicing actions described herein would ultimately invalidate the title transfers of the repossessed vehicles and sale, they did.

116.    Making false certifications is also a violation of 18 Pa.C.S.A §4904(a) as an unsworn falsification to authorities.

### D.    COAF Acted in a Commercially Unreasonable Manner and Violated its Obligation of Good Faith

117.    COAF's actions and omissions set forth in this Complaint are commercially unreasonably in violation of 13 Pa.C.S.A. §9610(b) and are a failure by COAF to comply with its

Obligation of Good Faith in its performance of its contracts, duties, and statutory obligations, in its servicing of class members' vehicle loans.

## VII.   DAMAGES

### The UCC Provides for Actual or Minimum Compensatory Statutory Damages

118.    13 Pa. C.S.A. §9625(c)(2) allows consumer debtors such as Plaintiffs (and members of the putative class) to recover statutory damages of not less than the credit service charge (finance charge) plus 10% of the principal amount of the obligation (amount financed). These figures are readily determinable simply by a review of the Schumer Box of each Class Members' retail instalment sales contract.

119.    By way of example, the minimum compensatory §9625(c)(2) statutory damage calculation for Plaintiffs Randy and James Langer is $8,295.30 (finance charge) + $1,301.43 (10% of amount financed) = $9,596.73. The Schumer Box from the Langers' retail instalment sales contract is set forth below:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | | Insurance  You may buy the physical damage insurance the contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit. |
|---|---|---|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate | **FINANCE CHARGE** The dollar amount the credit will cost you | **Amount Financed** The amount of credit provided to you or on your behalf | **Total of Payments** The amount you will have paid after you have made all payments as scheduled | **Total Sale Price** The total cost of your purchase on credit, including your down payment of $1000.00 | If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions |
| 21.00 % | $  8295.30 | $  13014.30 | $  21309.60 | $  22309.60 | Check the insurance you want and sign below Optional Credit Insurance ☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both |

120.    The Official Comments to the UCC are entitled to great weight under Pennsylvania law.

121.    Comment 4 to Section 9625 makes clear that these statutory damages are intended to establish a secured party's liability for violations of, *inter alia*, the notice provisions in consumer goods transactions, regardless of whether "actual damages" are lesser, or even absent.   That Comment states in pertinent part:

4.   **Minimum Damages in Consumer-Goods Transactions.**
Subsection (c)(2) provides a minimum, statutory, damage recovery
for a debtor and secondary obligor in a consumer-goods transaction.
It is patterned on former Section 9507(1) and is designed to ensure
that every noncompliance with the requirements of Part 6 in a
consumer-goods transaction results in liability, regardless of any
injury that may have resulted. Official Comment to §9625(c)(2).

122.   Plaintiffs and Class Members seek the greater of actual and minimum statutory

damages pursuant to 13 Pa. C.S. §9625(c)(2) and (b). Duplicative damages are not sought.

123.   Actual damages may entail, *inter alia*, the following:

(a)   The amounts collected by COAF for bogus expenses such as
Administrative Fees, Storage Fees, Redemption Fees, and/or
Personal Property Fees that class members were required to pay
which were not paid by COAF;

(b)   Expenses incurred in picking-up redeemed or reinstated vehicle in a
county other than one statutorily required;

(c)   Payments made by class members towards invalid deficiencies (see
below);

(d)   The value of personal property which borrowers had to forfeit due
to COAF's assessment of the impermissible Personal Property Fee;

(e)   Except in cases of redemption and reinstatement, the value of the
repossessed vehicles sold; and/or,

(f)   The denial of credit or other harms associated with the improper
imposition of (or an inflated amount of) a deficiency balance;

124.   Plaintiffs also seek damages under Section 9625(e)(5)[7] which provides for $500

($250 in Georgia) in statutory damages for each violation of Section 9616.

125.   These Post-Sale Notice damages are mandated per debtor/co-obligor separately.

126. Statutory damages are not in the nature of the repayment of principal or interest

---

[7] 13 Pa.C.S.A. §9625(e)(5); ORC §1309.625(e)(5); MCL 440.9625(e)(5); N.J. R.S.A. 12A:9-625(e)(5); NY UCC
§9-625(e)(5); TX BUS. & COM. CODE §9.625(e)(5); Fla. Stat. §679.625(e)(5); Ga. Code. Ann. 11-9-625(e)(5);
N.C. Gen. Stat. 25-9-625(e)(5); Wash. Rev. Code 62A.9A-625(e)(5).

already paid by Plaintiffs and Class Members.

### Deficiency Balances Must be Extinguished and all Payments Must be Returned

127.    The commercial reasonableness requirement of. §9610(b) applies to the sending of both Notices of Repossession and Post-Sale Notices.

128.    A secured creditor's failure to conduct itself in a commercially reasonable manner while servicing a vehicle loan gives rise to a presumption that the value of the vehicle collateral is precisely equal to the indebtedness it secures. Based on that presumption, the sale of the vehicle would entirely extinguish the indebtedness, because by definition, no deficiency could result.

129.    As stated herein, Plaintiffs have detailed the multiple ways in which COAF's loan servicing actions were commercially unreasonable in Pennsylvania because they violated the provisions of the UCC individually and UCC and MVSFA in *pari materia*.

130.    Accordingly, the deficiency balance of every Plaintiff and Class Member of the Redemption Notice Class, the Hidden Fees Class, and the Public Auction Class must be presumed to have been extinguished by the sale of his/her vehicle, and unless the presumption is rebutted, any amounts collected by COAF from class members in respect of alleged deficiencies were illegally collected and must be disgorged.

131.    In some cases, COAF may have refinanced one of these previously-extinguished deficiencies. Collecting payments on a loan that refinanced a "debt" that was not owed in the first place is just as improper as collecting payments directly on the original unlawful debt. As a consequence, any amounts collected by COAF from Class Members with respect to refinanced loans or new loans to finance disputed (and un-owed) deficiency balances were illegally collected and must be disgorged.

27

132.    The UCC contemplates that actual damages for violations of its provisions should be consistent with equitable principles.  Accordingly, damages are not limited to those specified within the four corners of the statute.  *See e.g.* Section 9620 Comment 12: "Remedies available under other law, including conversion, remain available under this Article in appropriate cases;" Section 9625, Comment 3: "…principles of tort law supplement this subsection."  Accordingly, damages should be awarded with an eye towards preventing Defendants from being unjustly enriched and, therefore, other equitable relief, such as injunctive relief, is sought herein.

## VI. <u>CLASS ACTION ALLEGATIONS</u>

133.    Plaintiffs bring this action on their own behalf and on behalf of a class designated pursuant to Pa.R.Civ.P. Rule 1701 *et. seq.*

### <u>Class Definitions</u>

134.    Plaintiffs propose to define the first class (hereafter "Redemption Period Class") as: All debtors and co-obligors:

(i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor Vehicle primarily used for personal, family or household use;

(ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   whose Motor Vehicle was repossessed in Pennsylvania; and,

(iv)    to whom COAF sent a Notice of Repossession during the class period as defined below, which provided a Minimum Redemption Period of fewer than fifteen (15) days from the date of the Notice of Repossession;

28

135.    Plaintiffs propose to define the second class (hereafter "Hidden Fees Class") as: All debtors and co-obligors:

(i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor vehicle primarily used for personal, family or household use;

(ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   whose Motor Vehicle was repossessed in Pennsylvania; and,

(iv)    to whom COAF sent a Notice of Repossession during the class period as defined below, which failed to disclose that a Redemption Fee, Reinstatement Fee, an Administrative Fee, a Storage Fee, and/or a Personal Property Fee would be charged if the debtor(s) and/or co-obligor elected either:

        (a) to regain possession of the personal property left in the repossessed vehicle; and/or,

        (b) to redeem the Motor Vehicle and/or to reinstate the subject loan.

136.    Plaintiffs propose to define the third class (hereafter "Public Auction Class") as: All debtors and co-obligors:

(i)     who entered into a retail instalment sales contract in Pennsylvania for the financing of the purchase of a Motor vehicle primarily used for personal, family or household use;

(ii)    from whom COAF, as secured party, repossessed the Motor Vehicle or ordered it to be repossessed;

(iii)   whose Motor Vehicle was repossessed in Pennsylvania during the Applicable Class Period as defined below; and,

(iv)    to whom COAF sent a Notice of Repossession during the class period as defined below, which stated that the repossessed vehicle would be sold at *a* private sale; and,

(v)     whose repossessed Motor Vehicle was offered for sale at Adesa Mercer, at its Bank Repo sale, or at an auction at which members of the general public could have attended and bid to purchase the repossessed Motor Vehicle.

29

137.   Plaintiffs propose to define a fourth class (hereafter "UCC Post-Sale Notice Class")

as: All debtors or obligors:

(i)    who entered into a retail instalment sales contract in an Applicable
       Post-Sale Notice Jurisdiction for the financing of the purchase of a
       Motor Vehicle primarily used for personal, family or household use;
       and,

(ii)   from whom COAF, as secured party, repossessed the Motor Vehicle
       or ordered it to be repossessed in the same state in which the retail
       instalment sales contract was executed; and,

(iii)  whose Motor Vehicle was sold by COAF during the Applicable Class
       Period as defined below; and,

(iv)   to whom COAF sent a Post-Sale Notice which included itemized
       expenses as part of the deficiency balance which were not actually
       incurred or paid by COAF; or,

(v)    for those loans with two debtors/co-obligors, those persons to whom
       COAF did not send a separate, separately addressed Post-Sale Notice;

138.   Plaintiffs propose to define a sub-class to the Post-Sale Notice Class (hereafter "PA

Post-Sale Notice Subclass") as: All members of the UCC Post-Sale Notice Class:

(i)    who entered into a retail instalment sales contract in Pennsylvania for the financing
       of the purchase of a Motor Vehicle primarily used for personal, family or household
       use; and,

(ii)   (ii) to whom COAF did not send a separate, separately addressed Post-Sale Notice
       in person, by registered mail, or by certified mail.

## Class Periods

139.   For the Redemption Period Class, Hidden Fees Class, and Public Auction

Class, the class period runs from six years prior to the filing of this First Amended Complaint

through the date of class certification except for those class members whose UCC claims have

been tolled by inclusion in the original complaint. The class period for the original complaint was

October 5, 2010 through the date of class certification.

30

140.    The Applicable Class Period for the UCC Post-Sale Notice Class is as follows:

a.  For vehicles repossessed in Pennsylvania, from six years prior to the filing of this First Amended Complaint through the date of class certification, except for those class members whose UCC claims have been tolled by inclusion in the original complaint. The class period for the original complaint was October 5, 2010 through the date of class certification;

b.  For vehicles repossessed in Ohio, Michigan, New Jersey, or New York; on or after six years prior to the filing of this First Amended Complaint through the date of class certification;

c.  For vehicles repossessed in Texas, Florida, Georgia, North Carolina, or Washington on or after three years prior to the filing of this First Amended Complaint through the date of class certification.

141.    The Applicable Class Period for the PA Post-Sale Notice Subclass of the Post-Sale Notice Class is from December 1, 2014 through the date of class certification.

## Tolling

142.    The claims of the putative class members whose UCC claims were also included in the original Complaint were tolled upon its filing. See *China Agritech, Inc. v. Resh*, 138 S.Ct. 1800 (U.S. 2018):

> The Court held in *American Pipe* [414 U.S. 538 (1974)] that **the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint**. *Id.* at 1804 (emphasis added)

143.    In Plaintiffs' original Complaint, they claimed that COAF violated 13 Pa.C.S. §9610 as a result of acting in a commercially unreasonable manner by: (1) failing to provide notice to Repossession Notice Class members of the intent to resell the Motor Vehicle at the expiration of 15 days from the date of the Notice of Repossession. (¶78(a)); (2) failing to send any Notice of Repossession to members of the Repossession Notice Class. (¶78(b)); (3) failing to send a separate Notice of Repossession to each members of the Co-Borrower Class. (¶79); and (4) failing to send Post-Sale Notices or sending untimely or deficient Post-Sale Notices (¶39).

31

144.     Both the original case and this First Amended Complaint entail only UCC claims, particularly those challenging COAF's alleged commercially unreasonable conduct and/or statutory post-repossession consumer disclosure notices (the Notices of Repossession and Post-Sale Notice requirements). Thus, putative class members as set forth in the original complaint whose claims arose: (1) prior to the filing of this First Amended Complaint; (2) but on or after October 5, 2010 (the beginning of the class periods in the original Complaint) are tolled and included, as applicable, in one or more of the classes described in this Amended Complaint.

## Class Requirements

145.     The size of each of the classes described in this pleading exceed 1,000 people and are so numerous that joinder of all members is impractical.

146.     The classes and any trial would be readily manageable as the claims relate to standardized policies and practices and form statutory post-repossession consumer disclosure notices.

147.     There are questions of law and fact common to the class, which predominate. These include but are not limited to the following questions:

   (a)     Whether Plaintiffs and the Class obtained Motor Vehicle financing through COAF or had a consumer vehicle instalment sales contract that was assigned to COAF and pledged their vehicle as collateral;

   (b)     Whether COAF or its agents repossessed the financed vehicle or ordered it to be repossessed;

   (c)     Whether COAF's subject Notice of Repossession used in Pennsylvania violated the UCC, independently and/or the UCC and MVSFA in *pari materia;*

   (d)     Whether COAF or its agents, in instances of two debtors/co-obligors, failed to send a separate Post-Sale Notice to each debtor/co-obligor and, if not, whether such was a consistent practice of non-compliance;

32

(e)    If COAF employed such a policy, whether such practice extended to the Post-Sale Notice Jurisdictions and, if so, whether COAF violated 13 Pa.C.S.A. §9616; ORC §1309.616; MCL 440.9616; N.J. R.S.a. 12a:9-616; NY UCC §9-616; TX BUS. & COM. CODE §9.616; Fla. Stat. §679.616; Ga. Code. Ann. 11-9-616; N.C. Gen. Stat. 25-9-616; Wash. Rev. Code 62a.9a-616 and/or was commercially unreasonable; and,

(f)    Whether COAF violated its Obligation of Good Faith;

148.    The Representative Plaintiffs' claims are typical of those of the class. All are based on the same factual and legal theories. All class members financed the purchase of vehicles through COAF and pledged their vehicle as collateral or had a consumer vehicle instalment sales contract that was assigned to COAF.

149.    COAF declared a default on all loans.

150.    COAF employed a standardized, uniform practices: (a) to send all class members challenged form post-repossession consumer disclosure notices (statutorily non-compliant Notice of Repossession and/or Post-Sale Notices), or not to send a separate, separately addressed Post-Sale Notice (in the case of two debtors/co-obligors); (b) to assess the hidden fees challenged herein; or (c) to sell repossessed vehicles at public auctions while representing in the Notice of Repossession that the sale would be at a private sale.

151.    The Representative Plaintiffs' claims are typical of those of each class. All claims are based on the same or substantially similar form document, policy, and/or practice used by COAF.

152.    At least one Plaintiff's claims are typical of each class. Discovery will reveal which Plaintiffs fit within each class. Randy and James Langer are class members in all classes and the PA Subclass.

153.    Plaintiffs will fairly and adequately represent and protect the interests of the classes.

33

154.    The Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

155.    Plaintiffs have no conflict with class members in the maintenance of this action, and their claims are identical to or at least typical of claims of the Class Members.

156.    A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable. This class action represents the fairest and most efficient method of adjudicating this controversy. Because most class members either do not know that their rights have been violated, could not economically justify the effort and expense required to litigate their individual claims or have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation, a class action is the most practical proceeding in which they can recover.

157.    Plaintiffs and the Class Members have substantive claims that are similar, if not identical, in all material respects and will require proof of the same kind and application of the same law.

158.    COAF has acted or refused to act on grounds generally applicable to the (putative) classes, thereby making appropriate final relief with respect to the Class.

159.    There are no unusual legal or factual issues which would cause management problems not normally and routinely handled in class actions.

160.    All class members are entitled to minimum statutory damages which may be calculated with mathematical precision. Minimum statutory damages can easily be determined, *inter alia*, either by accessing the electronically stored records of COAF and/or by reviewing the class members' retail installment contract.

161.    In regard to the Post-Sale Notice Class, each debtor/co-obligor is entitled to $500 ($250 for Georgia class members) for COAF's violations of Section 9616.

162.    Each debtor/obligor in the Redemption Period, Public Auction, and Hidden Fees Classes are entitled to the greater of statutory minimum or actual damages pursuant to §9625(b) and (c)(2) on account of failing to proceed in a commercially reasonable manner (i.e., including expenses which were not actual or incurred by COAF).

163.    Plaintiffs seek no double recovery for actual damages and minimum statutory damages pursuant to 13 Pa. C.S. 9625(b) and (c)(2).

164.    The questions of law and fact common to the class predominate over any questions affecting only individual members.

165.    The prosecution of several separate actions by the members of the class would create a risk of inconsistent or varying adjudications. A class action will serve the goals of judicial economy and ensure uniformity of decision.

166.    In many instances, Class Members are unaware that claims exist on their behalf.  In other cases, Class Members may have knowledge of their potential claims, but have sustained damages in amounts relatively too modest to justify the expense and effort to hire a lawyer or is required to bring suit separately.

167.    This Court is an appropriate forum since the Defendant does business within this district.

## VII. <u>CLAIMS</u>

### <u>COUNT 1</u>

**(REDEMPTION PERIOD; HIDDEN FEES; AND PUBLIC AUCTION CLASSES)**

168.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

### A.    UCC ONLY

169.    COAF systematically sent Notices of Repossession which misstated the specific method of disposition of the repossessed vehicles, stating that the chattel would be sold at a private sale although actually having sold the chattel at a public auction, at which the debtors/co-obligors could have attended and bid on their repossessed chattel. This was a violation of 13 Pa.C.S. §9613(1)(iii) and, by incorporation, §9614(1)(i).

170.    At the time it sent the Notices of Repossession, COAF knew or reasonably should have known that the repossessed vehicles would have been offered for sale at a public sale.

171.    Furthermore, COAF systematically sent Notices of Repossession that failed to give notice of the Personal Property Fee, Redemption Fee, Administrative Fee, and/or Storage Fee, and the additional expense of not returning redeemed vehicles to the Mandatory Redemption Return Location and/or failed to include these fees in the redemption or reinstatement amounts due on the Notice.  This additionally violates 13 Pa.C.S.A. §9614(1)(ii) because it provides an inaccurate description of liability.

172.    Because the Personal Property Fee, Redemption Fee, Administrative Fee, and/or Storage fees were not incurred by COAF, they were not bonafide, reasonable "expenses" and, therefore, were not permitted to be assessed pursuant to 13 Pa.C.S.A. §§9615(a)(l) and 9623(b)(2) and the MVSFA as set forth below.

173.     COAF systematically acted in a commercially unreasonable manner in violation of 13 Pa.C.S.A. §9610(b) and failed to comply with its Obligation of Good Faith13 Pa. C.S.A. §1304, in its servicing of the class members' retail installment loans, its attendant duties and statutory obligations relating thereto, including but not limited to the following acts:

a. Sending Notices of Repossession which misstated the method of disposition (i.e., the type of auction – private v. public), thereby ill-informing its customers that they had the right to attend the public sale and bid at the auction for their repossessed vehicle;

b. Sending Notices of Repossession which did not provide the statutorily mandated Minimum Redemption Period;

c. Charging and/or permitting a third party(s) to charge unreasonable and/or un-incurred fees or expenses such as a Personal Property Fee, a Storage Fee, a Redemption Fee, and/or an Administrative Fee, expenses which COAF did not pay

d. Mis-stating the "Total Amount Due to Redeem Vehicle" and/or the "Total Amount to Reinstate Contract" in the Notices of Repossession at issue by failing to include a Personal Property Fee, Storage Fee, Administrative Fee, and/or Redemption Fee which were assessed as a matter of policy for borrowers who redeemed their repossessed vehicle, reinstated their vehicle loan, or reacquired their personal property;

e. Failing to ensure that its Notices of Repossession complied with the statutory requirements for secured loans as set forth in the UCC and MVSFA;

f. Failing to send a separate, separately addressed Post-Sale Notice to every debtor and co-obligor whose vehicle COAF sold in the Applicable Post-Sale Notice Jurisdictions;

g. Including un-incurred, inflated, or unreasonable expenses in the Post-Sale Notices;

h. Failing to send Post-Sale Notices in person or by registered or certified mail to its Pennsylvania borrowers;

i. Making false certifications on PennDOT 217-A forms to retitle repossessed vehicles in Pennsylvania; and/or,

j. Failing to state in the Notice of Repossession that redeemed and/or reinstated vehicles would not be returned as required by 12 Pa.C.S. §6259(c)(2) - to a county where the obligor lived or where the vehicle

37

was purchased or repossessed and employing a policy not to comply with this statute, concomitantly the UCC 13 Pa. C.S. §9610 *in pari materia*.

### B.    UCC AND MVSFA IN *PARI MATERIA*

174.    COAF systematically violated the UCC and MVSFA, in *pari materia*, 12 Pa. C.S.A. §6254 and/or 69 P.S. §623(D) and 13 Pa. C.S. §9610(b), by failing to send Plaintiffs and Class Members a Notice of Repossession stating the holder's intent to resell the Motor Vehicle at the expiration of *15 days* from the date of the Notice of Repossession.(the statutory Minimum Redemption Period), which is *per se* the standard of commercial reasonableness pursuant to 13 Pa. C.S. §9610.

175.    Because the Personal Property Fee, Redemption Fee, Administrative Fee, and/or Storage fees were unincurred and/or were not actual, necessary, or reasonable, they were not permissible under the UCC and MVSFA in *pari materia*. 13 Pa.C.S.A. §§9615(a)(l), 9623(b)(2).

176.    The MVSFA, specifically 12 Pa. C.S.A. §6254 and/or 69 P.S. §623(D), sets forth minimum statutory standards which set forth the minimum commercial reasonable standards as described in the UCC.

177.    COAF's failure to adhere to these loan servicing requirements of the UCC and MVSFA in *pari materia* is also not commercially reasonable in violation of 13 Pa. C.S. §9610(b) and also in violation of COAF's obligation of good faith as prescribed in 13 Pa. C.S.A. §1304.

### COUNT 2

### (UCC POST-SALE NOTICE CLASS and PA POST-SALE NOTICE SUBCLASS)

178.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

179.    13 Pa.C.S. §9616(b)(1), ORC §1309.616; MCL 440.9616; N.J. R.S.A.

12A:9-616; NY UCC §9-616; TX BUS. & COM. CODE §9.616; Fla. Stat. §679.616; Ga. Code. Ann. 11-9-616; N.C. Gen. Stat. 25-9-616; and Wash. Rev. Code 62A.9A-616 state identically or substantially similar language as follows:

> Explanation of calculation. -- In a consumer-goods transaction **in which the debtor is entitled to a surplus or a consumer obligor is liable for a deficiency** under section 9615 (relating to application of proceeds of disposition; liability for deficiency and right to surplus), the secured party shall comply with one of the following paragraphs: (1) **Send an explanation to the debtor or consumer obligor, as applicable,** after the disposition and: (i) before or when the secured party accounts to the debtor and pays any surplus or first makes written demand on the consumer obligor after the disposition for payment of the deficiency; and (ii) within 14 days after receipt of a request.

180.    Thus, a notice must be sent 1) to the debtor if there is a surplus, or 2) to the consumer obligor if there is a deficiency. This is reflected in the language in (b)(1) that states: "Send an explanation to the debtor or consumer obligor, as applicable."

181.    The reference to the singular "debtor" and singular "consumer obligor" requires notice to be sent to all debtors, or to all consumer obligors, not just one of the debtors, or one of the consumer obligors, because the Pennsylvania Rules of Statutory Construction state that "The singular shall include the plural, and the plural, the singular." 1 Pa.C.S.A. §1902.

182.    As a matter of pattern and practice of noncompliance, COAF violated the loan servicing requirements of Section 9616 and acted in a commercially unreasonable manner in violation of Section 9610(b) by failing to send a separate, separately addressed Post-Sale Notice to each co-obligor member of the Post-Sale Notice Class.

183.    As a matter of pattern and practice of non-compliance, by failing to send a separate, separately addressed Post Sale Notice to Pennsylvania co-obligors, COAF also violated 12 Pa. C.S. §6261(d) for failing to deliver in person or send by registered or certified mail to the last known address of PA UCC Post-Sale Notice Subclass Members within 30 days after the sale of

their repossessed vehicle as the MVSFA must be interpreted to apply in *pari materia* with the UCC requirements.

184.    COAF also sent Post-Sale Notices which included aggregate expenses which included unreasonable, un-incurred, or inflated expenses and/or unreasonable fees as part of the purported deficiency balance and/or the itemization of "Expenses for retaking, holding, preparing for disposition, processing and disposing of the collateral, including attorney fees and interest."

185.    At all relevant times, as part of a pattern or consistent with a practice of non-compliance COAF (a) failed to send a separate, separately addressed Post-Sale Notice to each co-obligor as described above; (b) failed to send a Post-Sale Notice via registered or certified mail to each co-borrower in Pennsylvania; and/or included unreasonable fees or unreasonable and/or unincurred expenses in the itemization of alleged (disputed) deficiency amount, in violation of its obligation of good faith, its duty to proceed in a commercially reasonable manner, and in violation of 13 Pa.C.S. §9616(b)(1), ORC §1309.616; MCL 440.9616; N.J. R.S.A. 12A:9-616; NY UCC §9-616; TX BUS. & COM. CODE §9.616; Fla. Stat. §679.616; Ga. Code. Ann. 11-9-616; N.C. Gen. Stat. 25-9-616; and Wash. Rev. Code 62A.9A-616.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, request that this Honorable Court:

A.    Certify the requested classes and appoint the undersigned as class counsel;

B.    Monetary Damages

    1. Award the greater of actual *or* minimum statutory compensatory damages as provided by 13 Pa. C.S. §9625(b) and (c)(2) to each member of the Redemption Period Class; Hidden Fees Class; UCC Post-Sale Notice Class; and PA Subclass;

    2. Award $500.00 plus minimum statutory damages to each member of the UCC Post-Sale Notice Class ($250.00 for Georgia class members) and the PA Subclass pursuant to 13 Pa.C.S.A. 9625(e)(5); ORC §1309.625(e)(5); MCL 440.9625(e)(5); N.J. R.S.A. 12A:9-625(e)(5); NY UCC §9-625(e)(5); TX

BUS. & COM. CODE §9.625(e)(5); Fla. Stat. §679.625(e)(5); Ga. Code. Ann. 11-9-625(e)(5); N.C. Gen. Stat. 25-9-625(e)(5); and Wash. Rev. Code 62A.9A-625(e)(5);

C.     Declaratory Relief (for Public Auction Class; Hidden Fees Class; and Redemption Period Class)

    1. Declare that the practices complained of were not commercially reasonable pursuant to Section 9610(b), and violated Sections 9614, 9615, 9616 and 9623 of the UCC and sections 6254 and 6256 of the MVSFA in *pari materia*; and,

    2. Declare that the disputed deficiency balances of Plaintiffs and class members are invalid and cannot be collected, as a matter of law; and,

    3. Declare that any loan by which a Class Member borrowed funds to refinance a disputed deficiency balance is null and void and cannot be collected, as a matter of law;

D.     Injunctive and Equitable Relief

    1. Enjoin the collection of any invalid and disputed deficiency balance;

    2. Temporarily and/or permanently enjoin:

      a. The use of all statutorily non-compliant notices;

      b. The imposition of hidden and un-incurred fees/expenses referred to as Administrative Fees, Redemption or Reinstatement Fees, Personal Property Fees; and Storage Fees/Expenses;

    3. Vacate all judgments against class members relating to the invalid deficiency balances;

    4. Order COAF to request that the credit reporting agencies remove COAF's negative trade line on the credit reports of all class members; and,

    5. Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan
*Attorney for Plaintiffs*

41

# EXHIBIT 1

**CapitalOne**
Auto Finance

Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

JAMES M LANGER
RANDY T LANGER
606 SUMMIT ST
MCKEESPORT PA 15132

This communication is from a debt collector and is an attempt to collect a debt any information obtained will be used for that purpose.

If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you:
THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

If you are an Obligor on the Account you will be liable for any remaining deficiency provided by your contract unless you receive a discharge on the Account as provided under the United States Bankruptcy Code.

We are required by state law to inform you of these rights.

Capital One Auto Finance is a division of Capital One, National Association, and services the following Capital One affiliated company: Onyx Acceptance Corporation.

NOI_PA_739

EXHIBIT
1



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

CERTIFIED MAIL                                              04/17/15

JAMES M LANGER
RANDY T LANGER
606 SUMMITT ST
MCKEESPORT PA 15132

| NOTICE OF REPOSSESSION AND NOTICE OF OUR PLAN TO SELL PROPERTY |
|---|

RE:
    07 TOYOTA SCION
    VIN#  JTKDE177870198199

Dear JAMES M LANGER,

We have your 07, TOYOTA, SCION, VIN# JTKDE177870198199 because you broke promises in our agreement. We will sell the Vehicle at a private sale sometime after 04/27/15. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You may be able to get your property back at any time before we sell it by paying either the reinstatement or redemption amount.   To learn the exact amount you must pay, call us at 1-800-735-8719 or see the attached Reinstatement and Redemption Notice.

If you want us to explain to you in writing how we figured the amount that you owe us, you may call us at 1-800-735-8719 or write us at ATTN: COAF Vehicle Remarketing, Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024, and request a written explanation.

If you need more information about the sale, call us at 1-800-735-8719, Monday through Friday, from 8:00 a.m. to 9:00 p.m. Eastern Time, or write us at ATTN: COAF Vehicle Remarketing, Capital One Auto Finance, 7933 Preston Road, Plano, TX 75024.

We are sending this notice to any co-borrower or obligor who have an interest in the Vehicle or who owe money under your agreement.
        RANDY T LANGER

NOI_PA_739                                          Page 2 of 4

Case ID: 161000560



Capital One Auto Finance
7933 Preston Road
Plano, TX 75024
1-800-735-8719

You may make arrangements to pick up any personal property left in the Vehicle by contacting the
following company
    ARS - WPA
    4926 Pleasant Unity Rd
    LATROBE, PA  15650
    (724) 423-8833

We will hold the personal property for 30 days from the date of this notice and you may reclaim the
property during that time. If you do not reclaim your personal property during that time, we may
dispose of it in the same manner as we dispose the Vehicle.

See the enclosed Reinstatement and Redemption Notice for an itemization of the amount
required to redeem and further explanation of your additional rights.

Sincerely,

Subbu Rajasimhan
Capital One Auto Finance

NOI_PA_739                                                        Page 3 of 4

Case ID: 161000560

**CapitalOne**
Auto Finance

## NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE

As described above, we intend to dispose of your Vehicle at a private sale sometime after 04/27/15, subject to your rights described below.

### REINSTATEMENT AND REDEMPTION

You can get your Vehicle back by paying us the Total Amount Due to Reinstate (below) at the address shown at the top of this notice anytime before we sell it. Payment must be made via certified funds (Money Gram or Western Union).

|  |  |
|---|---|
| Past Due Payment : | $1,407.08 |
| Unpaid Delinquency Charges : | $0.00 |
| Repossession Cost : | $390.00 |
| Total Amount to Reinstate Contract : | $1,797.08 |

You will also have to pay any payments that become due between the date of this notice and the date that you reinstate the contract or redeem.

The vehicle will be available for your inspection during normal business hours at:
ARS - WPA
4926 Pleasant Unity Rd
LATROBE  PA  15650
(724) 423-8833

You may call us at 1-800-734-8759 to obtain information concerning the amount due to redeem the vehicle and from whom the vehicle may be redeemed.

If you wish to redeem your Vehicle, you must pay the Total Amount to Redeem as shown below:

|  |  |
|---|---|
| Contract Balance : | $9,528.76 |
| Unpaid Delinquency Charge : | $0.00 |
| Repossession Cost : | $390.00 |
| Total Amount Due to Redeem Vehicle : | $9,918.76 |

Make your redemption payment to or send any notice to us at:

ATTN: COAF Vehicle Remarketing
Capital One Auto Finance
7933 Preston Road
Plano, TX  75024

NOI_PA_739                                          Page 4 of 4

Case ID: 161000560

# EXHIBIT 2



Capital One Auto Finance
1633 Preston Road
Plano, TX 75093
1-800-946-0332

Account #: 62 0621 1370199
Vehicle: 07 TOYOTA SCION
VIN: JTKDE177870196199

RANDY T LANGER
JAM ES M LANGER
606 SUMMITT ST
MCKEESPORT, PA 15132-1355

### Explanation of Calculation of Surplus or Deficiency

Dear RANDY T LANGER
JAM ES M LANGER

Capital One Auto Finance is the owner and holder of the above referenced account. Under the terms of the Retail Installment Contract and Security Agreement for the account, and pursuant to applicable law, Capital One Auto Finance sold the collateral (vehicle) pledged to secure the indebtedness for the sum of $4,700.00. After applying the net proceeds from the sale, along with any applicable refunds, as required by the terms and conditions of the loan contract, a Deficiency Balance remains, in the amount of $5,500.77, for which you remain liable under your Agreement.

| The Deficiency/Surplus Balance was calculated as follows: | | |
|---|---|---|
| Aggregate Amount Owed...................................................... | | $9,471.58 |
| Proceeds from sale of Collateral......................................... | (-) | $4,700.00 |
| Subtotal............................................................................. | = | $4,771.58 |
| Expenses for the retaking, holding, preparing for disposition, processing and disposing of the collateral, including attorney fees and interest........... | (+) | $729.19 |
| Credits for refunds of insurance premiums, service contracts, GAP............. | (-) | $0.00 |
| Rebates of unearned interest or credit service charge | (-) | $0.00 |
| The amount of the deficiency as of 07/03/15................................. | = | $5,500.77 |

Future expenses, charges, additional interest, credits and refunds may affect the amount of the deficiency/surplus. The above referenced deficiency balance is due in full. Your immediate attention is requested. Please remit payment of the full deficiency balance to

Capital One Auto Finance
P.O Box 261930
Plano, TX 75026-1930

You may contact Capital One Auto Finance at the above address or by calling us at 1-800-946-0332, Monday through Friday, from 8:00 a.m. to 9:00 p.m. Eastern Time, if you wish to have additional information about the transaction. You are entitled without charge to one explanation of calculation of surplus or deficiency during any 6 month period in which you did not receive an explanation.

This communication is from a debt collector and is an attempt to collect a debt; any information obtained will be used for that purpose.

All of Capital One Auto Finance's claims, demands and accruals regarding the above described indebtedness, whenever made and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable laws, and are accordingly limited so that applicable laws are not violated.

Sincerely,
Capital One Auto Finance

Capital One Auto Finance is a division of Capital One, National Association, and services the following Capital One affiliated company: Onyx Acceptance Corporation.

Deficiency_Balance_Gen_800

Page 1 of 1


EXHIBIT 2

# EXHIBIT 3

MV-217A (10-09)


**pennsylvania**
DEPARTMENT OF TRANSPORTATION

Bureau of Motor Vehicles
P.O. Box 68872
Harrisburg, PA 17106-8672

**APPLICATION FOR
CERTIFICATE OF TITLE BY
A FINANCIAL INSTITUTION
OR DEALER AFTER
DEFAULT BY OWNER**

Title Must Be Attached

‖15133  0025  000670/11‖

For Department Use Only

NOTE:  This application may only be used by Financial Institutions and Vehicle Dealers who are licensed by the Department of Banking.
Your ABA/FIN or DIN number (if applicable) must be listed below.

**A | VEHICLE AND OWNER INFORMATION**

| Title Number | Name of vehicle owner as shown on attached title |
|---|---|
| 5473177402 | RANDY T LANGER |

**B | VEHICLE IDENTIFICATION NUMBER VERIFICATION – (NON PA TITLE ONLY)** | **H. TAX, TITLE AND REGISTRATION FEES**

NOTE:  IF AN OUT-OF-STATE TITLE IS ATTACHED TO THIS APPLICATION, A TRACING OF THE VEHICLE'S IDENTIFICATION NUMBER MUST BE AFFIXED IN THE SPACE PROVIDED. IF A TRACING CANNOT BE OBTAINED, THE VEHICLE'S IDENTIFICATION NUMBER MUST BE VERIFIED BY A CERTIFIED INSPECTION MECHANIC OR AUTHORIZED NOTARY PUBLIC IN THE APPROPRIATE SPACES BELOW.

(If applicable).  Use back of Forms MV-13 or MV-4ST to determine proper sales tax exemption information.
NOTE: Only the purchaser listed in Section E must complete the following appropriate blocks.

| | |
|---|---|
| TAPE VIN TRACING HERE ▶ | PURCHASE PRICE (See note on reverse) |
| CODE/MECHANIC # | TAXABLE AMOUNT |
| I CERTIFY THAT A LEGIBLE TRACING CANNOT BE SECURED AND THAT THE ABOVE VIN IS CORRECT | Authorized notary public or certified inspection mechanic (print name) | 1. 6% (.06) SALES TAX 7% (.07) Allegheny Co. residents 8% (.08) City of Philadelphia residents. |
| | Authorized notary public or certified inspection mechanic sign here. | |

**C | REPOSSESSOR'S INFORMATION**

| Repossessing Lienholder's Name (as listed on face of title) | ABA/FIN or DIN (if applicable) - must be listed | 1A. EXEMPTION REASON CODE (Must be a number from 1 to 20 or 9) |
|---|---|---|
| Capital One Auto Finance | | |
| Street Address | | 1B. EXEMPTION NUMBER |
| 7933 Preston Road | | |
| City | State | Zip Code | 2. Title Fee |
| Plano | TX | 75024 | 22.50 |

**D | REPOSSESSOR'S INFORMATION**

| Repossessing Lienholder's Name (as listed on face of title) | ABA/FIN or DIN (if applicable) - must be listed | 3. Lien Fee |
|---|---|---|
| Check the appropriate box below indicating which option you are proceeding under: | | |
| ☐ 1. Repossession (Repossessor Must Take Title) | ☐ 3. Mobile Home | 4. Registration or Processing Fee |
| ☐ 2. Non-Judicial sale or repossession and transfer (ANSI-RA) | | |

**E | PURCHASER INFORMATION (Exactly as shown in Section A on reverse side of title)**

| | Fee Exempt Number as assigned by the Department |
|---|---|
| I/We certify to the best of my/our knowledge, that the odometer reading is 74069 miles and reflects the actual mileage of the vehicle, unless one of the following boxes is checked: | |
| ☐ Reflects the amount of mileage in excess of its mechanical limits | ☐ Is NOT the actual mileage (Warning: Odometer discrepancy) | 5. Duplicate Registration Fee No. of Cards _____ |
| WARNING: Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. | 6. Transfer Fee |
| Last Name for full business name) | First Name | Middle Name | PA DL/Photo ID# or Bus. ID # | Date of Birth | 7. Increase Fee |
| Capital One Auto Finance | | | | | |
| Co-Purchaser | First Name | Middle Name | PA DL/Photo ID# or Bus. ID # | Date of Birth | 8. Replacement Fee |
| | | | | | |
| Street Address 7933 Preston Rd | | City | |
| City Plano | State TX | Zip Code 75024 | Date Acquired/Purchased | TOTAL PAID (Add 1 thru 8) Send One Check with Amount ▶ |
| Dealer ID Number (if applicable) | | Financial Institution Number (if applicable) | | |

NOTE: If a co-purchaser other than your spouse is listed and you want the title to be listed as "Joint Tenants With Right of Survivorship" (On death of one owner, title goes to surviving owner), CHECK HERE ☐. Otherwise, the title will be issued as "Tenants In Common" (On death of one owner, interest of deceased owner goes to his/her heirs or estate.).

**F | SIGNATURES**

I/We acknowledge that I/we may be subject to a fine not exceeding $1,000.00 and imprisonment of not more than two years or by the statement that I/we make on this application, and I/we certify that I/we have examined and signed the application that the assertions are true, and if we pursue the exemption from payment of a fee tax is claimed, I and/we are authorized to claim this exemption. I/We further certify that all statements herein are true and correct and make application for certificate of the figure vehicle described in Clerk A.

| REPOSSESSOR'S SIGNATURE | Signature of Repossessor or Authorized Signer   Capital One Auto Finance | Title of Authorized Signer   Title Clerk | Date 5-11-15 |
|---|---|---|---|
| PURCHASER SIGNATURE | Signature of Purchaser or Authorized Signer   Capital One Auto Finance | Title of Co-Purchaser or Title of Authorized Signer | Date |

**G | Repossessor's Certification Information**

I certify that the above individual signed in this document has repossessed the above described motor vehicle or mobile home upon a default according to the terms of the security agreement and has complied with all applicable laws and regulations of Pennsylvania.

| REPOSSESSOR'S SIGNATURE | Signature of Repossessor or Authorized Signer   Capital One Auto Finance | Date 05/11/2015 |
|---|---|---|
| | Printed Name of Repossessor or Authorized Signer   Capital One Auto Finance | Title of Authorized Signer   Title Clerk |



EXHIBIT
3

# EXHIBIT 4

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

COLEMAN McCALL, JR.,     :    January Term, 2006
Individually and on behalf of all others :
Similarly situated       :
     v.         :    No. 00005
               :
DRIVE FINANCIAL SERVICES, L.P. :
and              :
DRIVE GP, LLC        :

## OPINION

Plaintiff brings this class action pursuant to Pennsylvania's Uniform

Commercial Code ("UCC"), 13 Pa C.S. § 9601, et seq., and Pennsylvania's Motor

Vehicle Sales Financing Act ("MVSFA"), 69 P.S. § 601, et seq. The legislature , through

the UCC and the MVSFA, requires secured parties to provide consumers with specific,

detailed notices of repossession and sale. Consumers are entitled by statute to deficiency

notices post sale. Only by receiving a prompt deficiency notice can the consumer know

whether a creditor will claim that the vehicle proceeds do not satisfy the remaining

obligation and that the creditor intends to hold the consumer liable for a deficiency

balance.

Plaintiff Coleman McCall alleges among other things, that Defendants Drive

Financial Services, L.P. and Drive, GP, LLC, have violated state law notice requirements

in connection with motor vehicle repossessions. There is no dispute that Defendants have

utilized uniform procedures, forms and manner of notice with respect to their vehicle

repossessions in the Commonwealth of Pennsylvania.

Mccall Jr Vs Drive Financial Services Lp Eta-ORDOP

080100005

EXHIBIT
4

Defendant Drive Financial Services, L.P. ("Drive") is a Texas based automobile-finance company. When a consumer has defaulted on a loan, Drive repossesses and re-sells the consumer's vehicle that collateralizes the loan. In the course of repossessing vehicles belonging to plaintiff and the potential class, Drive failed both substantively and procedurally to provide plaintiff and the potential class with, among other information, the 15 day notice period required under (1) the UCC, (2) the parties' retail installment contract, and (3) the statute specifically governing repossession practice – the MVSFA.

The UCC requires a creditor to provide "reasonable authenticated notification of disposition" after repossessing a vehicle, 13 Pa. C.S. § 9611. The UCC does not itself define what is "reasonable" but looks to other sources for definition. The MVSFA is the Pennsylvania statute designed to cover repossessions and protect consumers from abuses by allowing a minimum period to cure any default or redeem before sale. *See,* 69 P.S. § 623D. Under the MVSFA, a creditor must provide:

> [a] written "notice of repossession" delivered in person, or sent by registered certified mail directed to the last known address of the buyer. Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of the holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice. The holder's notice shall also state that any personal property left in the repossessed vehicle will be held for thirty (30) days from the date of the notice's mailing. The personal property may be reclaimed within the thirty (30) day time period. Thereafter the property may be disposed of in the same manner as the motor vehicle and other collateral.

As set forth above, the MVSFA requires that a notice of repossession be sent to the consumer advising the consumer of several items, including 15 days notice of intent

to sell the repossessed vehicle. 69 P.S. §623D. Under 1 Pa. C.S. § 1933, a particular provision of one statute i.e. the MVSFA, controls a general provision of another statute addressing the same topic, i.e. the UCC. Since provisions of the UCC and the MVSFA are read *in pari materia,* plaintiff and the potential class were entitled, inter alia, to at least 15 days notice of the intent to sell the repossessed vehicle, which did not occur. *Industrial Valley Bank & Trust v. Nash,* 502 A.2d 1254, 1263 (Pa. Super. 1985)("On the question of the kind of notice to be given to a debtor by the secured creditor, the MVSFA and the U.C.C. are clearly in *pari materia* since they relate to the identical thing – the sale of a repossessed motor vehicle."); *Coy v. Ford Motor Company,* 618 A.2d 1024, 1026(Pa. Super.1993).

In addition to the MVSFA's statutory requirement of at least 15 days notice of sale, the parties agreed in their finance contract that a borrower whose car is repossessed would have at least 15 days notice to redeem. The finance contract at issue provides at ¶ 12(b) under "some things you should know if we repossess the vehicle":

You have the right to buy back (redeem) the vehicle within 15 days of the mailing of the Notice and at any later time before we sell the vehicle. If you do not redeem, you give up all claim to the vehicle.

Driver's notice provided only 10 days, despite the contractual and statutory obligation to provide a minimum of 15 days.

Under the MVSFA, Drive was also required to provide plaintiff and the class information both regarding (1) the location of the repossessed vehicle; and (2) that any personal property left in the vehicle would be held for 30 days from the date of mailing the notice so plaintiff and potential members of the class could retrieve the property. 69 P.S. § 623D. Drive, in its form Notice, also failed to provide that information.

If after the sale of the vehicle there is a deficiency balance, a creditor must send a letter explaining the deficiency (referred to herein as "Deficiency Notice") when it first makes written demand for the deficiency, or within 14 days after receipt of a request for an explanation by the consumer. 13 Pa C.S. § 9616. The Deficiency Notice must provide information about the aggregate amount of the obligation secured by the security interest; the proceeds from the sale; the remaining balance after applying the sale proceeds; a breakdown of the expenses incurred in selling the property; any credit to which the consumer is entitled; and the amount of the deficiency claimed. Defendant did not send out Deficiency Notices to plaintiff and the class.

Plaintiff and the potential class are entitled to uniform statutory damages as a result of defendant's failure to comply with the UCC (and the MVSFA). 13 Pa. C.S.A. § 9625(c) provides consumers with a uniform minimum liquidated damages, "regardless of any injury that may have resulted". *See*, Official Comment 4 to 13 Pa. C.S.A. § 9625 9-625(c):

> Persons entitled to recover damages; statutory damages in consumer goods transaction. If the collateral is consumer goods, a person that was a debtor or secondary obligator at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.

This statutory damage provision has routinely been applied as written. *See e.g., Kruse v. Voyager Ins. Co.,* 648 N. E.2d 814 (Ohio 1995).

Separately, the failure to send the deficiency notice provides for a uniform, statutory damage of $500.00. 13 Pa C.S.A. § 9625(e)(5).

### I. Factual Background

In or about September 2002, Mr. McCall obtained an automobile loan from Drive for the purchase of a used Ford automobile. After two years of timely payments, in 2004, Mr. McCall fell behind on his car payments to Drive as a result of a serious family situation and Drive repossessed Mr. McCall's vehicle on February 28, 2005.

On or about March 1, 2005, Drive sent Mr. McCall a "Notice of Plan to Sell Property" in connection with the repossession by Drive of his vehicle. The Notice states that the vehicle would be sold after 10 days, i.e. "at a private sale sometime after 03/11/05", and that McCall would have to pay the sum of $ 8,968.24 to redeem the vehicle. This is the only notice sent to McCall advising of the repossession. Drive's Notice failed to comply with the 15 day notice required under their agreement(s) the UCC; and the MVSFA.

Drive acknowledges that it sent this non-compliant notice to approximately 750 Pennsylvania residents. Drive, through its counsel, has also acknowledged that approximately 1,520 cars belonging to Pennsylvania residents were repossessed during the class period.

If a deficiency remains after the sale of the vehicle, a creditor must send a letter explaining the deficiency ("Deficiency Notice") when it first makes written demand for the deficiency or within 14 days after the receipt of the request for same by the consumer. 13 Pa C.S. § 9616. Drive did not provide a notice explaining any deficiencies claimed due as required under 13 Pa.C.S. § 9616. Drive has provided no evidence that a single deficiency notice was issued to any consumer. Pursuant to 13 Pa. C.S. § 9625(e), each

consumer class member may recover a uniform $500.00 damages as a result of a creditor's failure to provide an explanation of the deficiency, where that failure is part of a pattern or practice of noncompliance. Both of Plaintiff's damages claims are uniform and based upon a statutory formula.

Plaintiff has provided an expert report from Larry Goodman, CPA, who opines that the arithmetic calculation of damages (finance charge plus 10%) would be an easy, straightforward calculation for each class member.

## II. Discussion

In determining whether this action is properly certifiable as a class action, the court is confined to a consideration of the class action allegations and is not concerned with the merits of the controversy. The court's purpose in resolving the motion for class certification is to decide solely whether the action shall continue as a class action or as an action with individual parties only. Pa.R.C.P. § 1707 (Explanatory Note 1977). Accordingly, in resolving the pending motion, the Court cannot make any ruling on Plaintiffs' ultimate recovery against any named defendant nor on the merits of any defense raised. The burden of proving that classification is appropriate falls upon the party seeking certification. D'Amelio v. Blue Cross of Lehigh Valley, 347 Pa. Super. 441, 449, 500 A.2d 1137, 1141 (1985); Janicik v. Prudential Insurance Company of America, 305 Pa. Super. 120, 128, 451 A.2d 451, 454 (1982).

In order for the court to grant class certification, the plaintiff must demonstrate that the requirements set forth in Pa.R.C.P. § 1702 have been satisfied. Rule 1702 sets forth those requirements as follows:

Rule 1702: Prerequisites to a class action.

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:

(1) the class is so numerous that joinder of all members is impractical;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

1. NUMEROSITY

Drive has acknowledged that approximately 750 Pennsylvania residents received a notice like the one attached to the Complaint. The class size will likely be closer to the number of repossessions, i.e. 1520, during the class period as recently identified by Drive's counsel. Drive's representations in its pleadings establish numerosity for purposes of class certification.

2. COMMONALITY

Rule 1702(2) requires that plaintiff's show that "there are questions of law or fact common to the class." Commonality does not require that every question of law or fact be common to every member of the class; rather, the requirement is generally met if the class members' legal grievances arise out of the "same practice or course of conduct" on the part of the class opponent. *Janicik*, 451 A.2d at 457, *accord, Rose v. Shawmut*

*Developnet Corp.*, 460 Pa. 328, 333 A.2d 751, 753 (1974) (claims arising from form mortgages generally give rise to common questions).

The common questions in this case are set forth at ¶31 of plaintiff's Complaint.

    (a)  Whether defendant failed to send the Notice of Repossession required under the MVSFA as required after repossessing a vehicle;

    (b)  Whether defendant failed to send the Notice in the form and manner required under the UCC and MVSFA after repossessing a vehicke;

    (c)  Whether defendant sent a written explanation of the deficiency claimed due as required under the UCC; and

    (d)  The statutory or other damages provided for such misconduct. These issues are common to each of the 750 or more Pennsylvania consumers identified by Drive at this juncture, and therefore plaintiff meets the commonality standard.

## 3. TYPICALITY

Plaintiffs must demonstrate that their claims or defenses are typical of the claims or defenses of a class. Pa.R.C.P. § 1702(3). In order to satisfy the typicality requirement, the position of the class representative on the common issues must be sufficiently aligned with that of the absent class members to insure that the pursuit of the named plaintiffs' own interest will advance those of the proposed class members. D'Amelio, Supra, 347 Pa. Super. At 458, 500 A.2d at 457; Ablin, Supra, 291 Pa.Super. at 47, 435 A.2d at 212.

A named plaintiff's claim is considered to be typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class

members, and if claims of the named plaintiff emanate from the same legal theory or common allegation as the claims of the class members.

Instantly, the complaint delineates Dive's regular use of an improper form letter: a repossession notice contrary to that mandated by the UCC and MVSFA for consumers who have suffered a repossession, and the ensuing (absent) deficiency notice. The illegality of these form documents will not vary in any significant way among class members – either the forms are illegal or not.

Typicality does not require identical claims and a variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class. *See Bucci v. Cunard Line Ltd.*, 35 D & C 3d 228, 237 (1985). In this case, plaintiff McCall is a Pennsylvania resident who financed a vehicle through Drive, who after repossessing the car, failed to provide the notices required under the UCC, the retail installment contract and the MVSFA, and failed to send a proper deficiency notice. Each class member is in the identical situation. The Complaint alleges no claims that are particular to Mr. McCall such that he would be atypical of or antagonistic to any other class member. Even if Drive argues that each class member owed a deficiency and that it is entitled to a set off, that would only impact the amount of damages to be awarded. *See also Walczak*, 850 N.E. 2d at 371-372 (rejecting claim that deficiency set-offs may be a bar to class treatment).

Additionally, the statutory damage formula is the same for all class members. The formula is a question of simple math, assuming the common liability question is resolved in favor of the class. From Drive's records, one would only need to add the finance charge and principal balance outstanding on each of the finance agreements in the

class to calculate aggregate as well as individual statutory damages. It is well-settled that minor variations in damages do not impair typicality or preclude certification. *See, In Re Comm. Bank of N. Va.*, 418 F.3d 277 at 305-06(3d Cir. 2006). Because the damages formula is uniform for all class members and may be calculated with mathematical certainty, there is no impediment to class certification in this case.

## 4. ADEQUACY

Rule 1702(4) requires that "the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709." This requirement has three elements: (1) whether counsel for the name dplaintiff will adequately represent the interests of the class; and (2) whether the representative parties have a conflict of interest in the maintenance of the class action; and (3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

Generally, competency of class counsel is presumed. This Court finds that McCall is represented by counsel experienced in consumer class action litigation. Cary L. Flitter and Lundy, Flitter, Beldecos & Berger, P.C. have been approved as competent counsel by this Court in other consumer class actions. Flitter has presented at lectures and CLE's regionally and nationally for over 10 years. Flitter teaches Consumer Credit Litigation at Widener University Law School (adjunct faculty) and is co-author of *Pennsylvania Consumer Law,* Geo. Bisel Publishing Co. Mr. McCall and the class will also be represented by Theodore E. Lorenz of the Lundy, Flitter firm. Mr. Lorenz has significant trial experience and has been previously named class co-counsel in consumer matters in federal court.

The class is also represented by Michael D. Donovan, a principal in the firm of Donovan Searles, LLC. Mr. Donovan has extensive experience representing investors, consumers, and small businesses in class actions, shareholder rights, consumer and commercial litigation. Donovan has been previously named class counsel by this Court and by other courts in this and other federal districts.

Plaintiff McCall will fairly and adequately represent the class. Plaintiff McCall sits in virtually the same position as the putative class members who, like him, were not provided with the notices required under the UCC and the MVSFA. There is nothing to suggest that McCall may have any interest antagonistic to the vigorous pursuit of the class claims against Drive.

The Court has been made aware that some 15 years ago, that McCall was arrested and convicted of robbing a convenience store in Bucks County. He served 5 years in jail and was released in September 1996. According to counsel, Mr. McCall is not on parole and does not have to see a parole officer or anyone related to the conviction, which is now more than a decade in his past. He has not had any further convictions other than this singular criminal episode dating to 1991. This old offense has no bearing on this prong of class certification. *See Haywood v. Barnes*, 109 F.R.D. 568, 579 (E.D.N.C. 1986). Mr. McCall is an adequate class representative, knowledgeable and interested to bring this case on behalf of himself and the other members of the putative class.

Furthermore, Plaintiff also sued Drive under the federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. *McCall v. Drive Financial Services*, U.S.D.C. E.D. Pa No. 05-cv-2463(AB). In opposition to the federal action, Drive argued extensively that Mr. McCall's old conviction somehow rendered him inadequate to serve as class

representative. The federal court rejected Drive's argument, finding the conviction both old and entirely unrelated to any aspect of the case. *McCall v. Drive Financial Services*, 236 F.R.D. 246 (E.D. Pa. 2006).

Finally, the named plaintiff has adequate financial resources. Pa.R.C.P. 1709(3). Class counsel are advancing their time and the litigation costs, as they are permitted to do. Therefore, the adequacy prong is met.

### 5. Fair and Efficient Method for Adjudication of the Controversy

Pa.R.C.P. § 1702(5) requires that the Court find that a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Pa.R.C.P. 1708 as a prerequisite to class certification. The factors set forth in Pa.R.C.P 1708 to be considered in deciding whether or not a class action is a fair efficient method of adjudication include, in relevant part, "whether common questions of law or fact predominate over any question effecting only individual members" (Pa.R.C.P 1708(a)(1); the size of the class and the difficulties likely to be encountered in the management of the action as a class action (Pa.R.C.P. 1708(a)(2)); and whether the claims of individual class members are insufficient in amount to support separate actions (Pa.R.C.P. 1708(a)(7)).

In determining fairness and efficiency, a court is required to balance the interests of the litigants, including putative class members, and the interests of the court system, with the court being mindful that the class action is inherently a procedural device designed to promote efficiency and fairness in handling large numbers of similar claims. *Lillian v. Commonwealth*, 467 Pa. 15, 21, 354 A.2d 250, 253 (1976).

Pursuant to Rule 1708 (c), "[w]here both monetary and other relief is sought, the court shall consider the criteria all the criteria in both subdivisions (a) and (b) of the Rule.

Class cases challenging improper repossession and deficiency notices under the UCC's

remedy provision have been regularly certified by sister state courts. *Walczak*, 850

N.E.2nd at, 366-372 (affirming certication of class of motor vehicle buyers in action

against finance company with respect to repossession and deficiency misconduct);

*Middleton v. Sunstar Acceeptance Corp.*, 2000 WL 33385388, *3-*8 (S.C. Com. P1. Jan.

13, 2000)(certifying class of motor vehicle buyers alleging that financing companies

repossession form violated the UCC); *Chisolm v. Transouth Financial Corp.*, 194 F.R.D.

538, 557-569 (E.D. Va. 2000)(certifying class and subclasses against financing company

for violation of UCC notice requirements in alleged car churning scheme); *Patrick v. Wix*

*Auto Co.*, 681 N.E.2d 98, 102 (I11. App. 1st Dist. 1997)(holding that repossession notice

utilized by financing company violated state law).

Here, common questions predominate throughout the class as a result of Drive's

failure to provide both the repossession and deficiency notices required under the UCC

ans the MVSFA. *See* Rule 1708(a)(1). The predominance standard is "closely akin to"

the commonality requirement of Rule 1702(2) discussed above, which is clearly satisfied

in the matter. *Janicik* at 461.

There is no basis to conclude that any difficulties would be encountered with the

management of this matter on a class action basis. Rule 1709(a)(2). The class consists of

between 750 and 1520 Pennsylvania consumers and involves Drive's failure to provide

the notices required under the UCC and the MVSFA in connection with Drive's

repossession of vehicles belonging to plaintiff and the class. Drive's business is highly

computerized and as such, Drive should be able to readily access information relating to

plaintiff and the class; *compare Janicik* at 462 ("...the names, addresses and insurance

records of all potential class members were centrally stored by [defendant].

Consequently, management problems unique to the class porceedure would not be unduly

burdensome...").

       This forum is particularly appropriate in which to address the claims of the

plaintiff and the putative class.  *See* Rule 1708(a)(3),(5),(6), and (7).  The cost of

proceeding on an individual basis would not be practical or economical given the

potential size of individual awards and members of the putative class will benefit by

proceeding on a class basis.

       In addition  to monetary relief, Plaintiff also seeks declaratory relief in this action.

Declaratory relief is appropriate in this case since Drive has acted or refused to act, or

failed to perform a legal duty, on grounds generally applicable to all class members.  *See*

Rule 1708 (b)(2).  The defendant's conduct does not, however, have to be directed at or

damaging to each member of the class to justify declaratory relief.  *Willams v. Empire*

*Funding*, 183 FRD at 435-37.

       Declaratory relief is also appropriate because Drive's repossession and deficiency

procedures fail to comply with Pennsylvania law.  As Plaintiff asserts in his Motion, "the

public interest in seeing that the rights of consumers are vindicated favors the disposition

of the instant claims in a class action form."  *Lake v. First Nationwide Bank*, 156 F.R.D.

at 626; *accord Baldassari*, 808 A.2d at 195.

## II. CONCLUSION

       Plaintiff has shown that each of the requirements for class certification set forth in

Rule 1702 are satisfied: (1) the class is so numerous that joinder of all members is

impracticable; (2) there are questions of law or fact common to the class; (3) plaintiff's

claims are typical of those of the class members: (4) plantiff is ans adequate

representative of the class; and (5) the class action provides a fair and efficient method

for adjudication of the controversy. Plaintiff has shown that the criteria of Rule 1708 are

satisfied.

The Court therefore grants Plaintiff class certification.

BY THE COURT:

Gary F. Di Vito,      J.

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

APR 1 4 2009

FIRST JUDICIAL DISTRICT OF PA
USER I.D.:

# EXHIBIT 5

www.alliednews.com   Allied News, Grove City, Pennsylvania   Wednesday, December 14, 2016   C-3

## Grove City Area Ads

## Mercer County Area Ads

---

**1006. PUBLIC NOTICE**

PUBLIC NOTICE•
ESTATE OF JOHN D. SCHMELZER, late of Grove City, Penn Township, Mercer County, Pennsylvania, who died on October 27, 2016.
LETTERS TESTAMENTARY on the above estate have been granted to the undersigned on November 15, 2016, who requests all persons having claims or demands against the estate of the decedent to make known the same, and all persons indebted to the decedent, to make payment without delay to:

John David Schmelzer, Jr.
136 West Main Street
Waynesburg, PA 17268

or to:

McNICKLE & BONNER LLP
Attorneys at Law
209 West Pine Street
Grove City, PA 16127-1595
December 7, 14 & 21,2016

---

**225. GENERAL HELP WANTED**



Happy Ads!
A great way to celebrate!
Call Allied News Classifieds to place your ad today.
1-800-981-1692

---

**ANNOUNCEMENTS 110-185**

**110. ADOPTION**

Love, opportunity and education await. I am hoping to adopt and become a 1st time mom! Exp PA. Text/call Lori or 877-399-8117.

**125. COMMUNITY NOTES**

Alcoholics Anonymous 1-866-309-1090

**EMPLOYMENT 205-245**

**225. GENERAL HELP WANTED**

Arby's within the Grove City Premium Outlet Mall Food Court has openings available for DAY SHIFT TEAM MEMBERS.
We offer competitive wages: $9.00 and up!
Apply in person at the restaurant or email a letter of interest to: ArbysGroveCity. Outlet3085@about.com

Bartender needed.
Weekend shifts and some nights. Please contact Melanie @ 814-547-3153.
Grove City V.F.W.
220 Blair Street.

Front Office Billing Clerk Exp. preferred. Fax resume to 724-458-5140



GREENVILLE
Reliable HERALD CARRIER needed for early morning delivery.
Areas include Clarksville St., Lincoln, Morgan, West Dr., North High St, N. 2nd St.
Paid twice a month.
724-981-6100 Ext. 281 or 724-813-6600

---

**Immaculate! Opening!**

RELIABLE HERALD MOTOR ROUTE DRIVER needed for early morning delivery.
MERCER/JACKSON CENTER AREA 68 miles / 3 hours per day (mileage paid)
Call 724-981-6100 ext. 281 or 724-813-6600

**235. MEDICAL**

Nurse Aide Training Class: St. Paul's is now accepting applications for students to be enrolled in our nurse aide training class. You will be given classroom, lab and clinical instruction. Class size is limited to 10 students. To be considered for this schooling opportunity apply in person at St. Paul's.
POSITION AVAILABLE RN Supervisor for 7 am/3pm. Will pay for experience. Apply at St. John XXIII Home, 2250 Shenango Valley Freeway, Hermitage, PA Equal Opportunity Employer

POSITIONS AVAILABLE Full Time LPN For 3-11 Shift Part Time CNA For 11-7 Shift Excellent wages and benefits. Apply at St. John XXIII Home, 2250 Shenango Valley Freeway, Hermitage, PA Equal Opportunity Employer

**340. CEMETERY LOTS**

---

**505. REAL ESTATE**

BROKER/AGENT



REMAX Real Estate Consultants LLC

Serving YOUR Real estate Needs One Step at a Time
Carl Barbara Smith for that FIRST STEP
Sellers Rep Specialist
Accredited Buyers Rep
NAR's e-Pro
Office 724-662-5520
Cell 724-815-7971
barbarasmith@comcast.com

**630. APARTMENTS**

1st fl. studio apt. Furnished, utilities incl. 724-748-3153

4 plots, St. John's Cemetery. 2 with headstones with pink & black granite. Can be re-engraved. 509-953-2110

6 Grave Sites at St. Elizabeth's Cemetery Farrell, PA Section 1 394 Plots 1, 4, 5, 6, 7, & 8 $450 each 814-460-4715

America's Cemetery (Hillcrest) 2 plots, Sec. Q. Lot 44, $550 each 724-981-6257

America's Cemetery formerly Hillcrest, 2 plots, Sec. BB-79 3 & 4 330-340-3279

Crestview Memorial Cemetery Grove City, 2 lots, Sec. 6. Value $3200. JUST REDUCED $1100. Private owner. 724-462-0135

FOR SALE: 4 LOTS AT HILLCREST MEMORIAL PARK $475 PER LOT 803-533-1315 ASK FOR DEBBIE

Haywood Cemetery in West Middlesex. 2 plots, Section K. Lot #13 plot C & D. $1000 for both, negotiable. 423-280-5956

Hermitage, PA., Hillcrest Memorial Park, 2 side by side plots. Section DD, nice location in front area of cemetery. $800 each. 330-344-5724 or 330-557-3733 CASH ONLY PLEASE

Hillcrest Memorial Park 2 graves, Section O Lot 118 Graves 3 & 4 Offered at $395 ea. 330-568-7171

Hillcrest Memorial Park, 1 grave sites in the

---

**455. MISC. MERCHANDISE**

1982 International 186 Gas TRACTOR with 67 Woods mower, clean $4000 obo 724-962-4110

2 tractors - Simplicity and Craftsman. Both need a little work. Simplicity needs carburetor work. The Craftsman needs a head gasket. Both for $150 each 2 farm plows for decoration $45 each. 724-699-7531

3 Way Lift by "Super American" similar to a Hoyer Lift. Can be mounted in the bathroom, in a van or used in bedroom. Folds flat for storage. 2 recover harnesses. $3500. 330-240-7511

34" Fiberglass Door with two 14" side lights.Antique black leaded one of a kind stained glass door $1450 Call for pictures. 724-456-6798

4 Premium studded snow tires, 225/60/16, 5 ply on a tread, very good condition, $400. 4 triple track alum. storm windows, 30w x 48h., best offer. 724-646-0525

4) Jewelry display cases. Brother PR650E embroidery machine. 724-977-1898 or 724-981-4690

565 Chevy Big Block Racing Motor built, 86 Monte Carlo, (drop only), Holley Chassis, John Deer 4 cycle generator, 550 Watt. 724-931-3129.

7 1/2 hp 3 phase Hobart meat grinder, $1200 obo. 330-772-9218

Sofa & chair, $400, side chair, $150, portable D/W, used 4 times, $500, China Cabinet, $800, Treadmill, $200 724-456-7366

---

**455. MISC. MERCHANDISE**

Antique lamps, Key guitar, Barn Stools, Antique Reproductions, Aust. glassware, Aust. Sauer declarers, JD 350 Dozer, Case 311 tractor, JD RX 95 Baler, Foods mower, baling bars, blade, gang mowers, farm wagon, rototiller. 724-662-3397.

Beautiful antique kitchen clock from the late 1800's, working condition. 724-662-2209

Black Powder Muzzleloaders $300 & up 724-962-4725 or 724-301-1340

Black Powder Muzzleloaders $300 & up 724-962-4725 or 724-301-1340

Brand new Canon Pixma Pro-1 with 12 Ink tanks, $800, Brand new Sky caddie, SGX, GPS, $200. 724-347-4629

Classic Dark Wood Breakfront, 8 ft. long. Lenox Harvest Wheat China, 104 pcs. Leave message. 724-962-5458

Couch, blue, burgundy & cream striped, 84", $125 - Treadmill, $150. Grandmother's clock, $375. 2 glass top patio tables, $15 ea. + 1 new still in box, $25. Antique rocking chair, needs caned, $35. Call or text, 724-977-1524. Can text photos.

Couch, brown corduroy $50. 1950 Lane John suite $200. Danville Steele books 4/$1. Vintage teacups and pitchers $1 each. Or best offer. 724-953-3721.

Dog e pink hard bedding pet stuff, sheets, blanket pillowcases, pink canopy, window valance, waste basket, night light, soap and shampoo dispenser) Excellent condition. $25 724-962-5106

---

**455. MISC. MERCHANDISE**

Decorative, Antique 6 burner cast iron wood cook stove, not usable for cooking/heating. $400 obo 724-981-4458

Auto Lift to lift up 20,000 lbs. 3 yrs old. Used about 20 times. Asking $1,300 954-495-1014

Dining room set. Black, table & 8 chairs, large curio & mirror , $495. 724-813-2127

Dining room table & 4 chairs, Tell City hard rock maple, 3 leaves, 102" total length, $300. 724-854-7322

Gas dryer, like new, $200, Older washer, $75. 724-815-3412

"Good As New" Vintage Noritake "Buckingham" China 60 pcs: 8 6 pc. setting $350.- 12 additional pcs $195. Everything $495 47% of retail. 724-342-9870 for details.

Hydraulic drywall tail gate spinner salt spreader; $200 or offer. 724-866-6702

Lionel Pennsylvania Flyer Train Set $125
10" SKIL Table Saw $125
Machinist Tools 724-308-7677

Massaging bit recliner, new $1250, asking $800 obo. Alum. utility case for small truck 60"x 80", $300. 14" Alum. rims, his 15" GM 8 bolt pattern. $250 obo. 724-877-3515

New chicken & pig BBQ spit. 10' x 6' pipe. Easy skewers available. $475. 724-347-1358

New Quad Core Computer System $375 724-342-0098

Pool/Beer can & bottle collection, $100 302-433-9445

---

**455. MISC. MERCHANDISE**

PARA Body 6 station home Gym $3000 new, $1200 sacrifice. 724-456-5363

Pellet stove, multi fuel, pipe included, $550. 724-964-0454

Shaker style Bentwood boxes, beautiful Christmas gifts, cherry, walnut, maple, and oak, 5 sizes $20-$40. Grove City 814-786-0226.

Solid oak entertainment center with glass door and storage drawer. Holds 36" TV, $75. 724-813-0548

Solomon men's ski boots,(9), $75obo, Volant skies / poles, $100, Rossi land skies & Sized poles $125. 724-866-1896

Sony DSC-H x 400V Point and Shoot Camera. Telephoto Lense. Used on 3 trip. Asking $350 724-539-3519

Toy Trains, 100's of O,S,HO/a, Gauge Lionel, MTH, American Flyer, Life Like, Tyco, Bachann, Road house, Athern. Sets also. Broken trains are welcome. 724-962-9876 Leave message

Wedding Gown, Angelique, White with Sequins, Size 20 . Never worn, Paid $1,329, obo. 724-906-2032

Wheel Horse tractor, 8 hp, new deck, $1,600 Wheel Horse tractor with snow plow & mower, 42in. deck. $1,300+724-677-8034

Wooden transfer board $30, 3 sleeveless smocks w/ floral pattern, Size Large, never used $20. 330-240-7511

---

**455. MISC. MERCHANDISE**

**460. MUSICAL**

1883 Mahogany piano, excellent condition, $1500, 330-979-2762

**485. SPORTING GOODS**

Gun Show Dec. 17, 9-5 & Dec. 18, 9-4 Trumbull Plaza, 3405 Parkman Rd., Warren, Ohio. Adm. $6. 330-539-4247

**565. REAL ESTATE**

BROKER/AGENT



REMAX Real Estate Consultants LLC

Serving YOUR Real Estate Needs One Step at a Time
Carl Barbara Smith for that FIRST STEP
Sellers Rep Specialist
Accredited Buyers Rep
NAR's e-Pro
Office 724-662-5520
Cell 724-815-7971
barbarasmith@comcast.com

**REAL ESTATE SALES 505-685**

**510. HOMES for Sale**

3bdrm, 2 story, C/A, 1 acre, 2 car garage, shed. Recently paved driveway. $45,000 South Pymatuning.
724-962-2483

All real estate advertising in this newspaper is subject to the federal Fair Housing Act of 1968 which makes it illegal to advertise any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or any intention to make any such preference, limitation or discrimination. This newspaper will not knowingly accept any advertising of real estate which is in violation of the law. Our readers are hereby informed that all dwellings advertised in this newspaper are available on an equal opportunity basis. To complain of discrimination, call HUD Toll-free at 1-800-669-9777. For the Western Pennsylvania area, please call HUD at (412) 644-6965. The Toll-free number for the hearing impaired (TDD) is: 1-800-927-9275.

**530. LAND/ACREAGE**

Hermitage building lot, all city utilities, mostly approved. $12,500 724-981-8985

**560. INVESTMENT PROPERTY**

2 HOUSES FOR SALE MOVE IN READY MASONRY 4 bdrm, 1.5 ba, garage. 2 bdrm, 2 full ba. $45,000 for both. Potential monthly income $1100. 330-502-3107

**610. HOMES for Rent**

2-3bdrm, Farrell 724-347-4470

Mercer area, 3 bd m, 2 ba. $900. Trash & Sewer incl. Non smoking. No pets 724-699-1434

Sharon 2/3 bdrm with attached garage. $850 + utilities 724-456-0348

King Crossword Answers

Solution time: 25 mins.

---





**ADESA Mercer**
PUBLIC WELCOME
Friday, December 23, 2016
WWW.ADESAMERCER.COM
CNAC
2007 AZERA          7A174003

Make Money
Clean out the attic and make money by selling your finds in the classifieds!

Allied News

We Can Make Your Mem



# EXHIBIT 6

9/11/2018                                                    https://web.archive.org/web/20150818115153/http://www.adesamercer.com/

http://www.adesamercer.com/    Go    JUL **AUG** JAN

**11 captures**     ◀ **18** ▶

18 Aug 2015 - 16 Apr 2018    2014 **2015** **2016**    About this capture



# *ADESA Mercer Auto Auction*

**Hours:**

**Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

<u>*We are a dealer only auction*</u> - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-2840**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)



http://www.adesamercer.com/                    Go     JUL **AUG** JAN                ☻

**11 captures**                                          ◄ **18** ►
18 Aug 2015 - 16 Apr 2018                          2014 **2015** 2016     ▼ About this capture

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

## *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>PIADA TITLE OFFICE</u>

## *<u>PA DEALERS</u> WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* delores.stone@adesa.com *or* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA <u>NEW</u> Fees as of April 1, 2014*

*PA Title fee $50.00, Recording of Lien $23.00, ADESA service fee $10.00*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>Lane Schedule</u>

**Lane A - Dealer Express (Any Year) – 9:45am**

**Lane B - Dealer Express (Any Year) – 9:45am**

**Lane C - Dealer Express (Any Year) – - 9:30am**

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**

**Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am**

9/11/2018    https://web.archive.org/web/20150818115153/http://www.adesamercer.com/

http://www.adesamercer.com/    Go    JUL  **AUG**  JAN    ◉

**11 captures**    ◀  **18**  ▶
18 Aug 2015 - 16 Apr 2018    2014  **2015**  2016    ▼ About this capture

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

** *Upcoming Sale Dates* **

# August 21st - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

# August 28th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

# September 4th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

# September 11th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ August 11, 2015

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to http://www.adesa.com/ for dealer logon or registration.

9/11/2018                    https://web.archive.org/web/20150818115153/http://www.adesamercer.com/

http://www.adesamercer.com/    | Go |    JUL **AUG** JAN    ◉

**11 captures**    ◀ **18** ▶
18 Aug 2015 - 16 Apr 2018    2014 **2015** 2016    ▼ About this capture

Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or
Sharon.white@adesa.com

Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.

**(Heavy Duty Truck Sale is open to the public - call for more information)**

**(Must be a registered dealer to purchase via LiveBlock)**

~~~~~~~~~

A current listing of the units registered for the next sale can be found on
our corporate web page. The list is updated as units are registered. Visit
**www.adesa.com** (dealers only).

Get your units here early in the week so they can be
listed!

***********

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot R) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and
gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back
when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

***********

# *ADESA Mercer: BANK REPO SALE*

9/11/2018                              https://web.archive.org/web/20150818115153/http://www.adesamercer.com/

http://www.adesamercer.com/                    Go      JUL **AUG** JAN          ⊙

11 captures                                           ◀ **18** ▶
18 Aug 2015 - 16 Apr 2018                              2014 **2015** 2016    ▼ About this capture

*Reminder Public buyers may bid on* **Designated Repo Units Only (Lot "R")**

*Units open to the public will have a Buyer Warranty Guide in the window*

**(<u>Dealers</u> be sure to check out <u>www.adesa.com</u> for what other units are registered so far**
**~ updated as units are registered)**

<u>*List is posted mid week for current weeks sale - and is subject to change*</u>

*************

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* <u>sharon.white@adesa.com</u>

*or call our office at 724-662-4500.*

*************

**Visit our corporate Home page at** <u>www.adesa.com</u> **and check out some other ADESA auctions within your area.**

**Send general inquires to <u>admin@adesamercer.com</u>**

*Last Update August 17, 2015*

9/11/2018                                           https://web.archive.org/web/20161004135819/http://adesamercer.com/

| http://adesamercer.com/ | | Go | MAY OCT MAY |
|---|---|---|---|
| 11 captures | | | ◀ 04 ▶ |
| 18 Aug 2015 - 16 Apr 2018 | | | 2015 2016 2018 |



# *ADESA Mercer Auto Auction*

**Office Hours:**

**Monday-Wednesday 9am -4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

***We are a dealer only auction*** - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.


\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

## Phone (724) 662-4500

## Fax (724) 662-2840

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)

# EXHIBIT 7

http://adesamercer.com/   Go   AUG **JAN** MAR
11 captures   ◀ **10** ▶
18 Aug 2015 - 16 Apr 2018   2015 **2016** 2017   ▼ About this capture



# *ADESA Mercer Auto Auction*

**Hours:**

**Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.


**\*\*\*\*\*\*\*\*\*\*\***

# Call early for reservations! Airport pickup available!

### Phone (724) 662-4500

### Fax (724) 662-2840

\*\*\*\*\*\*\*\*\*\*\*\*\*\*



http://adesamercer.com/    (Dealers only)    Go    AUG  **JAN**  MAR
11 captures    ◀  **10**  ▶
18 Aug 2015 - 16 Apr 2019    2015  **2016**  2017    About this capture

The Market Report is available on line

Go to www.adesa.com and sign in or register.

** Report is available morning after the sale ** up to 6 weeks history is kept on line

** pull by a general search or get a very specific search ** pull from more than 1 ADESA auction at a time

** More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

***************

## PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* delores.stone@adesa.com *or* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA Fees*

*PA Title fee $51.00, Recording of Lien $24.00, ADESA service fee $10.00*

********************

## Lane Schedule

### Lane A - Dealer Express (Any Year) – 9:45am



http://adesamercer.com/ **Lane B - Dealer Express (Any Year)** AUG 9:45am MAR

**Lane C - Dealer Express (Any Year) – 9:30am**

11 captures
18 Aug 2015 - 16 Apr 2018                                   2015 **2016** 2017    ▼ About this capture

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**

**Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am**

**Lane G – Dealer Express (Any Year) - 9:00am**

**Lane H – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

**\*\*\*\*\*\*\*\*\*\***

## \*\* *Upcoming Sale Dates* \*\*

*Happy New Year!  Office will be closed 12/31 at noon till Monday 1/4*

# January 8th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# January 15th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# January 22nd - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# January 29th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

**\*\*\*\*\*\*\*\*\*\***

# Heavy Duty Truck Sale



http://adesamercer.com/    Go    AUG   JAN   MAR

11 captures

18 Aug 2015 - 16 Apr 2018     2015   **2016**   2017    ▼ About this capture

**Tuesday ~ January 19th, 2015**

# *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

**Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon or registration.**

*(Please be sure you've got your user id and password before sale time.)*

**Send inquiries on the Heavy Duty Truck Sale to: [mark.carr@adesa.com](mailto:mark.carr@adesa.com) or [Sharon.white@adesa.com](mailto:Sharon.white@adesa.com)**

**Also be sure to visit: [WWW.ADESARIGS.COM](http://WWW.ADESARIGS.COM) for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

**(Must be a registered dealer to purchase via LiveBlock)**

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **[www.adesa.com](http://www.adesa.com)** (dealers only).

Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

# *ADESA Mercer: BANK REPO SALE*

# *January 8, 2015*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(***Lot "HR"***)*

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far**
**~ updated as units are registered)**

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

*List is posted mid week for current weeks sale - and is subject to change*

\*\*\*\*\*\*\*\*\*\*\*\*\*

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* sharon.white@adesa.com

*or call our office at 724-662-4500.*



**Visit our corporate Home page at** www.adesa.com **and check out
some other ADESA auctions within your area.**

**Send general inquires to** admin@adesamercer.com

*Last Update December 30, 2015*

# EXHIBIT 8



http://adesamercer.com/   Go   JAN **MAR** MAY   ◀ **14** ▶   2015 **2016** 2017

11 captures
18 Aug 2015 - 16 Apr 2018

▼ About this capture



# *ADESA Mercer Auto Auction*

**Hours:**

**Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

_We are a dealer only auction_ - with the exception of the
Bank Repo sales that are open to the public. Bank Repo
sales are weekly and units run in Lane H at 9:00am. See
further down for a list of the Fleet/Lease Repo unit
running in the current sale.

Sales are Friday morning. Please call for details.


\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

## Phone (724) 662-4500

## Fax (724) 662-2840

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



EXHIBIT

8



The Market Report is available on line!

Go to www.adesa.com and sign in or register.

** Report is available morning after the sale ** up to 6 weeks history is kept on line

** pull by a general search or get a very specific search ** pull from more than 1 ADESA auction at a time

** More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

***************

## PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to delores.stone@adesa.com or crystal.mcintire@adesa.com*

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA Fees*

*PA Title fee $51.00, Recording of Lien $24.00, ADESA service fee $10.00*

********************

## Lane Schedule

**Lane A - Dealer Express (Any Year) – 9:45am**

http://adesamercer.com/

11 captures
18 Aug 2015 - 16 Apr 2018

JAN   14   MAY
2015  2016  2017

About this capture

**Lane B - Dealer Express (Any Year) - 9:45am**

**Lane C - Dealer Express (Any Year) - 9:30am**

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**

**Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am**

**Lane G – Dealer Express (Any Year) - 9:00am**

**Lane H – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

**\*\*\*\*\*\*\*\*\*\*\***

## \*\* *Upcoming Sale Dates* \*\*

# March 11th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# March 18th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# March 25th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

# April 1st - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

**\*\*\*\*\*\*\*\*\*\***

# Heavy Duty Truck Sale

## Tuesday ~ March 15, 2016



# *Dealers – can't make it to the sale?*

## *Bid on LiveBlock!!*

**Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon or registration.**

*(Please be sure you've got your user id and password before sale time.)*

**Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or Sharon.white@adesa.com**

**Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

**(Must be a registered dealer to purchase via LiveBlock)**

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

***********

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*



http://adesamercer.com    Go    JAN  MAR  MAY

11 captures                              14
18 Aug 2015 - 16 Apr 2018          2015  2016  2017    ▼ About this capture

*...may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*

# ADESA Mercer: BANK REPO SALE

# March 11, 2016

*Reminder* Public buyers *may bid on* **Designated Repo Units Only (Lot "HR")**

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far ~ updated as units are registered).**

| Lot | # | Year | Make | Model Body Doors Color | Odom |
|-----|---|------|------|------------------------|------|
| HR | 12 | 2005 | JEEP | LIBERTY SPRT 4DR 4X4 4D Blue | 156399 |
| HR | 13 | 2011 | RAM | 1500 BIG HORN 4X4 QUAD CAB 140.5" 4D Grey | 99386 |
| HR | 14 | 2008 | CHEV | HHR LT FWD 4DR 4D Orange | 123433 |

*List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

\*\*\*\*\*\*\*\*\*\*\*\*\*

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* sharon.white@adesa.com

*or call our office at 724-662-4500.*



Visit our corporate Home page at www.adesa.com and check out
some other ADESA auctions within your area.

Send general inquires to admin@adesamercer.com

*Last Update March 9, 2016*

# EXHIBIT 9

http://adesamercer.com:80/ [Go] MAR MAY OCT

**11 captures** ◀ **22** ▶
18 Aug 2015 - 16 Apr 2018 2015 2016 2017



# *ADESA Mercer Auto Auction*

**Hours:**

**Monday-Wednesday & Friday 9:00am - 5:00pm Thursday 9:00am to 8:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the
public. Bank Repo sales are weekly and units run in Lane H at 9:00am. See further down for a list
of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

## Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-2840**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)

## The Market Report is available on line!

Go to www.adesa.com and sign in or register.

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT. STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to delores.stone@adesa.com or crystal.mcintire@adesa.com*

*Title office hours Monday-Thursday 9:30am to 4:00pm*

*Friday 8:00am – 4:00 pm*

*(Closed 12:30 to 1:00pm for lunch)*

*Commonwealth of PA Fees*



EXHIBIT
9
tabbies

9/11/2018                          https://web.archive.org/web/20160522184310/http://adesamercer.com:80/



## Lane Schedule

Lane A - Dealer Express (Any Year) – 9:45am

Lane B - Dealer Express (Any Year) – 9:45am

Lane C - Dealer Express (Any Year) – - 9:30am

Lane D - Dealer Express (Any Year) - 9:30am

Lane E – Dealer Express (Any Year) - 9:15am

Lane F - Dealer Express (Any Year) – Starts with Inops at appx 8:45am

Lane G – Dealer Express (Any Year) – 9:00am

Lane H – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

\*\* *Upcoming Sale Dates* \*\*

## May 20th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

## May 27th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

## June 3rd - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

## June 10th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo - Running in Lane H

\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ May 17, 2016

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to http://www.adesa.com/ for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or Sharon.white@adesa.com

Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

~~~~~~~~~

9/11/2018                     https://web.archive.org/web/20160522184310/http://adesamercer.com:80/



http://adesamercer.com:80/                                          Go    MAR  MAY  OCT
11 captures                                                              ◀  22  ▶
18 Aug 2015 - 16 Apr 2018                                               2015  2016  2017

Get your units here early in the week so they can be listed!

*\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

*\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

## *May 20, 2016*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(*Lot "HR")

*Units open to the public will have a Buyer Warranty Guide in the window*

**(Dealers** make sure to check out **www.adesa.com** for what other units are registered so far
~ updated as units are registered).**

| Lot | # | Year | Make | Model Body Doors Color | Odom | | HR | # | Year | Make | Model Body Doors Color |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HR | 1 | 2014 | CHRYS | 300 4DR SDN AWD 4D White | 34484 | | HR | 52 | 2011 | NISSAN | FRONTIER S 2WD CREW CAB SWB AUT 4D Whit |
| HR | 3 | 2011 | GMC | ACADIA SL FWD 4DR 4D Grey | 61397 | | HR | 54 | 2012 | TOYOTA | COROLLA S 4DR SDN AUTO (NATL) 4D Red |
| HR | 4 | 2012 | HONDA | CIVIC SDN EX 4DR AUTO 4D Maroon | 55764 | | HR | 55 | 2013 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Black |
| HR | 5 | 2013 | HYUNDAI | SANTA FE SPRT FWD 4DR 4D Black | 76459 | | HR | 56 | 2008 | LINC | MKZ 4DR SDN AWD 4D Grey |
| HR | 6 | 2010 | FORD | ESCAPE LTD 4X4 4DR 4D Black | 76697 | | HR | 57 | 2012 | KIA | OPTIMA LX 4DR SDN 2.4L AUTO 4D White |
| HR | 7 | 2015 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 4D Black | 46162 | | HR | 58 | 2009 | HONDA | ACCORD SDN EX 4DR V6 AUTO 4D Gold |
| HR | 8 | 2014 | FORD | FOCUS SE 4DR SDN 4D Red | 78835 | | HR | 59 | 2012 | FORD | ESCAPE XLT 4X4 4DR 4D Black |
| HR | 9 | 2013 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Brown | 37960 | | HR | 60 | 2009 | CHRYS | TWN&CNTRY LX 4DR WGN 4D Silver |
| HR | 10 | 2014 | JEEP | PATRIOT LATITUDE 4X4 4DR 4D Silver | 56815 | | HR | 61 | 2008 | CHEV | IMPALA LT 4DR SDN 3.5L 4D Gold |
| HR | 11 | 2014 | CHEV | MALIBU LT 4DR SDN 4D White | 25031 | | HR | 62 | 2010 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Black |
| HR | 12 | 2014 | CHEV | CRUZE LS 4DR SDN 4D Black | 16254 | | HR | 63 | 2010 | MAZDA | MAZDA3 I TRING 4DR SDN AUTO 4D Grey |
| HR | 13 | 2014 | NISSAN | VERSA SV 4DR SDN CVT 1.6 4D Silver | 48813 | | HR | 64 | 2012 | FORD | FOCUS SE 4DR SDN 4D Black |
| HR | 14 | 2016 | KIA | FORTE LX 4DR SDN AUTO 4D Red | 4157 | | HR | 65 | 2010 | JEEP | PATRIOT SPRT 4X4 4DR *LTD AVAIL* 4D Silver |
| HR | 16 | 2011 | NISSAN | JUKE SV 5DR WGN I4 CVT AWD 4D Grey | 119018 | | HR | 66 | 2010 | DODGE | CHARGER R/T 4DR SDN RWD *LTD AVA 4D Whit |
| HR | 17 | 2010 | SCION | TC 2DR HB AUTO (NATL) 2D Blue | 77756 | | HR | 68 | 2007 | HONDA | CR-V EX 4X4 5DR 4D Silver |
| HR | 19 | 2007 | CHEV | EQUINOX LT AWD 4DR 4D White | 88086 | | HR | 69 | 2007 | MAZDA | MAZDA5 GRAND TRING 4DR WGN AUTO 4D Bla |
| HR | 20 | 2007 | HYUNDAI | SANTA FE LTD AWD 4DR LTD AV 4D White | 92964 | | HR | 70 | 2011 | CHEV | MALIBU LS W/1LS 4DR SDN 4D Blue |
| HR | 21 | 2005 | CHEV | TAHOE LS 4DR 1500 4D Gold | 75675 | | HR | 71 | 2008 | MAZDA | MAZDA5 TRING 4DR WGN AUTO 4D Silver |
| HR | 22 | 2008 | JEEP | WRANGLER X 4X4 2DR 2D Red | 106480 | | HR | 72 | 2008 | FORD | FUSION SEL 4DR SDN I4 FWD 4D Black |
| HR | 23 | 2009 | SUBARU | IMPREZA SDN WRX 4DR MAN 4D Black | 65896 | | HR | 73 | 2011 | CHEV | MALIBU LS W/1LS 4DR SDN 4D Brown |
| HR | 24 | 2013 | DODGE | DART SXT 4DR SDN 4D Silver | 44920 | | HR | 74 | 2004 | DODGE | RAM 1500 SLT 4DR QUAD CAB 140.5" 4D Orang |
| HR | 25 | 2007 | MERC | MILAN PREMIER 4DR SDN I4 FWD 4D White | 68095 | | HR | 75 | 2010 | JEEP | WRANGLER SPRT 4X4 2DR 2D Black |
| HR | 26 | 2005 | BUICK | LESABRE CUSTOM 4DR SDN 4D Silver | 108836 | | HR | 76 | 2011 | CHEV | TRAVERSE LT W/1LT AWD 4DR 4D White |
| HR | 27 | 2011 | NISSAN | SENTRA 2.0 SL 4DR SDN I4 CVT 4D Silver | 48451 | | HR | 77 | 2008 | FORD | ESCAPE XLT 4X4 4DR V6 AUTO 4D Red |
| HR | 28 | 2015 | SUBARU | FORESTER 2.5I PREMIUM 4DR 4D Black | 16730 | | HR | 78 | 2011 | HYUNDAI | SONATA SE 4DR SDN 2.0L AUTO *L 4D Red |
| HR | 29 | 2008 | HONDA | ACCORD SDN EX 4DR V6 AUTO 4D Green | 113005 | | HR | 79 | 2007 | JEEP | COMMANDER SPRT 4X4 4DR AUTO 4D Maroon |
| HR | 30 | 2004 | VW | TOUAREG 4DR V8 4D Maroon | 91494 | | HR | 80 | 2007 | GMC | ACADIA SLT AWD 4DR 4D Grey |
| HR | 31 | 2010 | HYUNDAI | SONATA LTD 4DR SDN I4 AUTO 4D Blue | 92088 | | HR | 81 | 2011 | TOYOTA | RAV4 LTD 4X4 4DR 4-CYL 4-SPD 4D Silver |
| HR | 32 | 2013 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO 4D Black | 26673 | | HR | 82 | 2011 | CHEV | EQUINOX LT W/1LT AWD 4DR 4D Beige |
| HR | 33 | 2007 | CHEV | IMPALA 3.9L LT 4DR SDN 4D White | 54597 | | HR | 83 | 2008 | ACURA | RDX TECH PKG 4X4 4DR 4D Black |

9/11/2018                                https://web.archive.org/web/20160522184310/http://adesamercer.com:80/



| HR | 37 | 2011 | CHEV | IMPALA LS FLEET 4DR SDN 4D Black | 109419 | HR | 87 | 2006 | NISSAN | MAXIMA 3.5 SE 4DR SDN V6 AUTO 4D Gold |
|----|----|------|------|-----|-----|----|----|------|------|------|
| HR | 38 | 2008 | JEEP | LIBERTY SPRT 4X4 4DR 4D Red | 113717 | HR | 88 | 2009 | DODGE | JOURNEY SXT AWD 4DR 4D Gold |
| HR | 39 | 2011 | VW | JETTA SPRTWAGEN TDI 4DR DSG 4D Black | 61337 | HR | 89 | 2013 | CHEV | SONIC LS 5DR HB 4D Black |
| HR | 40 | 2013 | DODGE | DART SXT 4DR SDN 4D Silver | 62884 | HR | 90 | 2010 | FORD | FUSION SE 4DR SDN FWD 4D Silver |
| HR | 41 | 2010 | FORD | F-150 XLT 4X4 S/CREW 145" 4D Grey | 105740 | HR | 91 | 2005 | FORD | F-150 STX S/CAB 133" 4X4 2D Brown |
| HR | 42 | 2012 | GMC | SIERRA 2500HD SLT 4X4 XCAB 144.2" 2D Silver | 61575 | HR | 92 | 2010 | CHEV | COBALT LT W/2LT 4DR SDN 4D Red |
| HR | 43 | 2013 | CHEV | IMPALA LT 4DR SDN 4D Red | 72436 | HR | 93 | 2008 | SATURN | OUTLOOK XE FWD 4DR 4D Purple |
| HR | 44 | 2011 | TOYOTA | COROLLA LE 4DR SDN AUTO (NATL) 4D Silver | 109387 | HR | 94 | 2006 | CHRYS | SEBRING SDN TRING 4DR 4D Red |
| HR | 45 | 2013 | HYUNDAI | ELANTRA LTD 4DR SDN AUTO 4D Red | 30195 | HR | 95 | 2007 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 CVT 4D Grey |
| HR | 46 | 2011 | KIA | SEDONA LX 4DR LWB 4D Blue | 43580 | HR | 96 | 2010 | CHEV | MALIBU LT W/1LT 4DR SDN 4D Silver |
| HR | 47 | 2007 | CHEV | IMPALA 3.5L LT 4DR SDN 4D Blue | 110904 | HR | 97 | 2006 | JEEP | G CHEROKEE LARD 4DR 4X4 4D Gold |
| HR | 48 | 2010 | CHEV | SILVERADO 1500 LT 4X4 CREW CAB 4D Aqua | 107232 | HR | 98 | 2006 | MERC | MILAN 4DR SDN 3.0 4D Green |
| HR | 49 | 2011 | FORD | FOCUS SE 4DR SDN 4D Silver | 109052 | HR | 132 | 2008 | CHEV | HHR LT FWD 4DR 4D Silver |
| HR | 50 | 2015 | CHRYS | 200 LTD 4DR SDN FWD 4D Blue | 15725 | HR | 133 | 2013 | DODGE | AVENGER SE 4DR SDN 4D White |
| HR | 51 | 2014 | HYUNDAI | ELANTRA GT 5DR HB AUTO 4D Blue | 38751 | HR | 134 | 2012 | NISSAN | SENTRA 2.0 SR 4DR SDN I4 CVT 4D White |

*List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

**************

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at*
sharon.white@adesa.com

*or call our office at 724-662-4500.*

**************

**Visit our corporate Home page at** www.adesa.com **and check out some other ADESA auctions within your area.**

Send general inquires to admin@adesamercer.com

*Last Update May 18, 2016*

# EXHIBIT 10

https://web.archive.org/web/20161004135819/http://adesamercer.com/

| http://adesamercer.com/ | Go | MAY OCT MAY |
| 11 captures | | ◄ **04** ► |
| 18 Aug 2015 - 16 Apr 2018 | | 2015 **2016** 2018 |

▼ About this capture

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>PIADA TITLE OFFICE</u>

### *<u>PA DEALERS</u> WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

### *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to  crystal.mcintire@adesa.com*

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*

*Commonwealth of PA Fees*

*PA Title fee $51.00, Recording of Lien $24.00, ADESA service fee $10.00*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>Lane Schedule</u>

**Lane A - Dealer Express (Any Year) – 9:45am**

**Lane B - Dealer Express (Any Year) – 9:45am**

**Lane C - Dealer Express (Any Year) – - 9:30am**

**Lane D - Dealer Express (Any Year) - 9:30am**

**Lane E – Dealer Express (Any Year) - 9:15am**



EXHIBIT

10

9/11/2018    https://web.archive.org/web/20161004135819/http://adesamercer.com/

http://adesamercer.com/    Go    MAY **OCT** MAY    ⬤

**11 captures**    ◀ **04** ▶
18 Aug 2015 - 16 Apr 2018    2015 **2016** 2018    ▼ About this capture

**Lane H – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

\*\*\*\*\*\*\*\*\*\*

\*\* *Upcoming Sale Dates* \*\*

## October 7th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H.**

## October 14th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

## October 21st - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

## October 28th - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo - Running in Lane H**

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ October 18, 2016

*Dealers - can't make it to the sale?*

*Bid on LiveBlock!!*

Go to http://www.adesa.com/ for dealer logon or registration.

9/11/2018                                    https://web.archive.org/web/20161004135819/http://adesamercer.com/

http://adesamercer.com/                                    Go   MAY  OCT  MAY                ⊙

11 captures                                                  ◄  **04**  ►

18 Aug 2015 - 16 Apr 2018                                      2015  **2016**  2018       ▼ About this capture

**Send inquiries on the Heavy Duty Truck Sale to:** mark.carr@adesa.com **or** Sharon.white@adesa.com

**Also be sure to visit:** WWW.ADESARIGS.COM **for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

**(Must be a registered dealer to purchase via LiveBlock)**

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane H (lot HR) at 9:00am.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

# *ADESA Mercer: BANK REPO SALE*

9/11/2018                                    https://web.archive.org/web/20161004135819/http://adesamercer.com/

http://adesamercer.com/     Go     MAY  OCT  MAY        ◉
11 captures                        ◀  04  ▶
18 Aug 2015 - 16 Apr 2018          2015 2016 2018    ▼ About this capture

*Reminder Public buyers may bid on* **Designated Repo Units Only (Lot "HR")**

*Units open to the public will have a Buyer Warranty Guide in the window*

(<u>Dealers</u> make sure to check out <u>www.adesa.com</u> for what other units are registered so far
~ updated as units are registered).

<u>*List is posted mid week for current weeks sale - and is subject to change*</u>

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

*************

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* <u>sharon.white@adesa.com</u>

*or call our office at 724-662-4500.*

*************

Visit our corporate Home page at <u>www.adesa.com</u> and check out some other ADESA auctions within your area.

Send general inquires to <u>admin@adesamercer.com</u>

*Last Update October 3, 2016*

# EXHIBIT 11

http://adesamercer.com/                                              Go   OCT **MAY** SEP
11 captures                                                          ◀ **20** ▶
18 Aug 2015 - 16 Apr 2018                                            **2016** **2017** 2018



# *ADESA Mercer Auto Auction*

**Office Hours:**

**Monday-Wednesday 9am –4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior to arrival)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane F at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-8716**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)

## The Market Report is available on line!

Go to www.adesa.com and sign in or register.

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

*Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

*PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

*STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to crystal.mcintire@adesa.com*

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30 am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*



EXHIBIT

11

tabbies*

9/11/2018                    https://web.archive.org/web/20170520055728/http://adesamercer.com/

http://adesamercer.com/                          Go   OCT  MAY  SEP
11 captures                                           ◄ 20 ►
18 Aug 2015 - 16 Apr 2018                          2016 2017 2018       ▼ About this capture

Lane A - Dealer Express (Any Year) – - 9:45am

Lane B - Dealer Express (Any Year) - 9:30am

Lane C – Dealer Express (Any Year) - 9:30am

Lane D - Dealer Express (Any Year) – Starts with Tow Row at appx 8:30am

Lane E – Dealer Express (Any Year) – 9:00am

Lane F – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

\*\* *Upcoming Sale Dates* \*\*

## May 19th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

## May 26th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

## June 2nd - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

## June 9th - Dealer Consignment Sale

Public Sale - Fleet Lease/Bank Repo (details below)

\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Tuesday ~ May 16, 2017

*Dealers - can't make it to the sale?*

*Bid on LiveBlock!!*

Go to http://www.adesa.com/ for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or star.wheeler@adesa.com

Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.

(Heavy Duty Truck Sale is open to the public - call for more information)

(Must be a registered dealer to purchase via LiveBlock)

Heavy Duty Truck Sale is also available via www.EquipmentFacts.com

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

9/11/2018                                      https://web.archive.org/web/20170520055728/http://adesamercer.com/



*Public Buyers:*

*Bank Repo Units are offered weekly in Lane F (lot FR) at 9:00am.*

*AR units will run in the A Lane in order with the A Lot numbers.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

## *May 19, 2017*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(*Lot "FR & AR"*)*

**(Dealers make sure to check out www.adesa.com for what other units are registered so far
~ updated as units are registered).**

| Lot | # | Year | Make | Model Body Doors Color | Odom |
|-----|---|------|------|------------------------|------|
| FR | 1 | 2014 | CHRYS | 300 4DR SDN AWD 4D Blue | 37200 |
| FR | 2 | 2016 | JEEP | PATRIOT LATITUDE 4X4 4DR 4D Green | 11455 |
| FR | 4 | 2016 | SCION | TC 2DR HB MAN (NATL) 2D White | 15978 |
| FR | 5 | 2012 | BUICK | ENCLAVE LEATHER AWD 4DR 4D Beige | 70746 |
| FR | 7 | 2015 | CHEV | CRUZE LS 4DR SDN 4D Blue | 34575 |
| FR | 8 | 2013 | NISSAN | SENTRA SV 4DR SDN I4 CVT 4D Grey | 54774 |
| FR | 10 | 2014 | NISSAN | CUBE S 5DR WGN CVT 4D White | 19875 |
| FR | 11 | 2009 | LEXUS | ES 350 4DR SDN 4D Black | 84026 |
| FR | 12 | 2014 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 4D Blue | 54043 |
| FR | 13 | 2011 | CHEV | SILVERADO 1500 4X4 CREW CAB 143.5" 4D White | 77914 |
| FR | 14 | 2015 | CHEV | SONIC LS 4DR SDN 4D Red | 14569 |
| FR | 15 | 2014 | NISSAN | MAXIMA 3.5 S 4DR SDN 4D Purple | 55590 |
| FR | 16 | 2011 | CHEV | MALIBU LT W/1LT 4DR SDN 4D Silver | 73058 |
| FR | 17 | 2015 | HYUNDAI | ELANTRA SE 4DR SDN AUTO (ULSAN 4D Blue | 29579 |
| FR | 18 | 2012 | HONDA | ACCORD SDN EX 4DR I4 AUTO 4D Silver | 87112 |
| FR | 19 | 2010 | FORD | F-150 STX 4X4 S/CAB 145" 2D Grey | 68075 |
| FR | 20 | 2013 | CHEV | SILVERADO 1500 LTZ 4X4 XCAB 143.5" 2D Black | 47098 |
| FR | 21 | 2008 | TOYOTA | RAV4 LTD 4X4 4DR V6 5-SPD AT 4D Silver | 57450 |
| FR | 22 | 2013 | HYUNDAI | VELOSTER RE:MIX 3DR CPE AUTO 3D White | 42131 |
| FR | 23 | 2015 | CHRYS | 200 LTD 4DR SDN FWD 4D White | 41277 |
| FR | 24 | 2008 | MERCEDES-BENZ | C-CLASS 3.0L SPRT 4DR SDN 4MATIC 4D Black | 96899 |
| FR | 25 | 2010 | FORD | EXPLORER XLT 4X4 4DR 4D Blue | 114397 |
| FR | 26 | 2012 | CHEV | EQUINOX LT W/1LT AWD 4DR 4D Blue | 119457 |
| FR | 28 | 2012 | CHEV | CRUZE LT W/1LT 4DR SDN 4D Silver | 91816 |
| FR | 29 | 2012 | JEEP | COMPASS LATITUDE 4X4 4DR 4D Maroon | 76897 |
| FR | 30 | 2010 | HONDA | CIVIC SDN LX 4DR AUTO 4D Grey | 79095 |
| FR | 31 | 2011 | HYUNDAI | SONATA GLS 4DR SDN 2.4L AUTO 4D White | 80703 |
| FR | 32 | 2011 | FORD | F-150 XLT 4X4 S/CREW 145" 4D Blue | 53735 |
| FR | 34 | 2008 | BUICK | LACROSSE CX 4DR SDN 4D Silver | 118579 |
| FR | 35 | 2011 | HYUNDAI | TUCSON GLS FWD 4DR AUTO 4D Green | 62456 |
| FR | 36 | 2014 | KIA | OPTIMA LX 4DR SDN 4D White | 59110 |
| FR | 37 | 2010 | DODGE | JOURNEY SXT AWD 4DR 4D White | 115735 |
| FR | 38 | 2013 | CHEV | CRUZE 1LT 4DR SDN 4D Silver | 70246 |
| FR | 39 | 2012 | HYUNDAI | ELANTRA TRING 4DR SDN WGN AUTO 4D Red | 58887 |
| FR | 40 | 2005 | CHEV | COLORADO LS Z85 CREW CAB 126.0" WB 4 4D Red | 123778 |
| FR | 41 | 2012 | KIA | SOUL + 5DR WGN AUTO 4D Brown | 45601 |

| Lot | # | Year | Make | Model Body Doors Color |
|-----|---|------|------|------------------------|
| FR | 51 | 2012 | CHRYS | 200 LTD 4DR SDN 4D Brown |
| FR | 52 | 2013 | RAM | 1500 EXPRESS 4X4 QUAD CAB 1 |
| FR | 53 | 2012 | CHEV | MALIBU LT W/2LT 4DR SDN 4D |
| FR | 54 | 2014 | FORD | FUSION SE 4DR SDN FWD 4D Sil |
| FR | 55 | 2011 | HYUNDAI | SONATA LTD 4DR SDN 2.4L AUT |
| FR | 56 | 2012 | KIA | FORTE EX 4DR SDN AUTO 4D W |
| FR | 57 | 2012 | NISSAN | ALTIMA 2.5 S 4DR SDN I4 CVT 4 |
| FR | 58 | 2015 | FORD | FUSION S 4DR SDN FWD 4D Blue |
| FR | 59 | 2009 | DODGE | NITRO SLT 4X4 4DR 4D Blue |
| FR | 61 | 2004 | NISSAN | XTERRA XE 4DR 4X4 V6 AUTO 4 |
| FR | 62 | 2009 | MINI | COOPER HARDTOP S 2DR CPE 2 |
| FR | 63 | 2012 | TOYOTA | RAV4 4X4 4DR I4 (NATL) 4D Bl |
| FR | 64 | 2010 | DODGE | CHARGER SXT 4DR SDN RWD 4I |
| FR | 65 | 2011 | FORD | MUSTANG V6 2DR CPE 2D Black |
| FR | 66 | 2010 | CHRYS | TWN&CNTRY LTD 4DR WGN 4D |
| FR | 67 | 2007 | MERCEDES-BENZ | C-CLASS 2.5L SPRT 4DR SDN RW |
| FR | 68 | 2011 | BMW | 3 SERIES 328I XDRIVE 4DR SDN |
| FR | 69 | 2010 | LINC | MKS W/ECOBOOST 4DR SDN 3. |
| FR | 70 | 2010 | FORD | ESCAPE XLT 4X4 4DR 4D Blue |
| FR | 71 | 2010 | CHEV | MALIBU LT W/2LT 4DR SDN 4D H |
| FR | 72 | 2008 | CHEV | EQUINOX LT AWD 4DR 4D Grey |
| FR | 73 | 2011 | HYUNDAI | ELANTRA GLS 4DR SDN AUTO (A |
| FR | 74 | 2008 | SUBARU | TRIBECA 7-PASS LTD 4DR 4D Gr |
| FR | 75 | 2007 | HYUNDAI | SANTA FE SE 4DR 4D AUTO *1 |
| FR | 76 | 2012 | CHEV | CRUZE ECO 4DR SDN 4D Maroo |
| FR | 77 | 2008 | GMC | SIERRA 1500 SLE1 4X4 CREW C |
| FR | 78 | 2010 | DODGE | CALIBER SXT 4DR HB 4D Silver |
| FR | 79 | 2009 | CHEV | TRAVERSE LS FWD 4DR 4D Blue |
| FR | 80 | 2008 | SUBARU | LEGACY 3.0R LTD W/NAV 4DR H |
| FR | 81 | 2009 | NISSAN | MURANO SL 2WD 4DR 4D Black |
| FR | 82 | 2008 | PONT | G6 4DR SDN 4D Silver |
| FR | 83 | 2011 | CHRYS | 200 TRING 4DR SDN 4D Black |
| FR | 84 | 2011 | CHEV | AVEO LS 4DR SDN 4D White |
| FR | 85 | 2012 | FORD | FOCUS SE 5DR HB 4D Grey |
| FR | 86 | 2008 | CAD | CTS AWD W/1SB 4DR SDN 4D B |
| AR | 51 | 2007 | CHEV | HHR LS 2WD 4DR 4D Teal |
| AR | 52 | 2005 | HYUNDAI | TUCSON GLS 4DR FWD 2.7L V6 |

9/11/2018                                    https://web.archive.org/web/20170520055728/http://adesamercer.com/

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| http://adesamercer.com/ | | | | | | | | Go | OCT | MAY | SEP |
| 11 captures | | | | | | | | | ◀ **20** ▶ | | |
| 18 Aug 2015 - 16 Apr 2018 | | | | | | | | | **2016** **2017** 2018 | | |
| FR | 45 | 2009 | TOYOTA | SIENNA XLE SDR 7-PASS VAN FWD ( 4D Grey | 56034 | AR | 56 | 2006 | FORD | FUSION SE 4DR SDN V6 4D Silve |
| FR | 46 | 2010 | HONDA | ACCORD SDN LX-P 4DR I4 AUTO 4D Purple | 47196 | AR | 57 | 2004 | FORD | EXPLORER XLS 4DR 114" WB 4.0 |
| FR | 47 | 2009 | NISSAN | ALTIMA 2.5 SL 4DR SDN I4 CVT 4D Grey | 69908 | AR | 58 | 2008 | KIA | RONDO LX 4DR WGN V6 4D Silv |
| FR | 48 | 2015 | FORD | FOCUS SE 4DR SDN 4D Red | 26888 | AR | 59 | 2003 | DODGE | DURANGO SPRT 4DR 4X4 4D Bl |
| FR | 49 | 2009 | GMC | YUKON XL SLT W/4SB 4X4 4DR 1500 4D White | 109970 | AR | 60 | 2002 | DODGE | GRAND CARAVAN EX 4DR GRAN |
| FR | 50 | 2015 | DODGE | CHALLENGER SXT 2DR CPE 2D Grey | 37820 | AR | 61 | 2010 | DODGE | JOURNEY SE FWD 4DR 4D Gold |

*List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

**************

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at*
star.wheeler@adesa.com

*or call our office at 724-662-4500.*

**************

**Dealers please visit our corporate Home page at** www.adesa.com **and check out some other ADESA auctions
within your area.**

Send general inquires to admin@adesamercer.com

*Last Update May 17, 2017*

# EXHIBIT 12

9/11/2018                                          https://web.archive.org/web/20170914164031/http://adesamercer.com/





# *ADESA Mercer Auto Auction*

**Office Hours:**

**Monday-Wednesday 9am -4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior to arrival)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

_**We are a dealer only auction**_ - with the exception of the Bank Repo sales that are open to the public. Bank Repo sales are weekly and units run in Lane F at 9:00am. See further down for a list of the Fleet/Lease Repo unit running in the current sale.

Sales are Friday morning. Please call for details.


\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

### Phone (724) 662-4500

### Fax (724) 662-8716

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(Dealers only)



9/11/2018                                          https://web.archive.org/web/20170914164031/http://adesamercer.com/

http://adesamercer.com/                          Go    MAY  SEP  MAR          ◉

11 captures                                            ◀  14  ▶
18 Aug 2015 - 16 Apr 2018                        2016  2017  2018    ▼ About this capture

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>PIADA TITLE OFFICE</u>

### *<u>PA DEALERS</u> WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

### *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to* crystal.mcintire@adesa.com

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>Lane Schedule</u>

**Lane A - Dealer Express (Any Year) – - 9:30am**

**Lane B - Dealer Express (Any Year) - 9:30am**

**Lane C – Dealer Express (Any Year) - 9:30am**

**Lane D - Dealer Express (Any Year) – Starts with Tow Row at appx 8:45am**

**Lane E – Dealer Express (Any Year) - 9:00am**

**Lane F – Fleet/Lease & Repos – 9:00am**

**(Start times may be adjusted)**

\*\*\*\*\*\*\*\*\*\*\*

9/11/2018                                    https://web.archive.org/web/20170914164031/http://adesamercer.com/

http://adesamercer.com/ | Go | MAY SEP MAR | ⦿
11 captures
18 Aug 2015 - 16 Apr 2018 | ◀ 14 ▶ | 2016 2017 2018 | ▾ About this capture

# September 15ᵗʰ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

# September 22ⁿᵈ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

# September 29ᵗʰ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

# October 6ᵗʰ - Dealer Consignment Sale

**Public Sale - Fleet Lease/Bank Repo (details below)**

**\*\*\*\*\*\*\*\*\*\***

# Heavy Duty Truck Sale

## Tuesday ~ September 19, 2017

### *Dealers - can't make it to the sale?*

### *Bid on LiveBlock!!*

Go to [http://www.adesa.com/](http://www.adesa.com/) for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

**Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or star.wheeler@adesa.com**

**Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

9/11/2018                                        https://web.archive.org/web/20170914164031/http://adesamercer.com/

| http://adesamercer.com/ | Go | MAY  SEP  MAR | 👤 |

11 captures
18 Aug 2015 - 16 Apr 2018                                ◀ **14** ▶
                                                        **2016 2017** 2018    ▾ About this capture

~~~~~~~~~

A current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

## Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly in Lane F (lot FR) at 9:00am.*

*AR units will run in the A Lane in order with the A Lot numbers.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*To get a bid number you need...*

*Proof of Insurance, $1000.00 deposit (if you don't buy you get it back when you leave), and ID.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

## *September 15, 2017*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** *(***Lot "FR & AR")**

9/11/2018                                                    https://web.archive.org/web/20170914164031/http://adesamercer.com/

| http://adesamercer.com/ | Go | MAY  SEP  MAR | ⊙ |

**11 captures**
18 Aug 2015 - 16 Apr 2018

◀ **14** ▶

**2016  2017**  2018          ▼ About this capture

## ~ updated as units are registered).

*List is posted mid week for current weeks sale - and is subject to change*

*(If list isn't posted Wed afternoon – please call the auction to have Repo list emailed to you.)*

**\*\*\*\*\*\*\*\*\*\*\*\*\***

*For more information about the Fleet/Lease & Bank Repo sale you can email the Fleet/Lease Department at* star.wheeler@adesa.com

*or call our office at 724-662-4500.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Dealers please visit our corporate Home page at www.adesa.com and check out some other ADESA auctions within your area.

**Send general inquires to admin@adesamercer.com**

*Last Update September 11, 2017*

# EXHIBIT 13

http://adesamercer.com/   [Go]   SEP **MAR** APR
11 captures
18 Aug 2015 - 16 Apr 2018   ◀ **30** ▶   2016 **2018** 2019   ▼ About this capture



# *ADESA Mercer Auto Auction*

**Office Hours:**

**Monday-Wednesday 9am -4pm : Thursday 9:00am to 5:00pm : Friday 8:00am - 5:00pm**

**Guard on Premise 24/7 (during holidays make sure of Lot hours prior to arrival)**

Located off I-79 Exit 121 * On Route 62 * towards Mercer apprx 1 mile

758 Franklin Road

Mercer PA 16137

*We are a dealer only auction* - with the exception of the
Bank Repo sales that are open to the public. Bank Repo
sales are weekly and units run in Lane F at 9:00am. See
further down for a list of the Fleet/Lease Repo unit
running in the current sale.

Sales are Friday morning. Please call for details.

\*\*\*\*\*\*\*\*\*\*\*

# Call early for reservations! Airport pickup available!

**Phone (724) 662-4500**

**Fax (724) 662-8716**



EXHIBIT
13

http://adesamercer.com/   *************   Go   SEP **MAR** APR   ☺ ? ✕

11 captures   ◀ **30** ▶   f 🐦
18 Aug 2015 - 16 Apr 2018   (Dealers only)   2016 **2018** 2019   ▼ About this capture

# The Market Report is available on line!

Go to www.adesa.com and sign in or register.

\*\* Report is available morning after the sale \*\* up to 6 weeks history is kept on line

\*\* pull by a general search or get a very specific search \*\* pull from more than 1 ADESA auction at a time

\*\* More detail than on the printed report

### *Check out the new & improved run list for the auctions!*

*See what is selling on LiveBlock - bid against the dealers at the sale!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PIADA TITLE OFFICE

### *PA DEALERS WHY SEND YOUR TITLE TO HARRISBURG AND WAIT DAYS - COME SEE US, WE'LL TRANSFER YOUR TITLE WHILE YOU WAIT.*

### *STOP IN AND SEE US OR CALL FOR MORE DETAILS*

*Email title office questions to crystal.mcintire@adesa.com*

*Title office hours Monday-Thursday 9:30am to 3:00pm*

*Friday 8:30am – 3:00 pm*

*(Closed 12:30pm to 1:00pm for lunch)*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Lane Schedule

### (subject to change per weekly consignment)

**Lane A - Dealer Express (Any Year) – - 9:30am**

**Lane B - Dealer Express (Any Year) - 9:30am**

http://adesamercer.com/    Lane C – Dealer Express (Any Year)    SEP    9:30am
Go    30
11 captures    Lane D - Dealer Express (Any Year) – Starts with Tow Row at appx 8:45am
18 Aug 2015 - 16 Apr 2018    2016    2018    2019    About this capture

Lane E – Dealer Express (Any Year) - 9:00am

Lane F – Fleet/Lease & Repos – 9:00am

(Start times may be adjusted)

\*\*\*\*\*\*\*\*\*\*\*

# Heavy Duty Truck Sale

## Third Tuesday of each month.

## *Dealers - can't make it to the sale?*

## *Bid on LiveBlock!!*

## Go to http://www.adesa.com/ for dealer logon or registration.

*(Please be sure you've got your user id and password before sale time.)*

**Send inquiries on the Heavy Duty Truck Sale to: mark.carr@adesa.com or star.wheeler@adesa.com**

**Also be sure to visit: WWW.ADESARIGS.COM for inventory preview for the Heavy Duty Truck Sale.**

**(Heavy Duty Truck Sale is open to the public - call for more information)**

**(Must be a registered dealer to purchase via LiveBlock)**

## Heavy Duty Truck Sale is also available via www.EquipmentFacts.com

~~~~~~~~~



a current listing of the units registered for the next sale can be found on our corporate web page. The list is updated as units are registered. Visit **www.adesa.com** (dealers only).

Get your units here early in the week so they can be listed!

\*\*\*\*\*\*\*\*\*\*\*

# *Public Buyers:*

*Bank Repo Units are offered weekly – lots are designated with a R as in FR or DR or AR etc.*

*Only the Repo portion of this sale is open to the public.*

*Units may be viewed prior to the sale after you have registered and gotten a bid number.*

*Please contact the office for information on what you need to have with you to obtain a bid number.*

*Units must be paid for with Cash or Cashier's Check.*

Call for more details - 724-662-4500

\*\*\*\*\*\*\*\*\*\*\*

## *ADESA Mercer: BANK REPO SALE*

*Reminder* Public buyers *may bid on* **Designated Repo Units Only** (as noted above)  units open to the public will have a buyers as-is warranty guide in the window.

**Public buyers may contact the auction for a list of units available weekly – please wait till Wednesday afternoon to inquire.**

http://adesamercer.com/    Go    SEP  MAR  APR

11 captures                                          30
18 Aug 2015 - 16 Apr 2018              2016  2018  2019        ▼ About this capture

(Dealers make sure to check out www.adesa.com for
what other units are registered so far
~ updated as units are registered).

**************

*For more information about the Fleet/Lease & Bank Repo sale
you can email the Fleet/Lease Department at* star.wheeler@adesa.com

*or call our office at 724-662-4500.*

**************

**Dealers please visit our corporate Home page at** www.adesa.com
**and check out some other ADESA auctions within your area.**

**Send general inquires to** crystal.mcintire@adesa.com **or** Jennifer.kroll@adesa.com

*Last Update September 20, 2017*

# EXHIBIT 14



**ADESA** WORKING WONDERS

Customer Connection: 888-526-7326
You are not logged in.

Username: [ ]  Password: [ ]  **Log In**  **Register**
Forgot Username or Password?

Choose an Auction: [View All ▾]  **Go**

HOME | BID / BUY | SELL | RUN LISTS | MARKET GUIDE | ABOUT ADESA | ANALYTICAL SERVICES | BLOG | HELP

Home » About ADESA » Auction Types » Public

**Visit ADESA Canada**

WHOLE CAR | TOPLINE | HEAVY TRUCK & EQUIPMENT | MARINE | MOBILE AUCTIONS | RVS | POWERSPORTS | SALVAGE | **PUBLIC**

## ADESA Public Auctions

Generally, ADESA auctions are for registered wholesale automotive dealers and are closed to the public. However, some ADESA auction facilities hold regular public vehicle auction sales where a wide variety of units are made available to the general public. At these public auction sales, buyers can purchase from a variety of vehicles, including cars, boats, RVs, heavy duty trucks, specialized equipment and even construction and manufacturing items.

Locations currently featuring Public vehicle auctions:

### ADESA U.S.
Locations in Canada

| ARKANSAS | | | | |
|---|---|---|---|---|
| ADESA Little Rock | 8700 Highway 70 | North Little Rock | AR | 501-945-2444 |

| GEORGIA | | | | |
|---|---|---|---|---|
| ADESA Atlanta | 5055 Oakley Industrial Blvd. | Fairburn | GA | 770-357-CARS (2277) |

| OHIO | | | | |
|---|---|---|---|---|
| ADESA Cincinnati / Dayton | 4400 William C. Good Blvd. | Franklin | OH | 937-746-4000 |
| ADESA Cleveland | 210 East Twinsburg Road | Northfield | OH | 330-467-8280 |

| OREGON | | | | |
|---|---|---|---|---|
| ADESA Northwest | 90485 Auction Way | Eugene | OR | 541-689-3901 |

| PENNSYLVANIA | | | | |
|---|---|---|---|---|
| ADESA Mercer | 758 Franklin Rd. | Mercer | PA | 724-662-4500 |

| VIRGINIA | | | | |
|---|---|---|---|---|
| ADESA Washington DC | 43375 Old Ox Road | Dulles | VA | 703-996-1100 |

### ADESA Canada
Locations in the U.S.

| BRITISH COLUMBIA | | | | |
|---|---|---|---|---|
| ADESA Vancouver | 7111 No. 8 Road | Richmond | BC | 604-232-4403 |
| ADESA Richmond | 16179 Blundell Rd. | Richmond | BC | 604-233-7333 |

| MANITOBA | | | | |
|---|---|---|---|---|
| ADESA Winnipeg | Box 19, Group 242, RR #2 | Winnipeg | MB | 204-697-4400 |

| NEWFOUNDLAND AND LABRADOR | | | | |
|---|---|---|---|---|
| ADESA St. John's | 192 McNamara Drive | Paradise | NL | 709-364-3250 |

| NOVA SCOTIA | | | | |
|---|---|---|---|---|
| ADESA Halifax | 300 Sky Blvd | Enfield | NS | 902-873-4400 |

| ONTARIO | | | | |
|---|---|---|---|---|
| ADESA Kitchener | 55 Waydom Drive | AYR | ON | 519-622-9500 |
| ADESA Ottawa | 1717 Burton Rd. | Vars | ON | 613-443-4400 |
| ADESA Windsor | 18800 County Rd 42 | Tilbury | ON | 519-682-9500 |

https://www.adesa.com/auction-types/public



**EXHIBIT**
**14**

ADESA Public Auctions | Car Auctions, Truck Auctions, And More - Open To The Public    Page 2 of 2

| QUEBEC | | | | |
|---|---|---|---|---|
| ADESA Quebec | 500 1st Avenue | Saint-Romuald | QC | 418-839-0070 |

Copyright © 2018 ADESA. All Rights Reserved

Legal | Privacy Policy | Contact Us | Sign Up for Email | Careers | ADESA mobile



Bid now, buy now

**LIVEBLOCK**
Simulcasting worldwide

**ADESA RUN LISTS**
Vehicle inventory for ADESA

**AUCTION TYPES**

Public

**POST-SALE INSPECTIONS**

It's how buyers get peace of mind.
Learn more.

**CONDITION REPORTS**

Delivering details beyond the VIN.
Learn more.

# ADESA Public Auctions



Generally, ADESA auctions are for registered wi
However, some ADESA auction facilities hold re
are made available to the general public. At thes
vehicles, including cars, boats, RVs, heavy duty
manufacturing items.

Locations currently featuring Public vehicle aucti

## ADESA U.S.
Locations in Canada

**ARKANSAS**

ADESA Little Rock                    8700 Highway 70

**GEORGIA**

ADESA Atlanta                        5055 Oakley Industrial Blvd.

**OHIO**

ADESA Cincinnati / Dayton            4400 William C. Good Blvd.

ADESA Cleveland                      210 East Twinsburg Road

**OREGON**

ADESA Northwest                      90485 Auction Way

**PENNSYLVANIA**



ADESA Mercer                         758 Franklin Rd.