IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY LANGER and JAMES LANGER, | CIVIL ACTION |
| Plaintiffs, | No. 2:16-cv-06130-B |
| v. | |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | |
| Defendant | |

**BRIEF IN SUPPORT OF PLAINTIFFS' FIRST MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

AND NOW COME Plaintiffs, by and through their undersigned counsel, and file this Brief in Support of Plaintiff's First Motion for Leave to File Frist Amended Complaint, stating as follows:

**A. HISTORY OF CASE**

Plaintiffs filed the Complaint commencing this class action on October 5, 2016 in the Court of Common Pleas of Philadelphia County, Pennsylvania. Capital One removed the matter to this Court on or about November 21, 2016. The gravamen of this action is that the post-repossession consumer disclosure notices which Capital One sent to vehicle owners after it had repossessed their vehicles, did not comply with the statutory requirements for such notices, or the Bank's non-compliant policy not to send such disclosure notices to all borrowers violated consumer statutes, and that Capital One was, therefore, liable to class members for the greater of actual or minimum compensatory statutory damages.

On April 24, 2017, while discovery was proceeding, the Parties participated in an all-day mediation session with a private mediator. Thereafter, the Parties continued to engage in extended

1

settlement discussions and participated in several additional mediations / settlement conferences with Judge Hey. Through these efforts, they were able to work-out many (though not all) significant terms of a settlement-in-principle.

The Parties then began the painstaking process of finalizing the details of a complicated settlement and drafting the settlement documents. This settlement was highly complex in that it involved, among other things, a number of tax related matters. As the parties continued to work on it, the exchanged proposed settlement agreements grew to approximately 50 pages.

In the process of the settlement-document drafting, by happenstance, while investigating an auction practice for another similar UCC class action, the undersigned became aware that Capital One utilized a *public* auction to dispose of the Langers' and others' repossessed vehicles.

Initially, it was not clear whether the vehicles repossessed by Capital One were among those being sold in the lanes of the auction which were open to the general public to attend and bid or whether Capital One's repossessed vehicles were being auctioned at auction lanes which were open to auto dealers only (a private wholesale auction). Discovery has revealed that Capital One sold its repossessed vehicles at a lane in the auction which was open to the public (and any wholesale dealers who wished to attend) – at least for a substantial period of time. Website advertisements which promoted this Public Repo Sale auction make clear that this policy was in place at least as early as 2015.

Determining this fact was critical because Capital One's Notices of Repossession uniformly stated that the repossessed vehicles would be sold at a "private sale." If this assertion in the Notices was inconsistent with what was really taking place (as Plaintiffs believe it was), then the Notices of Repossession suffered from a major additional defect that had been unknown to Plaintiffs.

Because they had previously been unaware of this material defect, Plaintiffs had not included any allegations about such a notice defect in their Complaint. Also, they had not considered the existence of such claims and Capital One's potential resulting exposure in the negotiations that led to the tentative settlement-in-principle.

Additionally, Plaintiff's counsel recently also became aware of the fact that Capital One permits the assessment of expenses which it does not incur as a precondition for a borrower to regain possession of its personal possessions left in the repossessed vehicle; or to redeem the vehicle or reinstate the vehicle loan.

Indeed, the settlement-in-principle was based primarily on the resolution of two of Plaintiffs' claims on behalf of the class. The first was that Capital One had provided only a 10-day minimum redemption period in its Notices of Repossession, notwithstanding that the MVSFA, which was to be read in *pari materia* with the UCC, required no less than 15 days. The second was that for loan accounts having co-borrowers, only one of the co-borrowers was sent a Post-Sale Notice, rather than such a notice being sent to all co-borrowers, as required by the UCC.[1]

The damages associated with these claims was typically on the order of several thousand dollars per member for the shortened redemption period claim, and potentially only several hundred dollars for the post-sale notice claim which only existed for a smaller set of individuals than those claims in the proposed amendment.

In contrast, the claims associated with the misstatement in the notices of repossession of the method of disposition or the hidden fee issues that Plaintiffs' counsel had belatedly discovered,

---

[1] When they filed the Complaint in this action, Plaintiffs believed that it was the Notice of Repossession that had improperly been mailed to only some co-borrowers. However, discovery revealed that the subject co-borrower notice defect relates to the Post-Sale Notice, not the Notice of Repossession (as initially believed to have been the case).

3

would typically amount to several thousand dollars per member, and applying to a much larger class size, increasing the aggregate potential recovery to the potential classes, potentially almost 10-fold.

While Plaintiffs would like to resolve this issue and continue to be optimistic of the chance to do so, this amended complaint will serve to toll the statute of limitations for likely additionally thousands of other class members and permit the pursuit of these other claims. Plaintiffs' counsel took this issue very seriously on account of the law providing that "[t]he attorneys appointed as Class Counsel owe fiduciary duties to the absent class members." *Rougvie v. Ascena Group, Inc.*, Civil Action No. 15-724, 2016 WL 4784121, at *1 (E.D. Pa. Sept. 9, 2016). In this connection, it would not be reasonable to inform class members who are only receiving a few hundred dollars in exchange for a full release, when it is known that they may be entitled to significantly more money, even on a reduced basis to form a settlement.

Indeed, "district judges presiding over such [class] actions are expected to give careful scrutiny to the terms of a proposed settlement in order to make sure that Class Counsel are behaving as honest fiduciaries for the class as a whole." *Rougvie v. Ascena Group, Inc.*, Civil Action No. 15-724, 2016 WL 4111320, at *16 (E.D. Pa. July 29, 2016).

Accordingly, because Plaintiffs' counsel has a fiduciary duty to the members of the class regarding the terms of any settlement with Capital One, counsel could not simply plow ahead with the existing settlement-in-principle, and ignore the new claims, notwithstanding the enormous amount of work that had already been devoted to that settlement (which should form the template of anticipated future settlement discussions).

As they became incrementally more convinced that many of Capital One repossessed vehicles in the Western Pennsylvania area had been sold at public sales, Plaintiffs' counsel

continued their negotiations with Capital One, but now, aimed at modifying the terms of settlement to account for this valuable additional claim. It recently became obvious, however, that the Parties would be unable to arrive at a new agreement, despite Judge Hey's yeoman efforts, because some additional information still needed to be discovered.

Plaintiffs' counsel has a good faith belief that Capital One has been engaged in the same conduct in a number of other jurisdictions besides Pennsylvania, as the conduct that had given rise to the claims asserted by Plaintiffs.[2]

Accordingly, in addition to stating claims for Capital One's misstatement of the manner of disposition of the vehicles, failing to disclose fees, and adding representative plaintiffs, Plaintiffs would like to amend their complaint to include Capital One borrowers that received non-compliant Post-Sale Notices in a number of states besides Pennsylvania.[3]

### B. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE A FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs now wish to file an Amended Class Action Complaint that includes appropriate allegations concerning these additional non-compliant standardized policies and procedures of Capital One. Also, Plaintiffs' counsel has been engaged by a number of other individuals to represent them in pursuing similar claims against Capital One. Plaintiffs would like to include these individuals as party-plaintiffs if granted leave to file an Amended Complaint as a matter of efficiency in light of the overlapping discovery needed for these claims. Otherwise, these Plaintiffs would be forced to file a separate case. Pursuant to F.R.C.P. 15, "a party may amend its pleading…with the court's leave. The court should freely give leave when justice so requires."

---

[2] These new claims may trigger insurance coverage making settlement even more probable.
[3] These states are Ohio, Michigan, New Jersey, New York, Texas, Florida, Georgia, North Carolina and Washington.

Amendments are to be liberally allowed to ensure that claims are decided on the merits rather than on technicalities. *See e.g. Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-487 (3d Cir. 1990). Leave should be liberally granted unless a party's delay in seeking amendment is motivated by bad faith, prejudicial to the opposing party, or where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Undue prejudice is viewed as the "touchstone for the denial of leave to amend." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). "To show undue prejudice, the opposing party must demonstrate that it will be 'unfairly disadvantaged or deprived of the opportunity to present facts of evidence' unless leave to amend is denied." *Pulchalski v. Franklin County*, 2016 WL 1363764, 1-2 (M.D. Pa., 2016) (*quoting Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

In the case *sub judice*, Plaintiffs are clearly not motivated by bad faith and Capital One is not disadvantaged or surprised by the proposed amendment. As noted above, Defendant has been aware of Plaintiffs' desire to broaden the claims and to add representative plaintiffs for quite some time now, and has made numerous decisions in this matter with this in mind – even having attempted a recent mediation encompassing the public auction issue. In addition, the amendment appears to be far from futile because these additional claims should result in considerable additional class relief and for a much larger pool of people[4] who were affected by CAPITAL ONE's deficient practices.

In *Cortgiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194 (E.D. NY. 2205), the named plaintiffs in a class action sought leave to amend their complaint to add 4 new named

---

[4] These states are Ohio, Michigan, New Jersey, New York, Texas, Florida, Georgia, North Carolina and Washington.

plaintiffs. In allowing the amendment, the court found, *inter alia*, that because the facts giving rise to the claims of the added plaintiffs were the same as those of the exiting named plaintiffs, the defendant would not be unduly prejudiced by the amendment. The same reasoning applies here.

### C. **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant leave to file a First Amended Complaint in the form attached as **Exhibit A** to their Motion.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan

### **CERTIFICATE OF SERVICE**

I certify that a copy of this pleading was sent to all counsel of record, who subscribe to the ECF, and by fax and e-mail on November 15, 2018.

SHENKAN INJURY LAWYERS. LLC.

_____
Richard Shenkan
*Attorney for Plaintiff*