IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | No. 2:16-cv-06130-B |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO REMAND**

AND NOW COMES Plaintiffs who respectfully submit the following Brief in Support of Motion to Remand, as follows:

### I. PROCEDURAL BACKGROUND FOR THIS MOTION

Although the Court is well aware of the procedural history of this matter, there are several key points regarding that procedural history that should be highlighted regarding the basis for this motion and the modifications to Plaintiffs' position since the filing of their First Motion for Leave to File First Amended Complaint (Doc. 55).[1]

Capital One removed this matter from the Court of Common Pleas of Philadelphia to this Court on or about November 21, 2016 on the basis of CAFA. This Complaint is <u>entirely</u> based on Pennsylvania UCC claims seeking statutory damages pursuant 13 Pa. C.S.

---

[1] Plaintiffs are withdrawing their First Motion for Leave to File Amended Complaint without prejudice. The Defendant has raised a *Spokeo* jurisdictional issue as the defense to this motion. As such, Plaintiffs filed a complaint with the "new claims" in the Court of Common Pleas of Jefferson County. A copy of the complaint is attached as Exhibit 1 to the Plaintiff's Motion to Remand ("Motion"). Judge John Foradora has recently certified for settlement purposes a similar UCC statutory class action, the certification order attached as Exhibit 2 to the Motion.

1

9625. Plaintiffs are unaware of any cases decided before this case was removed which reconciled the oft-inconsistent interplay of the *Spokeo* holding (that in order for a plaintiff to have standing in federal court, he/she must have a concrete and particularized injury) with CAFA (which provides federal courts with original jurisdiction in large class actions with minimal diversity where the matter in controversy exceeds $5,000,000).

In Defendant's Memorandum of Law in Opposition to Plaintiffs' First Motion for Leave to File First Amended Complaint (Doc. 60) ("Brief"), Capital One raised for the first time that a statutory claim which was to be included in the proposed Amended Complaint should not be permitted on the basis of *Spokeo, infra.*, p. 13, because a plaintiff asserting these claims lacks "a concrete and particularized injury." *Id.* Defendant, however, cleverly stopped short of applying the ***same*** analysis to the almost ***identical*** UCC statutory framework of claims in the pending Complaint.

While conducting research to prepare a response to this argument, Plaintiffs discovered persuasive authority which addresses the *Spokeo* and CAFA interplay, as fully discussed below. This recent authority coupled with Capital One's ***own*** *Spokeo* argument should, when applied to the existing claims in the subject Complaint, result in the remand of this matter. Plaintiffs are now filing this Motion to Remand, requesting that this case, as reflected in the original Complaint, be remanded to state court.

> A district court has the authority to remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir.1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue.").

*Bangura v. State Farm Renters Fire & Cas. Ins.*, No. CIV.A. 13-1632, 2013 WL 1451769, at *1 (E.D. Pa. Apr. 8, 2013).

## II. ARGUMENT

### 1. For Purposes of Standing, All the Claims in the Existing Complaint must be Treated in the Same Manner

Out of the four claims in the proposed Amended Complaint—two that were in the original Complaint and two new claims—Capital One focuses on one of the new claims, the Hidden Fee Claim, in opposing the amendment. Relying on cases holding that futility of a proposed amendment constitutes grounds for disallowing the amendment of a complaint,[2] in its Brief, Capital One argues that Plaintiffs should be denied leave to amend their Complaint to include the Hidden Fee Claim because the Hidden Fee Claim[3] is futile. The Bank contends that this claim is futile because, "with the exception of the Personal Property Fee, *the FAC does not allege that any plaintiff actually paid any of those fees*" (Brief at 13).

Thus, according to Capital One, the claims arising from the redemption, administrative, and storage fees are untenable and any amendment to include them would be futile because, as to those three fees, Plaintiffs have not alleged any facts in their proposed Amended Complaint to show that any of them suffered "an injury in fact" that is "concrete and particularized" as the Supreme Court held, in *Spokeo Inc. v. Robins*, 136 S.Ct. 1540 (2016), was required for a plaintiff to establish standing to sue in federal court.

As set forth by Capital One in its Brief in Opposition to Plaintiffs' Motion to

---

[2] *See, e.g. in Speaking Truth to Power v. United States Nat'l Nuclear Sec. Admin.*, No. 14-1421, 2015 U.S. Dist. LEXIS 74845, at *8 (E.D. Pa. June 10, 2015), cited at page 5 of Capital One's Opposition.

[3] The Hidden Fee Claim in the Amended Complaint is that as a matter of policy and practice, Capital One sent Notices of Repossession to Plaintiffs and class members that failed to give notice (or adequate notice) of one or more of a series of fees charged when Capital One returned the repossessed vehicle to its owner, either because it was redeemed or because the loan was reinstated. These fees include an Administrative Fee and Redemption Fee to get one's vehicle back, and a Storage Fee for the time during which the vehicle was in Capital One's possession.

3

Amend, the foregoing argument (the "*Spokeo* Argument") is directed solely towards Plaintiffs' Hidden Fee Claim. Notwithstanding the fact that Capital One did not say so, its *Spokeo* Argument is equally applicable to the two claims in the *original* Complaint, the Redemption Period Claim and the Post Sale Notice Claim.

### a. The Redemption Period Claim

The basis for the Redemption Period Claim is that Capital One had only provided a 10-day redemption period in its Notices of Repossession, notwithstanding that the MVSFA, which must be read in *pari materia* with the UCC, required no less than 15 days (hereinafter referred to as the "Redemption Period Claim").

First, addressing the Redemption Period Claim, Plaintiffs allege that some of Capital One's Notices of Repossession stated that the recipient had 10 days to redeem his/her vehicle, when 15 days was statutorily required. Such incorrect information in the Notice of Repossession constitutes a violation of the statutory notice of repossession requirements of the MVSFA and UCC in *pari materia*. This, in turn, gives rise to statutory damages under Section 9625(c)(2).

There is, however, absolutely *no* allegation in the original Complaint that any class member intended to redeem/reinstate on, for example, the 12th day after repossession, but because he/she received the Notice of Repossession setting forth the inaccurate 10-day redemption period, he/she did not attempt the redemption/reinstatement, believing it was too late.[4] The absence of such an allegation is precisely analogous to Capital One's *Spokeo* Argument that Plaintiffs are missing an allegation that any of the Plaintiffs paid the disputed

---

[4] Although not directly relevant to Plaintiffs' Motion to Remand the pending Complaint, there is no such allegation in the Amended Complaint about any of the proposed new Plaintiffs, either.

fees. In both claims, there is no allegation of a "concrete injury," only of a deficient notice.

As with the Hidden Fee Claim that Capital One argues lacks standing, the damages sought with respect to the Redemption Period Claim are statutory damages for violating the notice requirements of Section 9614. If as Capital One argues, such Hidden Fee statutory damages fail to satisfy the "injury in fact that is concrete and particularized" requirement set forth in *Spokeo,* the Redemption Period statutory damages claim necessarily fails to satisfy that requirement, as well, and neither of the original Plaintiffs have Article III standing to bring the Redemption Period Claim in this Court.

### b. The Post-Sale Notice Claim

The second claim in the pending Complaint is that Capital One failed to send a Post-Sale Notice to each member of one of the subclasses, and for those individuals that were sent a Post-Sale Notice, the notice was defective in that the sequence in which the information was presented did not follow the statutory requirement, and the dollar amounts set forth were incorrect (hereinafter referred to as the "Post-Sale Notice Claim"). This claim corresponds to violations of Sections 9616(b) and (c). As before, these violations give rise to statutory damages under Section 9625.

Again, however, the original Complaint does *not* allege any specific causal relationship between Capital One's notice violations and any particular damages suffered by members of the class.[5] In other words, there are no allegations that if a non-recipient of a Post-Sale Notice had been sent such a Notice, and if the Notice had reflected the proper content, he/she would have taken some particular action that he/she did not take as a result of the faulty notification. Similarly, if the Court accepts the *Spokeo* Argument as urged by

---

[5] The same is true of the proposed Amended Complaint.

5

Capital One as to the Hidden Fee Claim, it is compelled to reach the same conclusion vis-à-vis the Post-Sale Notice Claim and also conclude that there is no Article III jurisdiction over that Claim, either.

### 2. If the Court Accepts the *Spokeo* Argument as to the Hidden Fee Claim, the Court Must Remand this Entire Matter to State Court for Lack of Subject Matter Jurisdiction

As explained above, for purposes of the application of the *Spokeo* Argument, the two claims in the original Complaint, the Redemption Period Claim, and the Post-Sale Notice Claim are indistinguishable from the Hidden Fee Claim. If the Court accepts Capital One's Spokeo Argument, then it must conclude that neither of the original Plaintiffs have Article III standing to bring the two claims in the original Complaint. In this instance, Plaintiffs respectfully submit, the Court is bound to remand this case for lack of subject matter jurisdiction pursuant to *ACLU-NJ v. Township of Wall*, 246 F.3d 258 (3d Cir. 2001).

In *ACLU-NJ, supra.,* the Third Circuit stated, "[i]f plaintiffs do not possess Article III standing, both the District Court and this Court lack subject matter jurisdiction to address the merits of plaintiffs' case." *Id.* at 261. Twenty-eight U.S.C. §1447(c) states "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Thus, if the Court accepts Capital One's position that Plaintiffs lack standing to bring the Hidden Fee Claim, then it must remand this entire case to state court for lack of subject matter jurisdiction. Moreover, the Third Circuit has made clear that such a remand is mandatory and that the Court may not dismiss the case. In *Bromwell v. Michigan Mutual Insurance Company*, 115 F.3d 208, 214 (3d Cir. 1997), it held:

> In light of the express language of §1447(c) and the Supreme Court's reasoning in *International Primate [Protection League v. Administrators of*

6

> *Tulane Educ. Fund,* 500 U.S. 72, 87 (1991)], we hold that when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.

*See also, In re: Michaels Stores, Inc. Fair Credit Reporting Act (FCRA) Litigation,* No. 14-7563, 15-2547, and 15-5504, 2017 WL 293922 at *1 (D.N.J. July 7, 2017)("Considering the complaints in light of *Spokeo*, I dismissed them for lack of article iii [sic] standing... Because the *Bercut* Action, unlike the others, was originally filed in State court but removed to federal court, I ordered not that it be dismissed but that it be remanded to State court.").

Most significantly, the fact that this case was removed under CAFA does not alter that result. In *Brahamsha v. Supercell Oy*, Civ. No. 16-8440, 2017 WL 3037382 (D. N.J., July 17, 2017), the plaintiff sued under a New Jersey statute that, like Chapter 96 of Pennsylvania's UCC, provided for the greater of statutory damages or actual damages. After removing the case to federal court under CAFA, the defendant moved to dismiss for failure to state a claim under Rule 12(b)(6). Additionally, arguing that the plaintiff had not alleged any injury-in-fact and, therefore, lacked Article III standing under *Spokeo*, the defendant moved in the alternative to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). The plaintiff opposed both of these motions and also filed a motion seeking the remand to state court, described by the Court as follows:

> The substance of Plaintiff's motion to remand is coextensive with its opposition to Defendant's motion to dismiss under Rule 12(b)(1), namely that were the Court to find, as Defendant argues, that Plaintiff lacks Article III standing to sue and that the Court therefore lacks subject matter jurisdiction over the Complaint, the appropriate remedy is remand to the state court, not dismissal.

*Id.* at *1.

The Court found that where an individual alleges violations of the particular New

7

Jersey statute, but does not allege actual, particular harm to himself, he lacks Article III standing. On this basis, the court remanded the case to state court, rather than dismissing it, notwithstanding that it had been removed under CAFA.

Plaintiffs' position here is identical to that of the *Brahamsha* plaintiff. If this Court finds that Plaintiffs lack Article III standing as to the Hidden Fee Claim, it must reach the same conclusion as to all of the claims in the original Complaint, that the Court therefore lacks subject matter jurisdiction over the Complaint, and that the appropriate remedy is remand. *See, Katz v. Six Flags Great Adventure, LLC,* Civ. Action No. 18-116, 2018 WL 3831337, at *8, n. 6 (D. N.J. Aug. 13, 2018) ("Additionally, because Plaintiff lacks standing with respect to the sole claim asserted in this action, CAFA is not a basis for removal; *i.e.*, without standing to assert a cause of action, Plaintiff cannot represent the putative class.").

This Court's duty to remand this case does not, of course, depend on Plaintiffs having moved to remand or the fact that Capital One offered an argument in opposition to Plaintiffs' Motion to Amend that buttresses the argument for remand. This is because of "the duty of federal courts to examine their subject matter jurisdiction at all stages of the litigation *sua sponte* if the parties fail to raise the issue. That obligation extends to removal cases, as well as to those originally filed in the district courts." *U.S. Express Lines, LTD. v. Higgins,* 281 F.3d 383, 388-89 (3d. Cir. 2002).

### 3. Jurisdiction and Standing Exist in Pennsylvania State Court

In Pennsylvania, "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa.C.S.A. § 931(a). That

jurisdiction is unaffected by a plaintiff's lack of standing. *In Re Nomination Petition of deYoung*, 903 A.2d 1164, 1168 (Pa. 2006) ("Whether a party has standing to maintain an action is not a jurisdictional question"). Thus, even if a plaintiff cannot show an "injury in fact that is concrete and particularized," it might affect his/her standing to sue, but it could not change the common pleas court's statutorily-granted jurisdiction.

Plaintiffs' demand for statutory damages does *not*, however, result in a lack of standing under Pennsylvania law. "[A]s a general proposition, the concept of 'standing' is concerned only with the question of who is entitled to make a legal challenge to the matter involved." *Pennsylvania National Mutual Casualty Insurance Company v. Department of Labor and Industry, Prevailing Wage Appeals Board*, 715 A.2d 1068, 1071 (Pa. 1998). "Standing may be conferred by statute or by having an interest deserving of legal protection." *Id*.

In the present case, the standing on which Plaintiffs rely to make their statutory damages claim is conferred by the UCC. *See*, 13 Pa.C.S.A. 9625(c)(2) ("if the collateral is consumer goods, *a person that was a debtor* or a secondary obligor at the time a secured party failed to comply with this chapter *may recover for that failure* in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.")(emphasis added); Section 9625(e)(5) ("*the debtor*, consumer obligor or person named as a debtor in a filed record, as applicable, *may recover* $500 from a person that:..... (5) fails to comply with section 9616(b)(1) (relating to explanation of calculation of surplus or deficiency), and the failure is part of a pattern or consistent with a practice of noncompliance")(emphasis added); Section 9625, Comment 4 ("Subsection (c)(2) provides a minimum, statutory,

damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, ***regardless of any injury that may have resulted***") (emphasis added). Accordingly, it is Plaintiffs' position that they have standing under the UCC to bring these claims in state court.

### III. CONCLUSION

If the Court accepts Capital One's argument that Plaintiffs lack Article III standing to bring the Hidden Fee Claim, then Plaintiffs assert that because the claims in the pending Complaint have the same alleged fatal jurisdictional flaw, this Court lacks Article III jurisdiction over this case. In this regard, Plaintiffs respectfully submit that this Court is bound to remand this matter.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.

_____
Richard Shenkan
*Attorney for Plaintiff and the Class*

### CERTIFICATE OF SERVICE

I do hereby certify that I caused a true and correct copy of this pleading was sent via first-class mail, postage prepaid, on December 31, 2018 to all counsel for Defendant.

SHENKAN INJURY LAWYERS, LLC.

_____        12/31/18
Richard Shenkan                Date