IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ONE AUTO FINANCE | : | NO. 16-6130 |

MEMORANDUM

Bartle, J.                                                     January 23, 2019

      Plaintiffs commenced this putative class action on October 5, 2016 in the Court of Common Pleas of Philadelphia County against defendant Capital One Auto Finance ("Capital One"). They allege violations of the Pennsylvania Commercial Code ("PCC"), 13 Pa. Cons. Stat. Ann. §§ 9601 et seq., and the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"), 12 Pa. Cons. Stat. Ann. §§ 6201 et seq., in connection with the repossession by Capital One of plaintiffs' and class members' automobiles. Capital One timely removed this action on November 21, 2016 under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) et seq. Now, some two years later, plaintiffs move to remand this action to the Court of Common Pleas of Philadelphia County on the ground that this court does not have subject matter jurisdiction because plaintiffs do not have standing to pursue this action.

I

The following facts are taken from plaintiffs' complaint and are considered as true for present purposes. In April 2015, Capital One repossessed a vehicle belonging to plaintiffs James and Randy Langer for failure to make payments on the loan financing the vehicle. Plaintiffs allege that this repossession violated certain of their rights under the PCC and MVSFA. Specifically, plaintiffs claim that Capital One sent Notices of Repossession to them and class members which did not provide the minimum fifteen-day notice required under the PCC. Such notice period is designed to afford vehicle owners an opportunity to comply with the terms of the loan and thus keep possession of their vehicles. Plaintiffs also assert that Capital One failed to send separate Notices of Repossession to co-borrowers, as required under Pennsylvania law. Finally, plaintiffs claim that Capital One violated Pennsylvania law by failing to send Post-Sale Notices or by sending such Notices with insufficient information. In support of their claims, plaintiffs attached as an exhibit to the complaint a Notice of Repossession by Capital One addressed to James and Randy Langer dated April 17, 2015. Plaintiffs assert these claims on behalf of themselves and a class of similarly-situated individuals.

Plaintiffs seek as compensation for these alleged violations of Pennsylvania law the greater of actual or

statutory damages. They contend that the Pennsylvania Department of Transportation would not have transferred the title of the repossessed vehicles from plaintiffs to Capital One had the Department been aware of Capital One's failure to comply with Pennsylvania law.[1] Plaintiffs further assert that any remaining indebtedness to Capital One for the vehicles should be extinguished due to Capital One's failure to act in a commercially reasonable manner. Thus, they seek to restrain collection or enforcement by Capital One of any deficiency balances and to vacate any deficiency judgments entered against plaintiffs.

On November 15, 2018, some two years after the action was brought, plaintiffs filed a motion for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiffs sought to add additional named plaintiffs and to raise new claims relating to alleged "hidden fees" charged by Capital One in connection with the repossessions and Capital One's alleged failure to disclose that vehicles were sold at public, rather than private, auctions. Plaintiffs also included new claims regarding Capital One's Post-Sale Notices

---

1. Specifically, plaintiffs point out that in connection with the title transfer, Capital One executed a Pennsylvania Department of Transportation form certifying that it "complied with all applicable laws and regulations of Pennsylvania."

under the laws of Ohio, Michigan, New Jersey, New York, Texas, Florida, Georgia, North Carolina, and Washington.

On December 31, 2018, plaintiffs took a different tack by withdrawing their motion for leave to amend and by filing the instant motion to remand. Plaintiffs have also filed a putative class action complaint in the Court of Common Pleas of Jefferson County, Pennsylvania in which they raised claims similar to those asserted in the complaint pending here as well as certain of the claims alleged in their now-abandoned proposed amended complaint.

II

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action "from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). As stated above, Capital One removed this action from the Court of Common Pleas of Philadelphia County on the basis of the CAFA.[2] Plaintiffs did

---

2. The CAFA gives the federal courts subject matter jurisdiction over "mass actions," a term that includes "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," and which meet specified jurisdictional amount requirements. 28 U.S.C. § 1332(d)(11)(B)(i). The CAFA also requires that a mass action have an aggregate amount in controversy exceeding

-4-

not seek to remand at the time of removal and proceeded with some discovery.

Plaintiffs now claim that they have no standing in this court and that we must remand this case to the Court of Common Pleas for lack of subject matter jurisdiction. Under 28 U.S.C. § 1447(c), an action must be remanded to state court if at any time before final judgment it appears that this court lacks subject matter jurisdiction. All doubts should be resolved in favor of remand. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

Under Article III to the United States Constitution, the subject matter jurisdiction of this court is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2; see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). One of the principles serving to identify those disputes that qualify as "Cases" and "Controversies" is the doctrine of standing. Lujan, 504 U.S. at 560. As our Supreme Court has recognized, there are three elements of standing under Article III:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between

---

$5,000,000 and minimal diversity among parties. Id. § 1332(d)(2), (d)(11)(A).

> the injury and the conduct complained of—the
> injury has to be fairly traceable to the
> challenged action of the defendant, and not
> the result of the independent action of some
> third party not before the court.  Third, it
> must be likely, as opposed to merely
> speculative, that the injury will be
> redressed by a favorable decision.

Id. (internal citations, alterations, and quotation marks omitted); see also In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017).  The party invoking federal jurisdiction bears the burden of establishing these three elements.  Lujan, 504 U.S. at 561.  If plaintiffs do not possess Article III standing, this court lacks subject matter jurisdiction to address the merits of plaintiffs' case.  See ACLU-NJ v. Twp. of Wall, 246 F.3d 258, 261 (3d Cir. 2001).

The requirements for standing do not change in the class action context.  "[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  In re Horizon Health Servs., 846 F.3d at 634 (quoting Lewis v. Casey, 518 U.S. 343, 357 (1996)).  "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any

other member of the class." Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

In Spokeo, Inc. v. Robins, the Supreme Court provided guidance on the standing inquiry where plaintiffs had alleged statutory violations. 136 S. Ct. 1540 (2016). There, the plaintiff alleged violations of the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. §§ 1681 et seq., which imposes certain requirements regarding the creation and use of consumer reports. 136 S. Ct. at 1544. Plaintiff alleged that the defendant, a consumer reporting agency, provided inaccurate information regarding his marital status, employment, and educational background, among other things, in connection with an internet search engine. Id. at 1545-46. Plaintiff filed a class action complaint alleging that the defendant willfully failed to comply with the FCRA. Id. at 1546. The district court dismissed the complaint for lack of subject matter jurisdiction due to plaintiff's failure to allege sufficient injury to confer standing. The Court of Appeals for the Ninth Circuit reversed. Id.

The Supreme Court reiterated the long-standing principle that the "injury in fact" component of standing requires both that the injury be particularized, meaning that it "must affect the plaintiff in a personal and individual way," and that the injury be "concrete," meaning that it may be

intangible but "must actually exist." Id. at 1548-49 (internal citations omitted). It emphasized that "Article III standing requires a concrete injury even in the context of a statutory violation" and that a plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. at 1549 (citing Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009)). The Court then offered the following guidance applicable to the plaintiff:

> Robins [the plaintiff] cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

Id. at 1550. The Court ultimately remanded the action to the Court of Appeals to conduct a standing analysis in accordance with its opinion and thus did not reach the question of whether plaintiff did in fact have standing. Id.

Plaintiffs here assert that they have alleged simply bare procedural harm and seek only statutory damages, which

-8-

under Spokeo would be insufficient to confer standing under Article III. Thus, they maintain that this court lacks subject matter jurisdiction and that this action should be remanded to Pennsylvania state court. Plaintiffs' allegations in their own complaint belie their current belated position regarding standing.

When considering our subject matter jurisdiction in the face of a motion to remand, "our inquiry is limited to examining the case 'as of the time it was filed in state court.'"[3] Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 593, (2013) (quoting Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998)). Plaintiffs' complaint from the beginning has asserted that their vehicles were repossessed by Capital One in a manner that failed to comply with Pennsylvania law. Plaintiffs received an allegedly defective Notice of Repossession, which they attached as an exhibit to the complaint. They seek the greater of actual or statutory damages.

Plaintiffs further allege that the Pennsylvania Department of Transportation would not have transferred title

---

3. Plaintiffs may not amend their complaint by asserting in their brief that they seek statutory damages only. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Thus, legal theories set forth in plaintiffs' briefs "are helpful only to the extent that they find support in the allegations set forth in the complaint." See id.

-9-

from them to Capital One had the Department been aware of these violations and that therefore they are still the rightful owners of the vehicles at issue. They further seek to restrain and to enjoin any attempt by Capital One to collect or enforce any balance for monies due on their car loan. These allegations do not equate to a bare procedural violation of law. On the contrary, they describe actual damage in the loss of their vehicle and the existence of monetary loss. They represent a particularized and concrete injury sufficient to satisfy standing requirements for adjudication in federal court.

The authority cited by plaintiffs is distinguishable from the facts currently before this court. In Katz v. Six Flags Great Adventure, LLC, defendant provided to plaintiffs a receipt that included both the first six and last four digits of plaintiff's credit card account number. No. 18-116, 2018 WL 3831337, at *1 (D.N.J. Aug. 13, 2018). Thereafter, plaintiffs filed a putative class action alleging that defendant's actions violated the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681c(g), which prohibits merchants from printing certain credit card information on receipts. Id. at *1-2. Specifically, plaintiffs alleged that defendant failed to adhere to the FACTA's "truncation" requirement, which prohibits merchants from printing on a receipt more than five digits of a credit card account number and that, as a result, plaintiffs

were at increased risk of future identity theft.  Id.  The district court concluded that plaintiffs had alleged only a "'bare' statutory violation of FACTA, 'divorced from any concrete harm,'" and that a future risk of identity theft was insufficient to confer standing on plaintiffs.  Id. at *8.  It granted the motion of plaintiffs to remand the action to New Jersey state court.  Id. at *1, *8-9.

Similarly, in Woturski v. Federal Warranty Service Corp., the district court granted plaintiffs' motion to remand to state court a putative class action for lack of subject matter jurisdiction.  No. 17-4309, 2018 WL 1399303, at *1 (D.N.J. Mar. 19, 2018).  There, plaintiffs alleged that defendant issued service contracts in connection with the purchase by plaintiffs of appliances and that the service contracts contained terms that violated the New Jersey Service Contract Act, N.J. Stat. Ann. §§ 56:12-87 to -97.  Id.  The court concluded that plaintiffs had alleged misstatements of plaintiffs' rights and defendant's responsibilities in the service contracts but had not claimed that any kind of injury had resulted from those misstatements.  Id. at *1-2, *4.

Here, plaintiffs have not alleged an attenuated risk of future harm or a bare violation of statute divorced from any actual injury.  Instead, as stated above, they have alleged a particularized and concrete injury, that is, the repossession of

-11-

their vehicles in a manner contrary to Pennsylvania law. Plaintiffs have further alleged that, in light of these violations, they should not have lost title to their vehicles and that any amounts due on loans made to finance the vehicles should be extinguished. Plaintiffs have standing under Article III of the United States Constitution, and this court has subject matter jurisdiction.

III

Accordingly, the motion of plaintiffs to remand will be denied.