IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | ) | CIVIL ACTION |
| Plaintiffs, | ) ) ) | No. 2:16-cv-06130-HB |
| v. | ) ) ) ) | |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | ) ) ) ) | |
| Defendant | ) | |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Plaintiffs' Uncontested Motion for Preliminary Settlement Approval, Conditional Certification of Settlement Classes, and Approval of Class Settlement Notice (the "Motion"), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED as follows:

1.  **Summary of Claims.** Plaintiffs, Randy Langer and James Langer, commenced this putative class action against Defendant, Capital One Auto Finance, a division of Capital One, N.A. ("COAF"), asserting claims on their own behalf and on behalf of similarly-situated Pennsylvania consumer auto loan borrowers, arising from COAF's practices with respect to sending: (i) post-repossession notices informing Pennsylvania consumer borrowers of the repossession of their motor vehicles and COAF's intention to dispose of the repossessed motor vehicles ("Post-Repossession Notices"); and (ii) post-sale notices to Pennsylvania consumer borrowers explaining the calculation of the claimed post-sale deficiency balances on the borrowers' loans ("Post-Sale Notices"). Plaintiffs allege, *inter alia*, that COAF's practices with respect to sending Post-Repossession Notices and Post-Sale Notices violated the Pennsylvania



Uniform Commercial Code, 13 Pa. C.S. § 9601, *et seq.* (the "UCC"), which Plaintiffs contend must be read *in pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act. In addition to seeking statutory damages, Plaintiffs seek the extinguishment of any deficiency balances that COAF claims are owed following the sales of Plaintiffs' and the putative class members' repossessed motor vehicles, the reimbursement of certain amounts paid by the putative class members in respect of those claimed deficiency balances, and the removal of the credit trade lines for Plaintiffs and each putative class member relating to their Auto Loans. COAF, on the other hand, denies that it violated the UCC, denies any liability to Plaintiffs or any putative class members, and asserts that it is entitled to pursue collection of the disputed deficiency balances on Plaintiffs' and the putative class members' auto loans.

2. **Proposed Settlement.** Plaintiffs and COAF (the "Parties") have agreed, subject to approval by the Court, to resolve this action on a class-wide basis in accordance with the terms of an executed Class Action Settlement Agreement and Release (the "Settlement Agreement"), a copy of which was attached as Exhibit 1 to the Motion.[1] Pursuant to the Settlement Agreement, in exchange for a release of the claims of Plaintiffs and the Class Members, except those claims and defenses expressly preserved by the Settlement Agreement, COAF, without admitting any liability, agrees to: (i) make a gross settlement payment to the Class Members in the aggregate sum of $6,500,000.00; (ii) compromise and extinguishment of the Disputed Deficiency Balances on Plaintiffs' and the Class Members' Auto Loans by way of an accord and satisfaction; (iii) vacate or mark satisfied any unsatisfied deficiency judgments against the Class Members; (iv) request that the Credit Reporting Agencies delete the trade lines associated with Plaintiffs' and

---

[1] Unless defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement. The Settlement Agreement, including its exhibits, is incorporated by reference in this Order.

the Class Members' Auto Loans; and (v) return to the Class Members the Post-Stay Payments they made toward their Disputed Deficiency Balances on or after April 24, 2017, the date of the Parties' first mediation session.

3.  **Preliminary Settlement Approval.** The Court preliminarily finds that the Settlement between the Parties, as memorialized in the Settlement Agreement, is fair, adequate, in the best interests of the Class Members, and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Settlement resulted from arm's length negotiations; and (b) the Settlement is sufficiently reasonable to warrant notice of the Settlement to the Class Members and a full hearing on the approval of the Settlement.

4.  **Conditional Class Certification.** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following Classes:

    (a) **Class 1 (Post-Repossession Notice Class).** All Borrowers: (i) who entered into an Auto Loan for personal, family, or household purposes; (ii) whose motor vehicle was repossessed by COAF; (iii) whose mailing address at the time of the repossession, according to COAF's business records, was in Pennsylvania; and (iv) to whom COAF sent a Post-Repossession Notice during the Class 1 Period[2] that stated a minimum redemption period of fewer than fifteen (15) days from the date of the Post-Repossession Notice.

    (b) **Class 2 (Post-Sale Notice Class).** All Borrowers: (i) who entered into an Auto Loan for personal, family, or household purposes; (ii) whose motor vehicle was repossessed by COAF; (iii) whose motor vehicle was sold by COAF during the Class 2 Period;[3] (iv) whose mailing address and/or whose co-obligor's mailing address at the time of the sale of the vehicle, according to COAF's business records, was/were in Pennsylvania; and (v) to whom COAF did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle or to whose co-obligor on the Auto Loan COAF did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle.

---

[2] The Class 1 Period is February 1, 2015 to July 29, 2015, inclusive.

[3] The Class 2 Period is October 5, 2010 to June 9, 2017, inclusive.

5. **Findings as to Class 1**. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily finds, for settlement purposes only, that:

(a) Class 1 appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to Class 1 for the purposes of determining whether the Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the Class 1 claims being resolved through the Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of Class 1 in connection with the proposed Settlement;

(e) Common questions of law and fact appear to predominate over questions affecting only individual Class 1 members, and Class 1 appears to be sufficiently cohesive for settlement of the Class 1 claims on a class-wide basis; and

(f) Certification of Class 1 appears to be superior to other available methods for the fair and efficient resolution of the Class 1 claims.

6. **Findings as to Class 2**. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily finds, for settlement purposes only, that:

(a) Class 2 appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to Class 2 for the purposes of determining whether the Settlement should be approved;

(c) Plaintiffs' claims appear to be typical of the Class 2 claims being resolved through the Settlement;

(d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of Class 2 in connection with the proposed Settlement;

(e) Common questions of law and fact appear to predominate over questions affecting only individual Class 2 members, and Class 2 appears to be sufficiently cohesive for settlement of the Class 2 claims on a class-wide basis; and

(f) Certification of Class 2 appears to be superior to other available methods for the fair and efficient resolution of the Class 2 claims.

7. **Findings as to the Compromise and Extinguishment of the Disputed Deficiency Balances in an Accord and Satisfaction.** Pursuant to the Settlement, COAF shall permanently extinguish the Disputed Deficiency Balances of the Class Members (excluding those Class Members whose requests for exclusion are approved by the Court), with such Disputed Deficiency Balances being compromised in an accord and satisfaction. The Parties acknowledge and agree, and the Court finds, that the Disputed Deficiency Balances are disputed liabilities. Plaintiffs contend, and the Court finds, that under *Zarin v. Commissioner of Internal Revenue*, 916 F.2d 110 (3d Cir. 1990), the Parties' agreement to compromise and extinguish the Disputed Deficiency Balances by way of an accord and satisfaction, as set forth in the Settlement Agreement, constitutes the resolution of contested liabilities, not a cancellation or discharge of indebtedness, and the compromise and extinguishment of the Disputed Deficiency Balances by way of an accord and satisfaction therefore do not result in taxable income to the Class Members. Accordingly, the Court rules that COAF shall not file IRS Form 1099-C informational returns with the Internal Revenue Service (the "IRS") or furnish copies of the IRS Forms 1099-C to the Class Members with respect to the compromise and extinguishment of the Class Members' Disputed Deficiency Balances by way of an accord and satisfaction as set forth in the Settlement Agreement. This finding is subject to modification if the IRS independently determines that IRS Form 1099-C reporting is required with respect to the compromise and extinguishment of the Class Members' Disputed Deficiency Balances and directs COAF to so report, in which case COAF shall promptly notify this Court and Class Counsel and shall comply with the IRS's directive unless further directed by this Court. The Court's findings and ruling with regard to IRS Form 1099-C reporting are limited to the facts and circumstances of this

unique Settlement and shall have no collateral estoppel effect as against COAF in any other action, suit, proceeding, or other matter.

8. **Preliminary Appointment of Class Representatives and Class Counsel.** For settlement purposes only, the Court preliminarily appoints Plaintiffs as the class representatives for Class 1 and Class 2 and preliminarily appoints Richard Shenkan and Shenkan Injury Lawyers, LLC, as class counsel for Class 1 and Class 2. The Court preliminarily finds that Plaintiffs and Class Counsel have and will fairly and adequately represent the interests of the Class Members with respect to the Settlement. Plaintiffs and Class Counsel, on behalf of Class 1 and Class 2, are authorized to take all appropriate actions required and permitted to be taken by the Settlement Agreement to effectuate its terms.

9. **Appointment of Settlement Administrator.** BrownGreer PLC is appointed as the third-party administrator (the "Settlement Administrator") to assist in the administration of the Settlement and the notification to the Class Members, as set forth in the Settlement Agreement. The Court finds that it is necessary for COAF to disclose to the Settlement Administrator confidential class data, including the names, addresses, telephone numbers, email addresses, and Social Security Numbers of the Class Members, with such information being deemed "Confidential Information" for the purposes of the Confidentiality Agreement and Stipulated Protective Order entered by the Court in this action [ECF No. 10] (the "Protective Order"). The Settlement Administrator shall be bound by the terms of the Protective Order and subject to the jurisdiction of the Court for the purposes of this action and the Settlement.

10. **Approval of Manner and Form of Proposed Class Notice.** The Court approves the proposed Class Notice attached as Exhibit B to the Settlement Agreement and the proposed manner of mailing the Class Notice, as set forth in the Settlement Agreement, finding that the

Class Notice fully satisfies the requirements of Due Process, the applicable requirements of the Federal Rules of Civil Procedure, and Class Counsel's obligations to Class Members, and constitutes reasonable and sufficient notice to all Class Members, as practicable under the circumstances. The Class Notice shall be sent by the Settlement Administrator to the Class Members by first-class U.S. mail, postage prepaid, not later than sixty (60) days following the entry of this Order.

        11.    **Qualified Settlement Fund.** Class Counsel and/or the Settlement Administrator is/are authorized to establish the Settlement Account at PNC Bank (or another federally-insured financial institution to be selected by Class Counsel) which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). Class Counsel and/or the Settlement Administrator shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

        12.    **Class Members' Right to Object to the Settlement.** As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to object to the Settlement, by sending a written objection to the Settlement Administrator in accordance with the Class Notice. As set forth in the Class Notice, written objections to the Settlement must be post-marked no later than forty-five (45) days after the date of the Class Notice. Class Counsel shall file copies of all written objections to the Settlement with Plaintiffs' motion for final approval of the Settlement in advance of the final approval hearing.

13. **Class Members' Right to Request Exclusion from the Classes.** As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to request exclusion from Class 1 and/or Class 2 by sending a written request for exclusion to the Settlement Administrator in accordance with the Class Notice. Any written request for exclusion must: (i) set forth the Class Member's full name, current address, telephone number and email address, if available, (ii) contain the signatures of any Class Member (or his or her guardian, administrator, or executor) obligated on the Class Member's Auto Loan, and (iii) state the intent of all signatory(ies) not to participate in the Settlement. As set forth in the Class Notice, written requests for exclusion from Class 1 and/or Class 2 must be post-marked no later than forty-five (45) days after the date of the Class Notice. Class Members who do not timely exclude themselves from the Classes in accordance with the Class Notice shall be bound by the Court's Order finally approving the Settlement, if final approval is granted. Class Counsel shall file copies of all written requests for exclusion from the Classes with Plaintiffs' motion for final approval of the Settlement in advance of the final approval hearing.

14. **Final Approval Hearing.** A final approval hearing with respect to the Settlement (the "Final Approval Hearing") shall take place before the Honorable Harvey Bartle III in Courtroom 16-A, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, on _____, 2019, at _____. At the Final Approval Hearing the Court will consider, *inter alia*: (i) whether the Settlement is fair and reasonable; (ii) whether the Class Counsel Fees are fair and reasonable; (iii) whether the Class Counsel Costs are fair and reasonable; (iv) whether the Settlement Administration Costs are fair and reasonable; (v) whether the Incentive Awards are fair and reasonable; and (vi) whether the Final Approval Order, dismissing the Action on the merits and with prejudice as to the Class

Members who did not timely excluded themselves from the Classes, should be entered. The Court will also hear and consider any properly lodged objections to the Settlement. Any Class Member may appear and be heard at the Final Approval Hearing, either in person or through counsel retained at the Class Member's expense. The Final Approval Hearing may be postponed, adjourned, or rescheduled by Order of the Court without further notice to the Class Members.

15. **Motion for Final Approval.** After the Class Notice has been mailed to the Class Members, and no later than fourteen (14) days before the Final Approval Hearing, Plaintiffs shall file a Motion for Final Approval seeking a Final Approval Order in accordance with the Settlement Agreement, approving the Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not excluded themselves from the Classes and ordering that the Settlement Fund be distributed in accordance with the Settlement Agreement and that the additional class relief be conferred to the eligible Class Members in accordance with the Settlement Agreement. The Motion for Final Approval shall include Class Counsel's application for awards of Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, and Plaintiffs' Incentive Awards.

16. **Stay of Proceedings.** All proceedings in this action are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or to comply with the terms of the Settlement Agreement.

17. **Effect of Termination.** If the Settlement Agreement is terminated or is not consummated for any reason, or if Final Approval is not obtained, this Order, including the preliminary approval of the Settlement, the conditional certification of Class 1 and Class 2, the preliminary appointment of Plaintiffs as class representatives, and the preliminary appointment

of Class Counsel, shall be vacated and deemed void and of no effect, and this action shall proceed as though such approval, certification, and appointments never occurred, with the Parties reserving all rights, including with respect to class certification. Further, in such event, neither the Settlement Agreement, the Motion, this Order, nor any documents related thereto shall be referred to or used by any Party to establish liability, damages, or class certification or for any other purpose.

18.     **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or related to the Settlement Agreement. The Court may approve or modify the Settlement without further notice to the Class Members.

BY THE COURT:

_____
HARVEY BARTLE III, J.