**YOU MAY BE A MEMBER OF CLASS [ ]**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

*Langer, et al. v. Capital One Auto Finance, a division of Capital One, N.A.*
No. 2:16-cv-06130-HB

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**You may be entitled to receive a settlement payment,**
**the extinguishment of disputed debt, and credit reporting relief**
**in connection with a class action against Capital One Auto Finance**

***A Federal Court has authorized this Notice.***
***This is not a solicitation from a lawyer.***

This proposed settlement (the **"Settlement"**), if approved by the Court, will resolve a class action lawsuit against Capital One Auto Finance, a division of Capital One, N.A. (the **"Bank"**), over whether the Bank sent proper notices to borrowers of their rights after the Bank repossessed their motor vehicles (**"Post-Repossession Notices"**) and whether the Bank sent proper notices to borrowers of their rights after the Bank sold the repossessed vehicles (**"Post-Sale Notices"**).

The class action lawsuit, *Langer, et al. v. Capital One Auto Finance, a division of Capital One, N.A.*, No. 2:16-cv-06130-HB (the **"Lawsuit"**), is pending before the United States District Court for the Eastern District of Pennsylvania. The Bank denies and disputes the claims asserted in the Lawsuit. The Settlement avoids the costs and risks to the parties associated with proceeding with the Lawsuit.

Under the Settlement the Bank will:  (a) provide a gross settlement payment of **$6,500,000.00** to be distributed to class members after the payment of administrative costs, Class Counsel's legal fees and costs, and incentive payments to the representative plaintiffs; (b) permanently extinguish the disputed deficiency balances that the Bank claims are owed on the class members' auto loans with the Bank; (c) refund payments that the class members made toward the claimed deficiency balances during the time period after the Bank and the representative plaintiffs started negotiating this settlement; (d) request that the credit reporting agencies delete the credit reporting trade lines associated with the class members' auto loans with the Bank; and (e) vacating of any deficiency judgments.  In exchange, the Bank will be released from liability, except for except for narrowly-defined exceptions described in the Settlement Agreement. The Settlement Agreement can be reviewed at <mark>[website address]</mark>, by reviewing the pleadings at the federal courthouse in Philadelphia, or by requesting a copy from the Settlement Administrator or Class Counsel.

You are receiving this Notice because you may be a class member for purposes of the Settlement.

***Your rights may be affected whether or not you act in response to this Notice.  Please read this Notice carefully.***

**Why you have been sent this Notice**

The Settlement is for two classes.  According to the Bank's records, you are a member of one or both of these classes, as indicated at the top of this page.

The relevant time period for the Settlement (the **"Class Period"**) is from October 5, 2010 through the date the Court finally approves the settlement.

**Class 1 – the Post-Repossession Notice Class** is defined as:  All borrowers (i) who entered into an auto loan for personal, family, or household purposes; (ii) whose motor vehicle was repossessed by the Bank; (iii) whose mailing address at the time of the repossession, according to the Bank's business records, was in Pennsylvania; and (iv) to whom the Bank sent a Post-Repossession Notice during the



Class Period that stated a minimum redemption period of fewer than fifteen (15) days from the date of the Post-Repossession Notice.

**Class 2 – the Post-Sale Notice Class** is defined as:  All borrowers (i) who entered into an auto loan for personal, family, or household purposes; (ii) whose motor vehicle was repossessed by the Bank; (iii) whose motor vehicle was sold by the Bank during the Class Period; (iv) whose mailing address and/or whose co-obligor's mailing address at the time of the sale of the vehicle, according to the Bank's business records, was/were in Pennsylvania; and (v) to whom the Bank did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle or to whose co-borrower on the auto loan the Bank did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle.

<u>**Brief Summary of Settlement Benefits**</u>

The Settlement will provide several benefits to the class members.

*Settlement Payments*

**Class 1:**  Members of Class 1 will receive an estimated net settlement payment of approximately $1,870 for auto loans with only one borrower, or $935 per co-borrower for auto loans with two co-borrowers. These amounts are estimates, and the actual cash payments could be smaller or larger than the estimates.  If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank first will apply your settlement payment to the balance of your auto loan and then pay the excess amount, if any, to you.

**Class 2:**  Each member of Class 2 will receive an estimated net settlement payment of approximately $140.  This amount is an estimate, and the actual cash payments could be smaller or larger than the estimates.

*Refund of Certain Deficiency Balance Payments*

**Both Classes:**  The Bank has agreed to refund to the class members any payments the class members made toward their deficiency balances between April 24, 2017 and the date when the Court finally approves the settlement.  If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank will <u>not</u> refund the payments you made toward the outstanding balance.

*Compromised and Extinguished Deficiency Balances*

**Both Classes:**  The balance remaining on an auto loan after the financed vehicle is repossessed and sold by a bank or financing company is called a "deficiency balance." In connection with the Settlement Agreement, the Bank has agreed to compromise and permanently extinguish the disputed deficiency balances the Bank claims are remaining on the auto loans of the members of Class 1 and Class 2, excluding those class members whose vehicle was repossessed, reinstated their loan, and got their repossessed vehicle back, and have an outstanding loan balance with the Bank. For those persons, the Bank is <u>not</u> waiving the balance on their auto loan. If you are one of those class members, you are part of the Reinstatement Sub-class. Please check above to determine which class you are in.

*Request to Delete Credit Reporting*

**All Classes:**  The Bank has agreed to submit requests to the three major credit reporting agencies – Experian, Equifax, and TransUnion – to delete the credit reporting related to the class members' auto loans.

*Claims Preserved*

**Both Classes**:  You may have narrowly defined additional claims, as described in the Settlement Agreement, which you may pursue against Capital One. There is no guarantee that you are eligible for these narrowly defined additional claims or that the law will afford you any relief.

**Your Options**

At this time, you are assumed to be a class member who is participating in the Settlement.  Therefore, your rights will be affected even if you do nothing.  Please read this Notice carefully.

The following is a general summary of the actions you can take and the results of those actions. If you want to have a detailed discussion regarding your specific situation or have other questions or concerns, you may contact Class Counsel at [toll-free number].

| YOUR ACTION | RESULT OF THAT ACTION |
|---|---|
| **DO NOTHING** | You remain in the Settlement. If the Settlement is approved, you will receive a settlement payment and the other benefits summarized above, and, in exchange, you give up the right to sue the Bank for matters concerning your auto loan and the repossession of your vehicle as set forth in the Settlement Agreement, except for narrowly-defined exceptions described in the Settlement Agreement.  See, Section 14 below. |
| **ASK TO BE EXCLUDED** | You are removed from the Settlement.  You will not receive a settlement payment or the other benefits summarized above.  However, this is the only option that allows you to pursue your own lawsuit or to participate in any other lawsuit against the Bank concerning your auto loan or the repossession of your vehicle.<br>The deadline for you to submit your request to be excluded is **[DATE]**, forty-five (45) days after the date of this Notice, so you must act promptly. |
| **OBJECT TO SETTLEMENT** | If you object to the Settlement, you are still in the Settlement, but you have notified the Court in writing that you don't like the Settlement and why.  The deadline for you to submit an objection is **[DATE]**, forty-five (45) days after the date of this Notice, so you must act promptly. |
| **OBJECT TO ALLOCATION OF SETTLEMENT AND REFUND PAYMENTS (CO-BORROWERS ONLY)** | If you are a co-borrower, you may also object to the equal allocation between co-borrowers of the settlement payments and/or the refund of deficiency payments.  This is not the same as objecting to the Settlement.  The deadline for you to submit an objection to the payment allocation is **[DATE]**, forty-five (45) days after the date of this Notice, so you must act promptly. |
| **GO TO THE HEARING WHERE THE COURT CONSIDERS WHETHER TO APPROVE THE SETTLEMENT** | You are still in the Settlement and get the benefits of the Settlement, if approved by the Court.  You do not need to attend the hearing to get the benefits of the Settlement, but you are invited to attend and will be afforded an opportunity to speak in Court about the fairness of the Settlement (should you choose to do so) or, if applicable, why any belatedly submitted objection or request for exclusion should be considered. |

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................................................ 5

    1.    Why is there a Notice? ...................................................................................................... 5

    2.    What is this Lawsuit About? ............................................................................................... 5

    3.    Why is this a Class Action? ............................................................................................... 5

    4.    Why is there a Settlement? ............................................................................................... 5

WHO IS IN THE SETTLEMENT? .......................................................................................................... 5

    5.    How do I know if I am part of the Settlement? ................................................................... 6

    6.    What if I am not sure whether I am included in the Settlement? ........................................ 6

THE SETTLEMENT BENEFITS ............................................................................................................ 6

    7.    What does the Settlement provide? ................................................................................... 6

    8.    How much will I receive? ................................................................................................... 7

    9.    What is the payment refund benefit? ................................................................................ 7

    10.   What is the deficiency balance elimination benefit? ......................................................... 7

    11.   What is the credit reporting benefit? ................................................................................. 8

    12.   What if I reinstated my loan? ............................................................................................ 8

    13.   When will I receive my benefits? ....................................................................................... 8

    14.   What am I giving up and what claims might I still have to pursue if I remain in the Settlement? .... 9

    15.   Will this affect my taxes? .................................................................................................. 9

    16.   What happens if this notice is addressed to a class member that has passed away? ....... 9

    17.   What happens if this debt was discharged in or is presently included in a bankruptcy? ... 9

    18.   What happens if I voluntarily surrendered my vehicle, redeemed my vehicle, or reinstated my account? ......... 9

HOW TO GET BENEFITS ..................................................................................................................... 10

    19.   Do I need to do anything to get a cash payment, to get the credit reporting benefit, or to have my alleged but disputed deficiency balance eliminated? ................................... 10

EXCLUDING YOURSELF FROM THE SETTLEMENT ......................................................................... 10

    20.   How do I exclude myself from the Settlement? ................................................................. 10

    21.   If I do not exclude myself, can I sue the Bank for the same thing later? ........................... 10

    22.   If I exclude myself, can I still benefit from this Settlement? ............................................... 10

THE LAWYERS REPRESENTING YOU ............................................................................................... 10

    23.   Do I have a lawyer in the case? ........................................................................................ 10

    24.   How will the lawyers be paid? ........................................................................................... 10

OBJECTING TO THE SETTLEMENT OR OBJECTING TO THE DISTRIBUTION/REFUND ............... 11

    25.   How do I tell the Court if I do not like the Settlement? ...................................................... 11

    26.   If I am a co-borrower, can I object to the equal division of the cash payments and/or deficiency payment refunds as between both co-borrowers? ............................................ 11

    27.   What is the difference between objecting and asking to be excluded? .............................. 11

THE COURT'S FAIRNESS HEARING .................................................................................................. 12

    28.   When and where will the Court decide whether to approve the Settlement? ..................... 12

    29.   Do I have to attend the fairness hearing? ......................................................................... 12

    30.   May I speak at the hearing? .............................................................................................. 12

GETTING MORE INFORMATION ......................................................................................................... 12

    31.   How do I get more information? ......................................................................................... 12

**EXHIBIT B**

## BASIC INFORMATION

**1.  Why is there a Notice?**

A Court has authorized this Notice because you have a right to know about the proposed Settlement of the Lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the Lawsuit, the proposed Settlement, and your legal rights. If the Court approves the Settlement, and after any appeals are resolved, the Settlement Administrator will make the payments that the Settlement allows. United States District Judge Harvey Bartle III of the United States District Court for the Eastern District of Pennsylvania is overseeing the Lawsuit. The name of the Lawsuit is *Langer, et al. v. Capital One Auto Finance, a division of Capital One, N.A.*, No. 2:16-cv-06130-HB. In this Notice, Defendant Capital One Auto Finance, a division of Capital One, N.A., is called the "**Bank**," and the people who sued the Bank are called the "**Plaintiffs**."

**2.  What is this Lawsuit About?**

The Plaintiffs have claimed, among other things, that the Bank violated Pennsylvania law in two ways: (1) by failing to send its borrowers proper post-repossession consumer disclosure notices describing their rights after it repossessed a financed vehicle ("**Post-Repossession Notices**"); and (2) by failing to send a separate disclosure notice to each co-borrower after the Bank sold the repossessed vehicle ("**Post-Sale Notices**"). The Bank denies that it did anything wrong and has asserted a variety of defenses. The Bank further asserts that it has the right to pursue the collection of the outstanding balances of the borrowers' loans following the sales of the repossessed vehicles, which are referred to as "deficiency balances." Plaintiffs dispute that the Bank can pursue collection of the borrowers' deficiency balances. These issues have not yet been decided by the Court, and, if this Settlement is approved, these issues will not be resolved on the merits.

**3.  Why is this a Class Action?**

In a class action, one or more people called "representative plaintiffs" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." In this Lawsuit, the Plaintiffs, Randy Langer and James Langer, are the representative plaintiffs. If this Settlement is approved, the Settlement will resolve the claims of all of the class members except for those individuals who exclude themselves from the class or pursue a claim that is expressly preserved by the Settlement Agreement. For purposes of this Settlement, you are a class member.

**4.  Why is there a Settlement?**

The Court has not decided in favor of the Plaintiffs or the Bank. Instead, both sides have agreed to a Settlement. By agreeing to this Settlement, both sides avoid the cost and risk of a trial, and the individuals affected may decide whether to participate in the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all class members. Without the Settlement, there would be a trial, which could result in a greater payment to class members, a smaller payment to class members, or no payment at all to class members, and could result in class members being held liable for the deficiency balances which, though disputed, the Bank claims against them. Additionally, the settlement provides very substantial benefits, including cash settlement payments, the compromise and extinguishment of disputed deficiency balances, the refund of payments made toward the deficiency balances on or after April 24, 2017, and requests to the credit reporting agencies to delete the class members' trade lines related to their auto loans with the Bank. The Settlement does not mean that the Bank did anything wrong.

## WHO IS IN THE SETTLEMENT?

If you received this Notice in the mail, the Bank's records indicate you are part of one or both of the classes and are included in this Settlement. But even if you did not receive a mailed notice, you may still be a class member and included in this Settlement, as described below.

5

**5. How do I know if I am part of the Settlement?**

You are included in Class 1 if:

- You financed a motor vehicle primarily for personal, family, or household use, pledging the vehicle as collateral;

- The Bank issued your auto loan or your auto loan was assigned to the Bank;

- Your vehicle that was pledged as collateral was repossessed by or at the direction of the Bank;

- You had a Pennsylvania mailing address, according to the Bank's records, as of the date of the repossession; and,

- Sometime between February 1, 2015 and July 29, 2015, inclusive, the Bank sent you a Post-Repossession Notice that stated a minimum redemption period of fewer than fifteen (15) days from the date of the Post-Repossession Notice.

You are included in Class 2 if:

- You financed a motor vehicle primarily for personal, family, or household use, pledging the vehicle as collateral;

- The Bank issued your auto loan or your auto loan was assigned to the Bank;

- Your vehicle that was pledged as collateral was repossessed by or at the direction of the Bank;

- The Bank sold your repossessed vehicle;

- Either you or the co-borrower on your loan had a Pennsylvania mailing address, according to the Bank's records, as of the date of the sale of the vehicle; and

- At any time on or after October 5, 2010 through June 9, 2017, the Bank failed to mail you or the co-borrower on your loan a separately addressed Post-Sale Notice explaining the post-sale deficiency balance on the loan.

**6. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call Class Counsel at [toll free number] with questions. You may also contact the Settlement Administrator below:

CAPITAL ONE CLASS SETTLEMENT
[Settlement Administrator's name]
[mailing address]
[email]
[toll free number]

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

If the Settlement is approved and becomes final, it will provide, among other things, the following benefits:

- A total cash settlement payment of $6.5 million (see Question 8), to be paid to the class members after the deduction of Class Counsel's attorneys' fees and costs, incentive awards to the Plaintiffs, and settlement administration costs (see Question 24);

- Refunds of the payments class members made toward their deficiency balances on or after April 24, 2017 (see Question 9);

- The compromise and extinguishment of the class members' disputed deficiency balances, totaling approximately $27.4 million (see Question 10); and

- Requests to the credit reporting agencies to delete the credit trade lines associated with the class members' auto loans with the Bank (see Question 11).

More details are in the Settlement Agreement, which is available to be reviewed at [website address] or by accessing the record for this lawsuit at the Clerk's office at the Federal Court located at 601 Market Street, Philadelphia, PA 19106.

**8.  How much will I receive?**

The Bank has agreed to pay a settlement amount of $6,500,000.00.  After deducting Class Counsel's attorneys' fees and costs, the settlement administration costs, and incentive awards to the Plaintiffs, 66.7% of the net settlement will be paid to Class 1 members, and 33.3% of the net settlement will be paid to Class 2 members.

**(a)  Class 1 Payments**

The Class 1 settlement payments will be made in equal payments for each auto loan at issue, with estimated net settlement payments of approximately $1,870 each for auto loans with only one borrower, and estimated net settlement payments of $935 per co-borrower for auto loans with two co-borrowers. These amounts are estimates, and the actual cash payments could be smaller or larger than these estimates.  If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank first will apply your settlement payment to the balance of your auto loan and then pay the excess amount, if any, to you. If you had more than one vehicle repossessed by the Bank, you will be entitled to such a payment for each repossessed vehicle.  If the same vehicle was repossessed more than once, you will receive one payment.

**(b)  Class 2 Payments**

The Class 2 settlement payments will be made in equal payments to each Class 2 member, with an estimated net settlement payment of approximately $140 for each Class 2 member.  This amount is an estimate, and the actual cash payments could be smaller or larger than these estimates.  If you had more than one vehicle repossessed by the Bank, you will be entitled to such a payment for each repossessed vehicle.  If the same vehicle was repossessed more than once, you will receive one payment.

**9.  What is the payment refund benefit?**

If the Bank received any payments made on or after April 24, 2017 to a deficiency balance on your auto loan, the Bank has agreed to refund you 100% of your such payments.  If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank will not refund the payments you made toward the outstanding balance. If that is the case you are a member of the Reinstatement Sub-class, in which case the cash payment you otherwise would receive will be paid towards your outstanding auto loan.  If, with this payment, your auto loan will be satisfied, you will receive the balance of any remaining portion of your cash benefit.

**10.  What is the deficiency balance elimination benefit?**

A deficiency balance is the amount that the Bank claims you still owe on your loan after the sale of your repossessed vehicle.  Plaintiffs dispute that any deficiency balance is owed by any class member.  As part of the Settlement, the Bank agrees to compromise and extinguish all of the class members' disputed deficiency balances excluding those class members who fall within the Reinstatement Sub-class (see Question 12).

Example:  At the time the Bank sold Amanda's repossessed vehicle, she owed $10,000 on her loan. The Bank incurred $250 to repossess her vehicle and $250 to sell the vehicle.  Amanda's vehicle sold for $6,000 at auction.  Amanda's deficiency balance would be $4,500.

*Calculation*

| [($10,000 + $250 + $250) | - | ($6,000)] | = | $4,500 |
|---|---|---|---|---|
| Total amount owed by Amanda | | Amount from vehicle sale | | Deficiency Balance |

## 11. What is the credit reporting benefit?

As part of the Settlement, the Bank will ask Experian, Equifax, and TransUnion to delete the credit trade line associated with your auto loan with the Bank.  It is likely that your credit score will increase as a result of this benefit unless you filed for bankruptcy; however, there is no guarantee as to this positive effect.

## 12. What if I reinstated my loan?

If after the Bank repossessed your vehicle you reinstated your loan by paying the past due amounts, and the Bank has not subsequently repossessed and sold your vehicle, you are a member of the Reinstatement Sub-class.

### (a) Will I receive the settlement payment?

Yes.  You will receive the settlement payment described in Question 8, but the settlement payment will be first credited to your outstanding loan balance, with any excess then being paid to you.

### (b) Will I receive the payment refund benefit?

No.  You will not receive a deficiency balance payment refund, as described in Question 9 because your loan does not have a deficiency balance.

### (c) Will I receive the deficiency balance extinguishment benefit?

No. You will not receive the deficiency balance extinguishment benefit described in Question 10 above because your loan does not have a deficiency balance.

### (d) Will I receive the credit reporting benefit?

Yes.  You will receive the credit reporting benefit described in Question 11.

### (e) If I stop making payments or default on my auto loan in the future, can the Bank attempt to collect money from me?

Yes.  If you default on your reinstated loan after the date when this Settlement is finally approved by the Court, the Bank will be permitted to repossess your vehicle again and attempt to collect on the debt which may be owed by you.  Your and the Bank's legal rights are not affected in this regard as a result of this Settlement, and, if you default on your loan, the Bank retains its rights to file a lawsuit against you, repossess the vehicle, and/or pursue a claim against you for any remaining balance of the loan. Your rights are preserved to defend any such claim, except for the alleged statutorily deficient post-repossession consumer disclosure notices which are the subject of this litigation.

## 13. When will I receive my benefits?

Class members will receive their payments and other benefits after the Court grants final approval of the Settlement (see Question 28) and after any appeals are resolved.  If there are appeals, resolving them can take time.  Please be patient.

**14. What am I giving up and what claims might I still have to pursue if I remain in the Settlement?**

Unless you exclude yourself from the Settlement, you will remain in the Settlement and you will give up your right to sue (or continue a lawsuit against) the Bank for the same type of claims as are being resolved by this Settlement, except for narrowly-defined exceptions described in the Settlement Agreement. The claims which are released and preserved are set forth in the Settlement Agreement. Please pay particular attention to Section 9. The full Settlement Agreement is available at [website address]. The Settlement Agreement specifically describes the released and preserved claims, so read it carefully. There is no guarantee that you are eligible or will be permitted to pursue these preserved claims. Class Counsel has commenced a different class action lawsuit (*Dudo v. Capital One*, 2:19-cv-00098MHR (W.D. PA) (the "Dudo Action") in which you may be a putative class member regarding your potentially preserved claims. Unless you are a putative class member in the Dudo Action, Class Counsel has not taken any steps to pursue these potentially preserved claims. If you have any questions, you can discuss this matter with Class Counsel at no charge. Class Counsel's phone number is [toll-free number].

**15. Will this affect my taxes?**

**We cannot give you a definitive answer in this Notice**.  You should consult a tax professional to provide you with this answer because all situations are unique.  Because there is a cash benefit, you may need to pay taxes on this part of the settlement.  Judge Bartle has ordered the Bank not to send any IRS Forms 1099-C as a result of the compromise and extinguishment of the class members' disputed deficiency balances as part of this Settlement (for those class members who are not members of the Reinstatement Sub-class).  Notwithstanding the fact that an IRS Form 1099-C will not be issued to you as a result of the extinguishment of your compromised deficiency balance as part of this Settlement, you still may be required to pay tax on the amount of the purported deficiency balance and, therefore, should consult a tax professional right away.

***You are urged to contact a tax professional regarding the benefits of this Settlement for your particular circumstances.***

**16. What happens if this notice is addressed to a class member that has passed away?**

If proper documentation of the death of the class member is promptly sent to the Settlement Administrator, a check will be issued (or re-issued) to the class member's estate or next of kin, as may be applicable.  If the class member is deceased, please send a copy of the death certificate to the Settlement Administrator at the address listed in Question 6 and contact the Settlement Administrator at [toll-free number] or Class Counsel at [toll-free number] for more information.

**17. What happens if this debt was discharged in or is presently included in a bankruptcy?**

If the loan obligation was discharged in bankruptcy (yours and/or your co-borrower's bankruptcy) or is presently part of a bankruptcy proceeding, then you should consult a bankruptcy attorney regarding this matter.  You may have an obligation to notify the bankruptcy trustee regarding the cash you are expected to receive.

**18. What happens if I voluntarily surrendered my vehicle, redeemed my vehicle, or reinstated my account?**

Because the lawsuit principally challenges the content of the post-repossession consumer disclosure notices and is not based on actual harm you may have suffered, you will still have the right to share in all of the monetary and equitable relief, including the request for deletion of your credit trade line. If you reinstated your account and you default on your reinstated loan after the Settlement is approved, you will be a member of the Reinstatement Sub-class, and the Bank will be permitted to repossess your vehicle again and attempt to collect on the debt which may be owed by you (see Question 12).

## HOW TO GET BENEFITS

**19.  Do I need to do anything to get a cash payment, to get the credit reporting benefit, or to have my alleged but disputed deficiency balance eliminated?**

No.  Assuming that the Court approves the Settlement, you do not need to do anything further in order to remain a part of the Settlement and to receive a settlement payment, the credit reporting benefit, and the extinguishment of your compromised deficiency balance (if you are not a member of the Reinstatement Sub-class).  If you reinstated your account, got your vehicle back, and have yet to fully satisfy the loan obligations, then you will receive the credit repair benefit and your settlement payment will be credited to the outstanding balance of your loan with the Bank, and if any money is left over, the balance will be sent to you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a settlement payment or the other benefits from this Settlement, and you instead want to keep the right to sue or continue to sue the Bank on your own about the issues in this case, then you must take steps to exclude yourself from (or "opt out" of) the Settlement.

**20.  How do I exclude myself from the Settlement?**

In order to exclude yourself, send a letter that clearly states that you want to be excluded from the Settlement.  Be sure to include your name, address, email (if available), telephone number, and signature.  You must send a written exclusion request by e-mail to [email address] or by mail to [mailing address].  The exclusion request must be postmarked or sent with a transmittal date no later than [DATE], forty-five (45) days after the date of this Notice. The phone number for the Settlement Administrator is [toll-free number].

**21.  If I do not exclude myself, can I sue the Bank for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue the Bank for the claims that this Settlement resolves on your behalf, except under very limited exceptions which are detailed in the Settlement Agreement.  If you have a pending lawsuit, speak to your lawyer in that case immediately because your legal rights may be adversely affected by this Settlement.  You must exclude yourself from this Settlement in order to start or to continue your own lawsuit for the same or similar claims, absent limited exceptions described in the Settlement Agreement.  Your rights may be affected by this Settlement.

**22.  If I exclude myself, can I still benefit from this Settlement?**

No.  If you exclude yourself, you will not receive any money from this lawsuit or Settlement, the compromise and extinguishment of your deficiency balance, or any other benefit in connection with the Settlement.

## THE LAWYERS REPRESENTING YOU

**23.  Do I have a lawyer in the case?**

Yes.  The Court has approved Richard Shenkan and the law firm of Shenkan Injury Lawyers, LLC. to represent you and other class members.  This lawyer and law firm are called "Class Counsel."  You will not be charged individually for this legal service; rather, Class Counsel's fees will be paid from the Settlement Fund with the approval of the Court.  If you want to be represented by your own lawyer, you may hire one at your own expense. Class Counsel's phone number is [toll-free number]. You can speak with Class Counsel at no charge about this case.

**24.  How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees of up to $2.6 million and expenses of up to $150,000.00, including settlement administration costs.  An attorneys' fee in this amount represents

approximately 7.8% of the value of the aggregate benefit including the cash payment and the compromise and extinguishment of the disputed deficiency balances.  The value of the credit repair will vary based upon each class member; however, these are significant additional benefits.  The fees and expenses awarded by the Court will be paid out of the $6.5 million settlement fund.  Class Counsel will also request special service payments of no more than $15,000 each for Plaintiffs for their services as class representatives for the Class.  These service payments also will be paid from the settlement fund.  The Court could decide to award less than the amounts requested for fees and service payments.

## OBJECTING TO THE SETTLEMENT OR OBJECTING TO THE DISTRIBUTION/REFUND

### 25.  How do I tell the Court if I do not like the Settlement?

If you are a class member, you can object to the Settlement if you don't like any part of it.  You should state why you object and why you think the Court should not approve the Settlement.  The Court will consider your views.  To do so, you must timely send a written communication by e-mail to [email address] or by mail to [mailing address].  The objection must be postmarked or sent with a transmittal date no later than **[DATE]**, forty-five (45) days after the date of this Notice.  The letter must include the following:

- A statement that you object to the Settlement;

- Your full name, address, email address (if available), and telephone number;

- The specific reasons why you object to the Settlement; and

- Your signature.

The phone number for the Settlement Administrator is [toll-free number].

### 26.  If I am a co-borrower, can I object to the equal division of the cash payments and/or deficiency payment refunds as between both co-borrowers?

Yes.  To do so, you must timely send a written communication by e-mail to [email address] or by mail to [mailing address].  The objection must be postmarked or sent with a transmittal date no later than **[DATE]**, forty-five (45) days after the date of this Notice.  The letter must include the following:

- A statement that you are a co-borrower and object to an even split of the cash payment and/or deficiency payment refund;

- Your full name, address, email address (if available), and telephone number;

- The specific reasons why you object to an even split of the refund monies (e.g., "I paid all of the loan payments myself."); and

- Your signature and the signature of your co-borrower.

The phone number for the Settlement Administrator is [toll-free number].

### 27.  What is the difference between objecting and asking to be excluded?

Objecting to the Settlement is informing the Court that you don't like something about the Settlement, and that you, for a clearly stated reason, do not want the Settlement to be approved or that you object to a particular part of the Settlement.  You can object only if you don't exclude yourself from the Settlement.  Excluding yourself is informing the Court that you don't want to be part of the Settlement.  If you exclude yourself, you have no basis to object, because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to do so.

**28.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a fairness hearing before United States District Judge Harvey Bartle III on **[DATE]** at **[TIME]** in Courtroom 16-A, United States Courthouse, 601 Market Street, Philadelphia, PA  19106.  The hearing may be moved to a different date or time without additional notice, so if you intend to attend the hearing, it is a good idea to confirm in advance that the date and time of the hearing has not changed.  You may confirm this information by checking [website address] or calling [toll-free number].  At this fairness hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them and will listen to class members who ask to speak at the hearing.   Similarly, if you are a co-borrower and object to the even split of the cash payment and/or the deficiency payment refund as between both co-borrowers, the Court will decide these matters as well at the hearing, absent extenuating circumstances, unless you are able to resolve your differences amongst you and your co-borrower with the aid of Class Counsel.  The Court may also decide several other aspects of the Settlement including how much to pay Plaintiffs for their service awards and Class Counsel for their services and expenses.  Following the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**29.  Do I have to attend the fairness hearing?**

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your expense.  If you file an objection, you do not have to come to Court to talk about it, but you may.  As long as you timely filed your written objection the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**30.  May I speak at the hearing?**

Yes, any class member that has not excluded himself/herself from the Settlement may speak at the fairness hearing.

## GETTING MORE INFORMATION

**31.  How do I get more information?**

This notice briefly summarizes the key aspects of the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement and other important case documents at [website address].  You may also examine these documents in person during regular office hours at the Clerk's Office of the Federal Court located at 601 Market Street, Philadelphia, PA 19106.  You may contact Class Counsel with questions at [toll-free number] or rshenkan@shenkanlaw.com.  You may also contact the Settlement Administrator with any questions at [toll-free number].  You should not call the Bank or the Court.