IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | No. 2:16-cv-06130-HB |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CAPITAL ONE AUTO FINANCE, a division of | ) | |
| CAPITAL ONE, N.A., | ) | |
| | ) | |
| Defendant | ) | |

**FILED**
MAY 24 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

### ORDER

AND NOW, this **24th** day of **May**, 2019, upon consideration of
Plaintiffs' Uncontested Motion for Preliminary Settlement Approval, Conditional Certification of
Settlement Classes, and Approval of Class Settlement Notice (the "Motion"), it is hereby
ORDERED that the Motion is GRANTED.  It is further ORDERED as follows:

1.  **Summary of Claims.**  Plaintiffs, Randy Langer and James Langer, commenced
this putative class action against Defendant, Capital One Auto Finance, a division of Capital
One, N.A. ("COAF"), asserting claims on their own behalf and on behalf of similarly-situated
Pennsylvania consumer auto loan borrowers, arising from COAF's practices with respect to
sending:  (i) post-repossession notices informing Pennsylvania consumer borrowers of the
repossession of their motor vehicles and COAF's intention to dispose of the repossessed motor
vehicles ("Post-Repossession Notices"); and (ii) post-sale notices to Pennsylvania consumer
borrowers explaining the calculation of the claimed post-sale deficiency balances on the
borrowers' loans ("Post-Sale Notices").  Plaintiffs allege, *inter alia*, that COAF's practices with
respect to sending Post-Repossession Notices and Post-Sale Notices violated the Pennsylvania

ENT'D MAY 24 2019

Uniform Commercial Code, 13 Pa. C.S. § 9601, *et seq.* (the "UCC"), which Plaintiffs contend

must be read *in pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act. In

addition to seeking statutory damages, Plaintiffs seek the extinguishment of any deficiency

balances that COAF claims are owed following the sales of Plaintiffs' and the putative class

members' repossessed motor vehicles, the reimbursement of certain amounts paid by the putative

class members in respect of those claimed deficiency balances, and the removal of the credit

trade lines for Plaintiffs and each putative class member relating to their Auto Loans. COAF, on

the other hand, denies that it violated the UCC, denies any liability to Plaintiffs or any putative

class members, and asserts that it is entitled to pursue collection of the disputed deficiency

balances on Plaintiffs' and the putative class members' auto loans.

2.      **Proposed Settlement.** Plaintiffs and COAF (the "Parties") have agreed, subject

to approval by the Court, to resolve this action on a class-wide basis in accordance with the terms

of an executed Class Action Settlement Agreement and Release (the "Settlement Agreement"), a

copy of which was attached as Exhibit 1 to the Motion.[1] Pursuant to the Settlement Agreement,

in exchange for a release of the claims of Plaintiffs and the Class Members, except those claims

and defenses expressly preserved by the Settlement Agreement, COAF, without admitting any

liability, agrees to: (i) make a gross settlement payment to the Class Members in the aggregate

sum of $6,500,000.00; (ii) compromise and extinguishment of the Disputed Deficiency Balances

on Plaintiffs' and the Class Members' Auto Loans by way of an accord and satisfaction; (iii)

vacate or mark satisfied any unsatisfied deficiency judgments against the Class Members; (iv)

request that the Credit Reporting Agencies delete the trade lines associated with Plaintiffs' and

---

[1]     Unless defined herein, all capitalized terms in this Order shall have the meanings ascribed to
them in the Settlement Agreement. The Settlement Agreement, including its exhibits, is
incorporated by reference in this Order.

the Class Members' Auto Loans; and (v) return to the Class Members the Post-Stay Payments

they made toward their Disputed Deficiency Balances on or after April 24, 2017, the date of the

Parties' first mediation session.

      3.    **Preliminary Settlement Approval.**  The Court preliminarily finds that the

Settlement between the Parties, as memorialized in the Settlement Agreement, is fair, adequate,

in the best interests of the Class Members, and within the range of reasonableness for

preliminary settlement approval.  The Court finds that:  (a) the Settlement resulted from arm's

length negotiations; and (b) the Settlement is sufficiently reasonable to warrant notice of the

Settlement to the Class Members and a full hearing on the approval of the Settlement.

      4.    **Conditional Class Certification.**  Pursuant to Federal Rule of Civil Procedure

23(b)(3), the Court conditionally certifies, for settlement purposes only, the following Classes:

    (a)    **Class 1 (Post-Repossession Notice Class).**  All Borrowers:  (i) who entered into an Auto Loan for personal, family, or household purposes; (ii) whose motor vehicle was repossessed by COAF; (iii) whose mailing address at the time of the repossession, according to COAF's business records, was in Pennsylvania; and (iv) to whom COAF sent a Post-Repossession Notice during the Class 1 Period[2] that stated a minimum redemption period of fewer than fifteen (15) days from the date of the Post-Repossession Notice.

    (b)    **Class 2 (Post-Sale Notice Class).**  All Borrowers:  (i) who entered into an Auto Loan for personal, family, or household purposes; (ii) whose motor vehicle was repossessed by COAF; (iii) whose motor vehicle was sold by COAF during the Class 2 Period;[3] (iv) whose mailing address and/or whose co-obligor's mailing address at the time of the sale of the vehicle, according to COAF's business records, was/were in Pennsylvania; and (v) to whom COAF did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle or to whose co-obligor on the Auto Loan COAF did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle.

---

[2]    The Class 1 Period is February 1, 2015 to July 29, 2015, inclusive.

[3]    The Class 2 Period is October 5, 2010 to June 9, 2017, inclusive.

5. **Findings as to Class 1**. Pursuant to Federal Rule of Civil Procedure 23, the

Court preliminarily finds, for settlement purposes only, that:

    (a) Class 1 appears to be so numerous that joinder of all members is impracticable;

    (b) There appear to be questions of law or fact common to Class 1 for the purposes of determining whether the Settlement should be approved;

    (c) Plaintiffs' claims appear to be typical of the Class 1 claims being resolved through the Settlement;

    (d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of Class 1 in connection with the proposed Settlement;

    (e) Common questions of law and fact appear to predominate over questions affecting only individual Class 1 members, and Class 1 appears to be sufficiently cohesive for settlement of the Class 1 claims on a class-wide basis; and

    (f) Certification of Class 1 appears to be superior to other available methods for the fair and efficient resolution of the Class 1 claims.

6. **Findings as to Class 2**. Pursuant to Federal Rule of Civil Procedure 23, the

Court preliminarily finds, for settlement purposes only, that:

    (a) Class 2 appears to be so numerous that joinder of all members is impracticable;

    (b) There appear to be questions of law or fact common to Class 2 for the purposes of determining whether the Settlement should be approved;

    (c) Plaintiffs' claims appear to be typical of the Class 2 claims being resolved through the Settlement;

    (d) Plaintiffs appear to be capable of fairly and adequately protecting the interests of Class 2 in connection with the proposed Settlement;

    (e) Common questions of law and fact appear to predominate over questions affecting only individual Class 2 members, and Class 2 appears to be sufficiently cohesive for settlement of the Class 2 claims on a class-wide basis; and

    (f) Certification of Class 2 appears to be superior to other available methods for the fair and efficient resolution of the Class 2 claims.

7. **Findings as to the Compromise and Extinguishment of the Disputed**

**Deficiency Balances in an Accord and Satisfaction.** Pursuant to the Settlement, COAF shall permanently extinguish the Disputed Deficiency Balances of the Class Members (excluding those Class Members whose requests for exclusion are approved by the Court), with such Disputed Deficiency Balances being compromised in an accord and satisfaction. The Parties acknowledge and agree, ~~and the Court finds,~~ that the Disputed Deficiency Balances are disputed liabilities. Plaintiffs contend, ~~and the Court finds,~~ that under *Zarin v. Commissioner of Internal Revenue*, 916 F.2d 110 (3d Cir. 1990), the Parties' agreement to compromise and extinguish the Disputed Deficiency Balances by way of an accord and satisfaction, as set forth in the Settlement Agreement, constitutes the resolution of contested liabilities, not a cancellation or discharge of indebtedness, and the compromise and extinguishment of the Disputed Deficiency Balances by way of an accord and satisfaction therefore do not result in taxable income to the Class Members. ~~Accordingly, the Court rules that COAF shall not file IRS Form 1099-C~~ informational returns with the Internal Revenue Service (the "IRS") or furnish copies of the IRS Forms 1099-C to the Class Members with respect to the compromise and extinguishment of the Class Members' Disputed Deficiency Balances by way of an accord and satisfaction as set forth in the Settlement Agreement. This finding is subject to modification if the IRS independently determines that IRS Form 1099-C reporting is required with respect to the compromise and extinguishment of the Class Members' Disputed Deficiency Balances and directs COAF to so report, in which case COAF shall promptly notify this Court and Class Counsel and shall comply with the IRS's directive unless further directed by this Court. The Court's findings and ruling ~~with regard to IRS Form 1099-C reporting are limited to the facts and circumstances of this~~

~~unique Settlement and shall have no collateral estoppel effect as against COAF in any other~~ 

~~action, suit, proceeding, or other matter.~~

8.      **Preliminary Appointment of Class Representatives and Class Counsel.**  For

settlement purposes only, the Court preliminarily appoints Plaintiffs as the class representatives

for Class 1 and Class 2 and preliminarily appoints Richard Shenkan and Shenkan Injury

Lawyers, LLC, as class counsel for Class 1 and Class 2.  The Court preliminarily finds that

Plaintiffs and Class Counsel have and will fairly and adequately represent the interests of the

Class Members with respect to the Settlement.  Plaintiffs and Class Counsel, on behalf of Class 1

and Class 2, are authorized to take all appropriate actions required and permitted to be taken by

the Settlement Agreement to effectuate its terms.

9.      **Appointment of Settlement Administrator.**  BrownGreer PLC is appointed as

the third-party administrator (the "Settlement Administrator") to assist in the administration of

the Settlement and the notification to the Class Members, as set forth in the Settlement

Agreement.  The Court finds that it is necessary for COAF to disclose to the Settlement

Administrator confidential class data, including the names, addresses, telephone numbers, email

addresses, and Social Security Numbers of the Class Members, with such information being

deemed "Confidential Information" for the purposes of the Confidentiality Agreement and

Stipulated Protective Order entered by the Court in this action [ECF No. 10] (the "Protective

Order").  The Settlement Administrator shall be bound by the terms of the Protective Order and

subject to the jurisdiction of the Court for the purposes of this action and the Settlement.

10.      **Approval of Manner and Form of Proposed Class Notice.**  The Court approves

the proposed Class Notice attached as Exhibit ~~B to the Settlement Agreement~~ 1 hereto and the proposed

manner of mailing the Class Notice, as set forth in the Settlement Agreement, finding that the

Class Notice fully satisfies the requirements of Due Process, the applicable requirements of the Federal Rules of Civil Procedure, and Class Counsel's obligations to Class Members, and constitutes reasonable and sufficient notice to all Class Members, as practicable under the circumstances. The Class Notice shall be sent by the Settlement Administrator to the Class Members by first-class U.S. mail, postage prepaid, not later than ~~sixty (60) days following the~~ *July 23, 2019* ~~entry of this Order.~~

11. **Qualified Settlement Fund.** Class Counsel and/or the Settlement Administrator is/are authorized to establish the Settlement Account at PNC Bank (or another federally-insured financial institution to be selected by Class Counsel) which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). Class Counsel and/or the Settlement Administrator shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

12. **Class Members' Right to Object to the Settlement.** As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to object to the Settlement, by sending a written objection to the Settlement Administrator in accordance with the Class Notice. As set forth in the Class Notice, written objections to the Settlement must be post-marked no later than ~~forty-five (45) days after the date of the Class Notice.~~ *September 6, 2019* Class Counsel shall file copies of all written objections to the Settlement with Plaintiffs' motion for final approval of the Settlement in advance of the final approval hearing.

13.     **Class Members' Right to Request Exclusion from the Classes.**  As set forth in the Settlement Agreement and the proposed Class Notice, all Class Members have the right to request exclusion from Class 1 and/or Class 2 by sending a written request for exclusion to the Settlement Administrator in accordance with the Class Notice.  Any written request for exclusion must:  (i) set forth the Class Member's full name, current address, telephone number and email address, if available, (ii) contain the signatures of any Class Member (or his or her guardian, administrator, or executor) obligated on the Class Member's Auto Loan, and (iii) state the intent of all signatory(ies) not to participate in the Settlement.  As set forth in the Class Notice, written requests for exclusion from Class 1 and/or Class 2 must be post-marked no later than ~~forty-five~~ e ~~September 6, 2019~~ ~~(45) days after the date of the Class Notice.~~ Class Members who do not timely exclude themselves from the Classes in accordance with the Class Notice shall be bound by the Court's Order finally approving the Settlement, if final approval is granted.  Class Counsel shall file copies of all written requests for exclusion from the Classes with Plaintiffs' motion for final approval of the Settlement in advance of the final approval hearing.

14.     **Final Approval Hearing.**  A final approval hearing with respect to the Settlement (the "Final Approval Hearing") shall take place before the Honorable Harvey Bartle III in Courtroom 16-A, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA  19106, on _November 8_ , 2019, at _10:00 AM_ At the Final Approval Hearing the Court will consider, *inter alia*: (i) whether the Settlement is fair and reasonable; (ii) whether the Class Counsel Fees are fair and reasonable; (iii) whether the Class Counsel Costs are fair and reasonable; (iv) whether the Settlement Administration Costs are fair and reasonable; (v) whether the Incentive Awards are fair and reasonable; and (vi) whether the Final Approval Order, dismissing the Action on the merits and with prejudice as to the Class

- 8 -

Members who did not timely excluded themselves from the Classes, should be entered. The Court will also hear and consider any properly lodged objections to the Settlement. Any Class Member may appear and be heard at the Final Approval Hearing, either in person or through counsel retained at the Class Member's expense. The Final Approval Hearing may be postponed, adjourned, or rescheduled by Order of the Court without further notice to the Class Members.

15.     **Motion for Final Approval.** After the Class Notice has been mailed to the Class Members, and no later than fourteen (14) days before the Final Approval Hearing, Plaintiffs shall file a Motion for Final Approval seeking a Final Approval Order in accordance with the Settlement Agreement, approving the Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not excluded themselves from the Classes and ordering that the Settlement Fund be distributed in accordance with the Settlement Agreement and that the additional class relief be conferred to the eligible Class Members in accordance with the Settlement Agreement. The Motion for Final Approval shall include Class Counsel's application for awards of Class Counsel Fees, Class Counsel Costs, Settlement Administration Costs, and Plaintiffs' Incentive Awards.

16.     **Stay of Proceedings.** All proceedings in this action are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or to comply with the terms of the Settlement Agreement.

17.     **Effect of Termination.** If the Settlement Agreement is terminated or is not consummated for any reason, or if Final Approval is not obtained, this Order, including the preliminary approval of the Settlement, the conditional certification of Class 1 and Class 2, the preliminary appointment of Plaintiffs as class representatives, and the preliminary appointment

of Class Counsel, shall be vacated and deemed void and of no effect, and this action shall proceed as though such approval, certification, and appointments never occurred, with the Parties reserving all rights, including with respect to class certification. Further, in such event, neither the Settlement Agreement, the Motion, this Order, nor any documents related thereto shall be referred to or used by any Party to establish liability, damages, or class certification or for any other purpose.

18. **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or related to the Settlement Agreement. The Court may approve or modify the Settlement without further notice to the Class Members.

BY THE COURT:

HARVEY BARTLE III, J.

- 10 -

YOU MAY BE A MEMBER OF CLASS [ ]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

*Langer, et al. v. Capital One Auto Finance, a division of Capital One, N.A.*
No 2 16-cv-06130-HB

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**You may be entitled to receive a settlement payment,**
**the extinguishment of disputed debt, and credit reporting relief**
**in connection with a class action against Capital One Auto Finance**

*A Federal Court has authorized this Notice.*
*This is not a solicitation from a lawyer.*

This proposed settlement (the **"Settlement"**), if approved by the Court, will resolve a class action lawsuit against Capital One Auto Finance, a division of Capital One, N.A. (the **"Bank"**), over whether the Bank sent proper notices to borrowers of their rights after the Bank repossessed their motor vehicles (**"Post-Repossession Notices"**) and whether the Bank sent proper notices to borrowers of their rights after the Bank sold the repossessed vehicles (**"Post-Sale Notices"**)

The class action lawsuit, *Langer, et al. v Capital One Auto Finance, a division of Capital One, N A.*, No. 2:16-cv-06130-HB (the **"Lawsuit"**), is pending before the United States District Court for the Eastern District of Pennsylvania   The Bank denies and disputes the claims asserted in the Lawsuit   The Settlement avoids the costs and risks to the parties associated with proceeding with the Lawsuit

Under the Settlement the Bank will   (a) provide a gross settlement payment of **$6,500,000.00** to be distributed to class members after the payment of administrative costs, Class Counsel's legal fees and costs, and incentive payments to the representative plaintiffs, (b) permanently extinguish the disputed deficiency balances that the Bank claims are owed on the class members' auto loans with the Bank; (c) refund payments that the class members made toward the claimed deficiency balances during the time period after the Bank and the representative plaintiffs started negotiating this settlement, (d) request that the credit reporting agencies delete the credit reporting trade lines associated with the class members' auto loans with the Bank, and (e) vacating of any deficiency judgments   In exchange, the Bank will be released from liability, except for ~~except for~~ narrowly-defined exceptions described in the Settlement Agreement  The Settlement Agreement can be reviewed at [website address], by reviewing the pleadings at the federal courthouse in Philadelphia, or by requesting a copy from the Settlement Administrator or Class Counsel 

You are receiving this Notice because you may be a class member for purposes of the Settlement

***Your rights may be affected whether or not you act in response to this Notice.  Please read this Notice carefully.***

## Why you have been sent this Notice

The Settlement is for two classes   According to the Bank's records, you are a member of one or both of these classes, as indicated at the top of this page

The relevant time period for the Settlement (the **"Class Period"**) is from October 5, 2010 through the date the Court finally approves the settlement

**Class 1 – the Post-Repossession Notice Class** is defined as:  All borrowers (i) who entered into an auto loan for personal, family, or household purposes, (ii) whose motor vehicle was repossessed by the Bank, (iii) whose mailing address at the time of the repossession, according to the Bank's business records, was in Pennsylvania; and (iv) to whom the Bank sent a Post-Repossession Notice during the

1

**EXHIBIT 1**

Class Period that stated a minimum redemption period of fewer than fifteen (15) days from the date of the Post-Repossession Notice

**Class 2 – the Post-Sale Notice Class** is defined as· All borrowers (i) who entered into an auto loan for personal, family, or household purposes, (ii) whose motor vehicle was repossessed by the Bank, (iii) whose motor vehicle was sold by the Bank during the Class Period; (iv) whose mailing address and/or whose co-obligor's mailing address at the time of the sale of the vehicle, according to the Bank's business records, was/were in Pennsylvania, and (v) to whom the Bank did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle or to whose co-borrower on the auto loan the Bank did not mail a separately addressed Post-Sale Notice after the sale of the motor vehicle

### Brief Summary of Settlement Benefits

The Settlement will provide several benefits to the class members.

*Settlement Payments*

**Class 1:** Members of Class 1 will receive an estimated net settlement payment of approximately $1,870 for auto loans with only one borrower, or $935 per co-borrower for auto loans with two co-borrowers These amounts are estimates, and the actual cash payments could be smaller or larger than the estimates If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank first will apply your settlement payment to the balance of your auto loan and then pay the excess amount, if any, to you

**Class 2:** Each member of Class 2 will receive an estimated net settlement payment of approximately $140 This amount is an estimate, and the actual cash payments could be smaller or larger than the estimates

*Refund of Certain Deficiency Balance Payments*

**Both Classes:** The Bank has agreed to refund to the class members any payments the class members made toward their deficiency balances between April 24, 2017 and the date when the Court finally approves the settlement If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank will not refund the payments you made toward the outstanding balance

*Compromised and Extinguished Deficiency Balances*

**Both Classes:** The balance remaining on an auto loan after the financed vehicle is repossessed and sold by a bank or financing company is called a "deficiency balance " In connection with the Settlement Agreement, the Bank has agreed to compromise and permanently extinguish the disputed deficiency balances the Bank claims are remaining on the auto loans of the members of Class 1 and Class 2, excluding those class members whose vehicle was repossessed, reinstated their loan, and got their repossessed vehicle back, and have an outstanding loan balance with the Bank For those persons, the Bank is not waiving the balance on their auto loan. If you are one of those class members, you are part of the Reinstatement Sub-class Please check above to determine which class you are in

*Request to Delete Credit Reporting*

**All Classes:** The Bank has agreed to submit requests to the three major credit reporting agencies – Experian, Equifax, and TransUnion – to delete the credit reporting related to the class members' auto loans

*Claims Preserved*

**Both Classes** You may have narrowly defined additional claims, as described in the Settlement Agreement, which you may pursue against Capital One. There is no guarantee that you are eligible for these narrowly defined additional claims or that the law will afford you any relief

2

## Your Options

At this time, you are assumed to be a class member who is participating in the Settlement  Therefore, your rights will be affected even if you do nothing  Please read this Notice carefully

The following is a general summary of the actions you can take and the results of those actions  If you want to have a detailed discussion regarding your specific situation or have other questions or concerns, you may contact Class Counsel at [toll-free number]

| YOUR ACTION | RESULT OF THAT ACTION |
|---|---|
| **DO NOTHING** | You remain in the Settlement  If the Settlement is approved, you will receive a settlement payment and the other benefits summarized above, and, in exchange, you give up the right to sue the Bank for matters concerning your auto loan and the repossession of your vehicle as set forth in the Settlement Agreement, except for narrowly-defined exceptions described in the Settlement Agreement  See, Section 14 below |
| **ASK TO BE EXCLUDED** | You are removed from the Settlement.  You will not receive a settlement payment or the other benefits summarized above   However, this is the only option that allows you to pursue your own lawsuit or to participate in any other lawsuit against the Bank concerning your auto loan or the repossession of your vehicle  The deadline for you to submit your request to be excluded is **[DATE]**, forty-five (45) days after the date of this Notice, so you must act promptly. |
| **OBJECT TO SETTLEMENT** | If you object to the Settlement, you are still in the Settlement, but you have notified the Court in writing that you don't like the Settlement and why.  The deadline for you to submit an objection is **[DATE]**, forty-five (45) days after the date of this Notice, so you must act promptly |
| **OBJECT TO ALLOCATION OF SETTLEMENT AND REFUND PAYMENTS (CO-BORROWERS ONLY)** | If you are a co-borrower, you may also object to the equal allocation between co-borrowers of the settlement payments and/or the refund of deficiency payments   This is not the same as objecting to the Settlement  The deadline for you to submit an objection to the payment allocation is **[DATE]**, forty-five (45) days after the date of this Notice, so you must act promptly |
| **GO TO THE HEARING WHERE THE COURT CONSIDERS WHETHER TO APPROVE THE SETTLEMENT** | You are still in the Settlement and get the benefits of the Settlement, if approved by the Court  You do not need to attend the hearing to get the benefits of the Settlement, but you are invited to attend and will be afforded an opportunity to speak in Court about the fairness of the Settlement (should you choose to do so) or, if applicable, why any belatedly submitted objection or request for exclusion should be considered |

3

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ....................................................................... 5

1    Why is there a Notice? .............................................................. 5
2    What is this Lawsuit About? ...................................................... 5
3    Why is this a Class Action? ....................................................... 5
4    Why is there a Settlement? ........................................................ 5

WHO IS IN THE SETTLEMENT? ......................................................... 5

5    How do I know if I am part of the Settlement? ............................. 6
6    What if I am not sure whether I am included in the Settlement? ...... 6

THE SETTLEMENT BENEFITS ........................................................... 6

7    What does the Settlement provide? ............................................. 6
8    How much will I receive? ............................................................ 7
9    What is the payment refund benefit? ........................................... 7
10   What is the deficiency balance elimination benefit? ....................... 7
11   What is the credit reporting benefit? ........................................... 8
12   What if I reinstated my loan? ...................................................... 8
13   When will I receive my benefits? ................................................. 8
14   What am I giving up and what claims might I still have to pursue if I remain in the Settlement? ... 9
15   Will this affect my taxes? ........................................................... 9
16   What happens if this notice is addressed to a class member that has passed away? ... 9
17   What happens if this debt was discharged in or is presently included in a bankruptcy? ... 9
18   What happens if I voluntarily surrendered my vehicle, redeemed my vehicle, or reinstated my account? ... 9

HOW TO GET BENEFITS ................................................................... 10

19   Do I need to do anything to get a cash payment, to get the credit reporting benefit, or to have my alleged but disputed deficiency balance eliminated? ... 10

EXCLUDING YOURSELF FROM THE SETTLEMENT ............................... 10

20   How do I exclude myself from the Settlement? ............................ 10
21   If I do not exclude myself, can I sue the Bank for the same thing later? ... 10
22   If I exclude myself, can I still benefit from this Settlement? .......... 10

THE LAWYERS REPRESENTING YOU ................................................. 10

23   Do I have a lawyer in the case? ................................................. 10
24   How will the lawyers be paid? .................................................... 10

OBJECTING TO THE SETTLEMENT OR OBJECTING TO THE DISTRIBUTION/REFUND ... 11

25   How do I tell the Court if I do not like the Settlement? ............... 11
26   If I am a co-borrower, can I object to the equal division of the cash payments and/or deficiency payment refunds as between both co-borrowers? ... 11
27   What is the difference between objecting and asking to be excluded? ... 11

THE COURT'S FAIRNESS HEARING .................................................... 12

28   When and where will the Court decide whether to approve the Settlement? ... 12
29   Do I have to attend the fairness hearing? .................................... 12
30   May I speak at the hearing? ....................................................... 12

GETTING MORE INFORMATION ........................................................ 12

31   How do I get more information? .................................................. 12

4

## BASIC INFORMATION

**1. Why is there a Notice?**

A Court has authorized this Notice because you have a right to know about the proposed Settlement of the Lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the Lawsuit, the proposed Settlement, and your legal rights. If the Court approves the Settlement, and after any appeals are resolved, the Settlement Administrator will make the payments that the Settlement allows. United States District Judge Harvey Bartle III of the United States District Court for the Eastern District of Pennsylvania is overseeing the Lawsuit. The name of the Lawsuit is *Langer, et al v Capital One Auto Finance, a division of Capital One, N A.*, No. 2 16-cv-06130-HB. In this Notice, Defendant Capital One Auto Finance, a division of Capital One, N.A., is called the "**Bank**," and the people who sued the Bank are called the "**Plaintiffs** "

**2. What is this Lawsuit About?**

The Plaintiffs have claimed, among other things, that the Bank violated Pennsylvania law in two ways  (1) by failing to send its borrowers proper post-repossession consumer disclosure notices describing their rights after it repossessed a financed vehicle ("**Post-Repossession Notices**"); and (2) by failing to send a separate disclosure notice to each co-borrower after the Bank sold the repossessed vehicle ("**Post-Sale Notices**") The Bank denies that it did anything wrong and has asserted a variety of defenses  The Bank further asserts that it has the right to pursue the collection of the outstanding balances of the borrowers' loans following the sales of the repossessed vehicles, which are referred to as "deficiency balances " Plaintiffs dispute that the Bank can pursue collection of the borrowers' deficiency balances.  These issues have not yet been decided by the Court, and, if this Settlement is approved, these issues will not be resolved on the merits

**3. Why is this a Class Action?**

In a class action, one or more people called "representative plaintiffs" sue on behalf of themselves and other people with similar claims  All of these people together are the "class" or "class members."  In this Lawsuit, the Plaintiffs, Randy Langer and James Langer, are the representative plaintiffs  If this Settlement is approved, the Settlement will resolve the claims of all of the class members except for those individuals who exclude themselves from the class or pursue a claim that is expressly preserved by the Settlement Agreement  For purposes of this Settlement, you are a class member

**4. Why is there a Settlement?**

The Court has not decided in favor of the Plaintiffs or the Bank.  Instead, both sides have agreed to a Settlement  By agreeing to this Settlement, both sides avoid the cost and risk of a trial, and the individuals affected may decide whether to participate in the Settlement  The Plaintiffs and their attorneys think the Settlement is best for all class members  Without the Settlement, there would be a trial, which could result in a greater payment to class members, a smaller payment to class members, or no payment at all to class members, and could result in class members being held liable for the deficiency balances which, though disputed, the Bank claims against them  Additionally, the settlement provides very substantial benefits, including cash settlement payments, the compromise and extinguishment of disputed deficiency balances, the refund of payments made toward the deficiency balances on or after April 24, 2017, and requests to the credit reporting agencies to delete the class members' trade lines related to their auto loans with the Bank  The Settlement does not mean that the Bank did anything wrong

## WHO IS IN THE SETTLEMENT?

If you received this Notice in the mail, the Bank's records indicate you are part of one or both of the classes and are included in this Settlement  But even if you did not receive a mailed notice, you may still be a class member and included in this Settlement, as described below

## 5. How do I know if I am part of the Settlement?

You are included in Class 1 if.

- You financed a motor vehicle primarily for personal, family, or household use, pledging the vehicle as collateral,

- The Bank issued your auto loan or your auto loan was assigned to the Bank,

- Your vehicle that was pledged as collateral was repossessed by or at the direction of the Bank,

- You had a Pennsylvania mailing address, according to the Bank's records, as of the date of the repossession, and,

- Sometime between February 1, 2015 and July 29, 2015, inclusive, the Bank sent you a Post-Repossession Notice that stated a minimum redemption period of fewer than fifteen (15) days from the date of the Post-Repossession Notice.

You are included in Class 2 if·

- You financed a motor vehicle primarily for personal, family, or household use, pledging the vehicle as collateral,

- The Bank issued your auto loan or your auto loan was assigned to the Bank,

- Your vehicle that was pledged as collateral was repossessed by or at the direction of the Bank,

- The Bank sold your repossessed vehicle;

- Either you or the co-borrower on your loan had a Pennsylvania mailing address, according to the Bank's records, as of the date of the sale of the vehicle, and

- At any time on or after October 5, 2010 through June 9, 2017, the Bank failed to mail you or the co-borrower on your loan a separately addressed Post-Sale Notice explaining the post-sale deficiency balance on the loan

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call Class Counsel at [toll free number] with questions   You may also contact the Settlement Administrator below

CAPITAL ONE CLASS SETTLEMENT
[Settlement Administrator's name]
[mailing address]
[email]
[toll free number]

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If the Settlement is approved and becomes final, it will provide, among other things, the following benefits

- A total cash settlement payment of $6.5 million (see Question 8), to be paid to the class members after the deduction of Class Counsel's attorneys' fees and costs, incentive awards to the Plaintiffs, and settlement administration costs (see Question 24);

- Refunds of the payments class members made toward their deficiency balances on or after April 24, 2017 (see Question 9),

- The compromise and extinguishment of the class members' disputed deficiency balances, totaling approximately $27 4 million (see Question 10), and

- Requests to the credit reporting agencies to delete the credit trade lines associated with the class members' auto loans with the Bank (see Question 11)

More details are in the Settlement Agreement, which is available to be reviewed at [website address] or by accessing the record for this lawsuit at the Clerk's office at the Federal Court located at 601 Market Street, Philadelphia, PA 19106

**8. How much will I receive?**

The Bank has agreed to pay a settlement amount of $6,500,000 00. After deducting Class Counsel's attorneys' fees and costs, the settlement administration costs, and incentive awards to the Plaintiffs, 66 7% of the net settlement will be paid to Class 1 members, and 33.3% of the net settlement will be paid to Class 2 members

**(a) Class 1 Payments**

The Class 1 settlement payments will be made in equal payments for each auto loan at issue, with estimated net settlement payments of approximately $1,870 each for auto loans with only one borrower, and estimated net settlement payments of $935 per co-borrower for auto loans with two co-borrowers These amounts are estimates, and the actual cash payments could be smaller or larger than these estimates If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank first will apply your settlement payment to the balance of your auto loan and then pay the excess amount, if any, to you If you had more than one vehicle repossessed by the Bank, you will be entitled to such a payment for each repossessed vehicle If the same vehicle was repossessed more than once, you will receive one payment

**(b) Class 2 Payments**

The Class 2 settlement payments will be made in equal payments to each Class 2 member, with an estimated net settlement payment of approximately $140 for each Class 2 member This amount is an estimate, and the actual cash payments could be smaller or larger than these estimates. If you had more than one vehicle repossessed by the Bank, you will be entitled to such a payment for each repossessed vehicle If the same vehicle was repossessed more than once, you will receive one payment

**9. What is the payment refund benefit?**

If the Bank received any payments made on or after April 24, 2017 to a deficiency balance on your auto loan, the Bank has agreed to refund you 100% of your such payments If after your vehicle was repossessed you reinstated your loan, got your vehicle back, and have an outstanding loan balance with the Bank, the Bank will <u>not</u> refund the payments you made toward the outstanding balance If that is the case you are a member of the Reinstatement Sub-class, in which case the cash payment you otherwise would receive will be paid towards your outstanding auto loan If, with this payment, your auto loan will be satisfied, you will receive the balance of any remaining portion of your cash benefit

**10. What is the deficiency balance elimination benefit?**

A deficiency balance is the amount that the Bank claims you still owe on your loan after the sale of your repossessed vehicle Plaintiffs dispute that any deficiency balance is owed by any class member As part of the Settlement, the Bank agrees to compromise and extinguish all of the class members' disputed deficiency balances excluding those class members who fall within the Reinstatement Sub-class (see Question 12)

7

Example· At the time the Bank sold Amanda's repossessed vehicle, she owed $10,000 on her loan  The Bank incurred $250 to repossess her vehicle and $250 to sell the vehicle  Amanda's vehicle sold for $6,000 at auction  Amanda's deficiency balance would be $4,500

*Calculation*

| [($10,000 + $250 + $250) | - | ($6,000)] | = | $4,500 |
|---|---|---|---|---|
| Total amount owed by Amanda | | Amount from vehicle sale | | Deficiency Balance |

### 11. What is the credit reporting benefit?

As part of the Settlement, the Bank will ask Experian, Equifax, and TransUnion to delete the credit trade line associated with your auto loan with the Bank. It is likely that your credit score will increase as a result of this benefit unless you filed for bankruptcy, however, there is no guarantee as to this positive effect

### 12. What if I reinstated my loan?

If after the Bank repossessed your vehicle you reinstated your loan by paying the past due amounts, and the Bank has not subsequently repossessed and sold your vehicle, you are a member of the Reinstatement Sub-class

#### (a) Will I receive the settlement payment?

Yes. You will receive the settlement payment described in Question 8, but the settlement payment will be first credited to your outstanding loan balance, with any excess then being paid to you

#### (b) Will I receive the payment refund benefit?

No  You will not receive a deficiency balance payment refund, as described in Question 9 because your loan does not have a deficiency balance

#### (c) Will I receive the deficiency balance extinguishment benefit?

No. You will not receive the deficiency balance extinguishment benefit described in Question 10 above because your loan does not have a deficiency balance.

#### (d) Will I receive the credit reporting benefit?

Yes  You will receive the credit reporting benefit described in Question 11

#### (e) If I stop making payments or default on my auto loan in the future, can the Bank attempt to collect money from me?

Yes  If you default on your reinstated loan after the date when this Settlement is finally approved by the Court, the Bank will be permitted to repossess your vehicle again and attempt to collect on the debt which may be owed by you  Your and the Bank's legal rights are not affected in this regard as a result of this Settlement, and, if you default on your loan, the Bank retains its rights to file a lawsuit against you, repossess the vehicle, and/or pursue a claim against you for any remaining balance of the loan  Your rights are preserved to defend any such claim, except for the alleged statutorily deficient post-repossession consumer disclosure notices which are the subject of this litigation

### 13. When will I receive my benefits?

Class members will receive their payments and other benefits after the Court grants final approval of the Settlement (see Question 28) and after any appeals are resolved  If there are appeals, resolving them can take time,  Please be patient

**14. What am I giving up and what claims might I still have to pursue if I remain in the Settlement?**

Unless you exclude yourself from the Settlement, you will remain in the Settlement and you will give up your right to sue (or continue a lawsuit against) the Bank for the same type of claims as are being resolved by this Settlement, except for narrowly-defined exceptions described in the Settlement Agreement. The claims which are released and preserved are set forth in the Settlement Agreement. Please pay particular attention to Section 9. The full Settlement Agreement is available at [website address]. The Settlement Agreement specifically describes the released and preserved claims, so read it carefully. There is no guarantee that you are eligible or will be permitted to pursue these preserved claims. Class Counsel has commenced a different class action lawsuit (*Dudo v. Capital One*, 2:19-cv-00098MHR (W.D. PA) (the "Dudo Action") in which you may be a putative class member regarding your potentially preserved claims. Unless you are a putative class member in the Dudo Action, Class Counsel has not taken any steps to pursue these potentially preserved claims. If you have any questions, you can discuss this matter with Class Counsel at no charge. Class Counsel's phone number is [toll-free number].

**15. Will this affect my taxes?**

**We cannot give you a definitive answer in this Notice.** You should consult a tax professional to provide you with this answer because all situations are unique. Because there is a cash benefit, you may need to pay taxes on this part of the settlement. ~~Judge Bartle has ordered the Bank not to send any IRS~~ Forms 1099-C as a result of the compromise and extinguishment of the ~~class members~~ disputed deficiency balances as part of this Settlement (for those ~~class members~~ who are not members of the Reinstatement Sub-class). Notwithstanding the ~~fact that~~ an IRS Form 1099-C will not be issued to you as a result of the extinguishment of ~~your compromised~~ deficiency balance as part of this Settlement, you still may be required to ~~pay tax on~~ the amount of the purported deficiency balance and, therefore, should ~~consult a tax professional right away~~

*You are urged to contact a tax professional regarding the benefits of this Settlement for your particular circumstances*

**16. What happens if this notice is addressed to a class member that has passed away?**

If proper documentation of the death of the class member is promptly sent to the Settlement Administrator, a check will be issued (or re-issued) to the class member's estate or next of kin, as may be applicable. If the class member is deceased, please send a copy of the death certificate to the Settlement Administrator at the address listed in Question 6 and contact the Settlement Administrator at [toll-free number] or Class Counsel at [toll-free number] for more information

**17. What happens if this debt was discharged in or is presently included in a bankruptcy?**

If the loan obligation was discharged in bankruptcy (yours and/or your co-borrower's bankruptcy) or is presently part of a bankruptcy proceeding, then you should consult a bankruptcy attorney regarding this matter. You may have an obligation to notify the bankruptcy trustee regarding the cash you are expected to receive

**18. What happens if I voluntarily surrendered my vehicle, redeemed my vehicle, or reinstated my account?**

Because the lawsuit principally challenges the content of the post-repossession consumer disclosure notices and is not based on actual harm you may have suffered, you will still have the right to share in all of the monetary and equitable relief, including the request for deletion of your credit trade line. If you reinstated your account and you default on your reinstated loan after the Settlement is approved, you will be a member of the Reinstatement Sub-class, and the Bank will be permitted to repossess your vehicle again and attempt to collect on the debt which may be owed by you (see Question 12).

## HOW TO GET BENEFITS

**19. Do I need to do anything to get a cash payment, to get the credit reporting benefit, or to have my alleged but disputed deficiency balance eliminated?**

No   Assuming that the Court approves the Settlement, you do not need to do anything further in order to remain a part of the Settlement and to receive a settlement payment, the credit reporting benefit, and the extinguishment of your compromised deficiency balance (if you are not a member of the Reinstatement Sub-class).   If you reinstated your account, got your vehicle back, and have yet to fully satisfy the loan obligations, then you will receive the credit repair benefit and your settlement payment will be credited to the outstanding balance of your loan with the Bank, and if any money is left over, the balance will be sent to you

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a settlement payment or the other benefits from this Settlement, and you instead want to keep the right to sue or continue to sue the Bank on your own about the issues in this case, then you must take steps to exclude yourself from (or "opt out" of) the Settlement

**20. How do I exclude myself from the Settlement?**

In order to exclude yourself, send a letter that clearly states that you want to be excluded from the Settlement   Be sure to include your name, address, email (if available), telephone number, and signature   You must send a written exclusion request by e-mail to [email address] or by mail to [mailing address]   The exclusion request must be postmarked or sent with a transmittal date no later than **[DATE]**, forty-five (45) days after the date of this Notice   The phone number for the Settlement Administrator is [toll-free number]

**21. If I do not exclude myself, can I sue the Bank for the same thing later?**

No   Unless you exclude yourself, you give up any right to sue the Bank for the claims that this Settlement resolves on your behalf, except under very limited exceptions which are detailed in the Settlement Agreement   If you have a pending lawsuit, speak to your lawyer in that case immediately because your legal rights may be adversely affected by this Settlement   You must exclude yourself from this Settlement in order to start or to continue your own lawsuit for the same or similar claims, absent limited exceptions described in the Settlement Agreement   Your rights may be affected by this Settlement.

**22. If I exclude myself, can I still benefit from this Settlement?**

No   If you exclude yourself, you will not receive any money from this lawsuit or Settlement, the compromise and extinguishment of your deficiency balance, or any other benefit in connection with the Settlement.

## THE LAWYERS REPRESENTING YOU

**23. Do I have a lawyer in the case?**

Yes   The Court has approved Richard Shenkan and the law firm of Shenkan Injury Lawyers, LLC. to represent you and other class members.   This lawyer and law firm are called "Class Counsel "   You will not be charged individually for this legal service, rather, Class Counsel's fees will be paid from the Settlement Fund with the approval of the Court.   If you want to be represented by your own lawyer, you may hire one at your own expense   Class Counsel's phone number is [toll-free number]   You can speak with Class Counsel at no charge about this case.

**24. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees of up to $2.6 million and expenses of up to $150,000.00, including settlement administration costs   An attorneys' fee in this amount represents

approximately 7 8% of the value of the aggregate benefit including the cash payment and the compromise and extinguishment of the disputed deficiency balances   The value of the credit repair will vary based upon each class member, however, these are significant additional benefits.  The fees and expenses awarded by the Court will be paid out of the $6 5 million settlement fund   Class Counsel will also request special service payments of no more than $15,000 each for Plaintiffs for their services as class representatives for the Class   These service payments also will be paid from the settlement fund   The Court could decide to award less than the amounts requested for fees and service payments.

## OBJECTING TO THE SETTLEMENT OR OBJECTING TO THE DISTRIBUTION/REFUND

### 25. How do I tell the Court if I do not like the Settlement?

If you are a class member, you can object to the Settlement if you don't like any part of it   You should state why you object and why you think the Court should not approve the Settlement   The Court will consider your views   To do so, you must timely send a written communication by e-mail to [email address] or by mail to [mailing address].  The objection must be postmarked or sent with a transmittal date no later than **[DATE]**, forty-five (45) days after the date of this Notice.  The letter must include the following.

- A statement that you object to the Settlement,

- Your full name, address, email address (if available), and telephone number;

- The specific reasons why you object to the Settlement, and

- Your signature

The phone number for the Settlement Administrator is [toll-free number]

### 26. If I am a co-borrower, can I object to the equal division of the cash payments and/or deficiency payment refunds as between both co-borrowers?

Yes   To do so, you must timely send a written communication by e-mail to [email address] or by mail to [mailing address]   The objection must be postmarked or sent with a transmittal date no later than **[DATE]**, forty-five (45) days after the date of this Notice.  The letter must include the following

- A statement that you are a co-borrower and object to an even split of the cash payment and/or deficiency payment refund,

- Your full name, address, email address (if available), and telephone number;

- The specific reasons why you object to an even split of the refund monies (e.g , "I paid all of the loan payments myself "); and

- Your signature and the signature of your co-borrower

The phone number for the Settlement Administrator is [toll-free number]

### 27. What is the difference between objecting and asking to be excluded?

Objecting to the Settlement is informing the Court that you don't like something about the Settlement, and that you, for a clearly stated reason, do not want the Settlement to be approved or that you object to a particular part of the Settlement   You can object only if you don't exclude yourself from the Settlement.  Excluding yourself is informing the Court that you don't want to be part of the Settlement.  If you exclude yourself, you have no basis to object, because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so.

### 28. When and where will the Court decide whether to approve the Settlement?

The Court will hold a fairness hearing before United States District Judge Harvey Bartle III on [DATE] at [TIME] in Courtroom 16-A, United States Courthouse, 601 Market Street, Philadelphia, PA 19106 The hearing may be moved to a different date or time without additional notice, so if you intend to attend the hearing, it is a good idea to confirm in advance that the date and time of the hearing has not changed You may confirm this information by checking [website address] or calling [toll-free number]. At this fairness hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate If there are objections, the Court will consider them and will listen to class members who ask to speak at the hearing Similarly, if you are a co-borrower and object to the even split of the cash payment and/or the deficiency payment refund as between both co-borrowers, the Court will decide these matters as well at the hearing, absent extenuating circumstances, unless you are able to resolve your differences amongst you and your co-borrower with the aid of Class Counsel The Court may also decide several other aspects of the Settlement including how much to pay Plaintiffs for their service awards and Class Counsel for their services and expenses Following the hearing, the Court will decide whether to approve the Settlement We do not know how long these decisions will take

### 29. Do I have to attend the fairness hearing?

No Class Counsel will answer questions the Court may have. But, you are welcome to come at your expense. If you file an objection, you do not have to come to Court to talk about it, but you may. As long as you timely filed your written objection the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary

### 30. May I speak at the hearing?

Yes, any class member that has not excluded himself/herself from the Settlement may speak at the fairness hearing.

## GETTING MORE INFORMATION

### 31. How do I get more information?

This notice briefly summarizes the key aspects of the proposed Settlement. More details are in the Settlement Agreement You can get a copy of the Settlement Agreement and other important case documents at [website address] You may also examine these documents in person during regular office hours at the Clerk's Office of the Federal Court located at 601 Market Street, Philadelphia, PA 19106 You may contact Class Counsel with questions at [toll-free number] or rshenkan@shenkanlaw com You may also contact the Settlement Administrator with any questions at [toll-free number] You should not call the Bank or the Court