IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | No. 2:16-cv-06130-HB |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE AUTO FINANCE, a division of | ) | |
| CAPITAL ONE, N.A., | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFFS' RESPONSE TO
MOTION OF ATTORNEY RUDY A. FABIAN
FOR AN AWARD OF ATTORNEY FEES AND
IN OPPOSITION TO PLAINTIFFS' PREVIOUSLY UNCONTESTED
MOTION FOR FINAL APPROVAL OF SETTLEMENT**

NOW COME the Plaintiffs, by and through Class Counsel, Richard Shenkan and Shenkan Injury Lawyers, LLC. who respectfully request that this Honorable Court deny the Motion of Attorney Rudy A. Fabian for an Award of Attorney Fees and in Opposition to Plaintiffs' Previously Uncontested Motion for Final Approval of Settlement Agreement, Certification of Settlement Class, Approval of Attorney Fees and Costs, Entry of Final Judgment, and Dismissal with Prejudice, for the reasons set forth below.

## **INTRODUCTION**

Rudy Fabian ("Fabian") is not a party to this action.  He does not represent, and has never represented, any party in interest in his own right. His only connection to this action is that he provided some related legal research and writing services to Class Counsel for which he was fully compensated.

This independent contractor's 11th hour, Hail-Mary opposition to this exceptional $34M settlement should be summarily dismissed out-of-hand based on well-established substantive and

1

procedural grounds. Fabian's motion is nothing more than an ill-motived, misguided attempt to leverage a handsome settlement in the December 9th mediation (**Exhibit 1**) in a different case: the pending attorney-fee dispute litigation between Fabian and Shenkan: *Fabian v. Shenkan*, 2:19-CV-00582-AJS (W.D. Pa.). In this connection, Fabian and his counsel improperly designated Fabian as an "intervener" to these proceedings but failed to file the necessary Motion to Intervene - the first step to determine whether Fabian has standing. He does not and, never properly moved this Court to even seek such a determination.

Rather than fulfil the precept of Fed.R.Civ.P. Rule 1: to secure a just, speedy, and inexpensive determination of every *action and proceeding*, Fabian chooses the tact to *duplicate litigation* by requesting that this Court also preside over the pending contract dispute pending in the Western District of Pennsylvania. This is the quintessential claim-splitting, forum shopping tactic which this Court should not condone.

Substantively, Robert Rossi, author of the renown two-volume treatise *Attorney Fees* (West Group) has authored an affidavit which states, in part, as follows:

> With respect to intervention in a case by an attorney seeking to protect his or her claim to a fee, federal courts have almost universally denied intervention in such a situation. *E.g.,* Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171 (2d. Cir. 2001)(intervention denied to discharged counsel who sought to intervene as of right in his former client's action to protect his charging lien); Laker Airways Ltd., v. Pan American Airways, 109 F.R.D. 541 (D.D.C. 1985) (former partner of plaintiffs law firm who sought intervention in order to preserve his right to a share of the attorney fees award denied intervention). I am aware of no federal case law allowing an independent contractor who did not represent a party to intervene in a case to obtain a fee, and based on my research, awarding intervention to an independent contractor who seeks a fee in the underlying case would be an unwarranted extension of case law.
>
> As a general principle, an attorney is not entitled to share in a fee unless the client has consented to the fee sharing arrangement. *See* Restatement (Third) of Law Governing Lawyers § 47 (2000). I believe that Pennsylvania law follows this principle. *See* Glaberson v. Comcast Corp., 2016 WL 6276233 (E.D. Pa. Oct. 27, 2016) (even an express agreement to share attorney fees was unenforceable without

2

the knowledge arid consent of the clients). **Exhibit 2** (Opinion, Par. 4 and 5).

All authority cuts directly against Fabian's "implicit" footnote-request for intervention status. Furthermore, he is ethically barred from a court granting the relief he requests pursuant to Pa. R.P.R. Rule 1.5 and the Eastern District of Pennsylvania's holding in *Glaberson, supra*.

## STATEMENT OF RELEVANT FACTS

Attorney Rudy Fabian served as an independent contractor for Attorney Richard Shenkan from approximately June 2015 through approximately January 2019. Shenkan hired Fabian to perform legal research and writing services for cases in which Shenkan was hired as counsel. No co-counsel agreement was entered in any case and Shenkan advanced the cost of litigation in all cases. Shenkan made the mistake of not reducing their oral agreement to an executed contract. The oral contract, which the parties followed for years, included, *inter alia*, that Fabian would perform legal research and writing in exchange for Shenkan payment of periodic payment every two weeks plus bonuses at Shenkan's sole discretion. Not only was Fabian compensated, which he does not dispute, he was paid generously. For his average of 42 hours per week, Fabian was paid an average of $90,000 per year, including $121,615 in 2018, totaling $315,426.40 over 3 ½ years. Due to Fabian engaged in a dishonest act of self-dealing which Shenkan discovered (and Fabian admitted) on January 3, 2019. Fabian was covertly "running" a (competing) class action without disclosing such to Shenkan and in violation of their express oral agreement.

Under the ruse of equity, Fabian seeks to reform the terms of their already-fulfilled contract. In this connection, he (and his firm with his non-lawyer partner wife) commenced a lawsuit for attorney fees. *Fabian, supra*.

Fabian does not represent the named Plaintiffs or any class member. He has never entered an appearance or appeared on the record in this matter nor advanced any costs. This Court

appointed the undersigned as Class Counsel in April. Fabian never bothered to raise this issue with the Court in the past 11 months since his relationship with Shenkan ended. Fabian's status is nothing more than an unsecured putative creditor to Shenkan Injury Lawyers, LLC. with a speculative claim; and, respectfully, this Court should not accord him anything more than such.

As stated by Fabian (Fabian Brief, p. 6), Fabian has already brought a case against Shenkan for quantum meruit in the United State District Court for the Western District of Pennsylvania, Case No. 2:19-CV-00582-AJS, for Fabian's work related to the *Maszgay* class action. In that case, Fabian also alleges that he is entitled to share in attorney fees awarded to Shenkan.

Fabian is essentially engaging in improper claim splitting, trying to assert *another* claim for quantum meruit against Attorney Shenkan by way of a motion in this class action. Whatever, right Fabian believes he has for attorney fees, however, should be litigated in the pending case against Shenkan. It should not be the subject of piecemeal litigation and jeopardize the terms of the settlement in any way.

## LAW AND ARGUMENT

### 1. Fabian is not a party nor counsel for a party. He lacks standing to intervene.

Fabian states that he brings his motion "[p]ursuant to Fed.R.Civ.P. 54(d)(2) as incorporated by Rule 23(h)(1)" (ECF 103, p. 1), which provide for motions for attorney's fees for both regular actions and class actions, respectively. However, as stated, Fabian is not a party nor counsel in this case. He cites to no basis allowing someone who does not represent a party in a case or who has not intervened in a case to move for attorney's fees under Rules 54(d)(2) or 23(h)(1).

### 2. Fabian failed to file the *Required* Motion to Intervene

Fabian, a "practicing attorney in Pennsylvania for approximately 26 years … [with] considerable experience in consumer protection litigation" (Fabian Motion, p. 2), who touts

himself as a sophisticated class action attorney, did not take the simple but required step of filing

a motion to intervene in this matter prior to filing his present Motion.. In footnote 2 of his Motion,

Fabian states, in part:

> To the extent that the Court believes that Movant's present Motion
> for an Award of Attorney Fees should have been preceded by a
> Motion to Intervene. Movant respectfully requests that the Court
> deem such prefatory motion to be **implicit** in the present Fee
> Motion. [Emphasis added]

Fabian offers no case law or other authority in support of his contention that he was not required

to file a motion to intervene or that this Court can deem a motion to intervene to be somehow

"implicit" by way of Fabian's footnote-request in this ultra-irregular fee motion. Rather than

follow the Federal Rules, this supposedly experienced attorney, along with his counsel, "rolled-

the-dice" and chose to ignore the initial, fundamental requirement to attempt to intervene in this

matter. Fabian and his counsel's last-minute motion only two days before the hearing on settlement

approval (likely based on the hope that Plaintiffs would not have time to file an adequate response

before the hearing), certainly constitutes a sharp practice. This Court should not permit such

flouting of the Rules.

### 3. **Fabian does not meet any of the four requirements for intervention by right**

Further, even if this Court did consider that Fabian moved for intervention "implicit[ly]"

in his fee motion, intervention should be denied. The Third Circuit has set forth four requirements

for intervention as of right (which Fabian argues for in the latter half of the above-cited footnote)[1]:

> We have held that a litigant seeking intervention as of right under
> Rule 24(a)(2) must establish 1) a timely application for leave to
> intervene, 2) a sufficient interest in the underlying litigation, 3) a
> threat that the interest will be impaired or affected by the disposition

---

[1] Fabian does not mention permissive intervention, likely because he is obviously not entitled to
it, as there is no federal statute giving him a conditional right to intervene, and his claim shares
no common question of law or fact with the main action. Fed.R.Civ.P. 24(b).

of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *Kleissler v. United States Forest Service,* 157 F.3d 964, 969 (3d Cir.1998). "Each of these requirements must be met to intervene as of right." *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir.1995) (citation omitted).

*Liberty Mut. Ins. Co. v. Treesdale, Inc.,* 419 F.3d 216, 220 (3d Cir. 2005)

## A. Fabian has no sufficient interest justifying intervention

Fabian has no sufficient interest in the underlying litigation.

[T]o have an interest sufficient to intervene as of right, "the interest must be 'a legal interest as distinguished from interests of a general and indefinite character.' " *United States v. American Telephone and Telegraph Co.,* 642 F.2d 1285, 1292 (D.C.Cir.1980), *quoting Radford Iron Co. v. Appalachian Elec. Power Co.,* 62 F.2d 940, 942 (4th Cir.1933).

*Harris v. Pernsley,* 820 F.2d 592, 601 (3d Cir. 1987).

Fabian does not have a definite legal interest. Rather, he simply claims that he did work on behalf of the class and is entitled to payment for it out of fees being paid to class counsel, on top of what he was already paid for his services in full satisfaction of their agreement. This is nothing more than a purely speculative assertion of an indefinite right. Part of Fabian's heading to argument IV. A. of his Motion (p. 6) describes his interest as "Movant's Equitable Portion of the Fees." Fabian is apparently basing his interest on the fees on a claim of quantum meruit, similarly to his claim in the *Maszgay* case. Fabian has no cognizable property interest in the fees at all.

## B. Attorney's fees are not a sufficient interest justifying intervention

As stated by the District Court of the Virgin Islands in this Circuit:

the interest [for intervention by right] must be a legally cognizable interest, i.e., **one that belongs to or is owned by the**

6

**intervenor**. *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir.1995) (citing *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir.1987); *United States v. Alcan Aluminum Inc.,* 25 F.3d 1174, 1185 (3d Cir .1994)). A mere economic interest in the outcome of the suit is insufficient to support a motion to intervene. *Id.* (citing *Alcan Aluminum,* 25 F.3d at 1185).

....

This Court agrees with the reasoning of the Second Circuit that it is questionable whether a discharged attorney's intervention into a former client's action fits within the language of the Federal Rules. Rule 24(a) provides in pertinent part that the putative intervenor must "claim[ ] an interest relating to the property or transaction which is the subject of the action." Fed.R .Civ.P. 24(a) (emphasis added). **The interest of discharged counsel seemingly is not in the subject of the underlying action, i.e., the contract dispute that precipitated the litigation,** but is rather an interest in recovering delinquent attorney's fees following an award in favor of its former client. *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 177 (2d Cir.2001).*Gov't of Virgin Islands v. Lansdale,* 2010 WL 2991053, at *3 (D.V.I. July 26, 2010)

The District Court of the Virgin Islands, a year later, again held that allegedly unpaid hourly attorney fees do not justify intervention:

> [T]he existence of unpaid hourly attorneys' fees does not provide a sufficient basis for intervention. *See Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 177 (2d Cir.2001) (upholding a district court's refusal to allow intervention based on an attorney's charging lien for unpaid fees); *Premier, Inc. v. Commercial Underwriters Ins. Co.,* No. 02–3199, 2004 WL 32918, at *3 (E.D.La. Jan. 5, 2004) (denying intervention to an attorney because the unpaid hourly attorneys' fees did not constitute "a direct, substantial, and legally protectable interest in the property or transaction that forms the basis of the controversy"); *cf. Kant v. Seton Hall University,* 10–2258, 2011 WL 1335821 (3d Cir. Apr. 8, 2011) (affirming a district court's award of attorneys' fees based on a separate fee petition [for an attorney fee lien pursuant to New Jersey law] filed after the attorney's motion to intervene to collect fees was denied). ... [The attempted intervenor's] interest is irrelevant to the resolution of the underlying dispute, and Bentz may seek to collect any fees she is owed in other ways which will not interrupt the orderly conclusion of this case. Thus, Bentz's motion to intervene is denied. *Transcaribbean Trade, Ltd. v. Misgunst Inv. Corp.,* No. CIV.A. 96-173, 2011 WL 1897208, at *2 (D.V.I. May 18, 2011)

7

Also see *Laker Airways Ltd. v. Pan Am. World Airways*, 109 F.R.D. 541 (D.D.C. 1985):

> **His [attempted intervenor] quarrel is solely with his former partners with regard to the division of the attorneys' fees which will be paid pursuant to the settlement. That conclusion undermines Farmer's arguments both with respect to intervention as of right and with respect to permissive intervention,** as follows.
>
> The protection of Farmer's interest is not, as a practical matter, impaired or impeded even if he is not permitted to intervene in this action. As far as the amount of the attorneys' fees is concerned, his interest and that of Beckman and Kirstein are identical: to make certain that they are paid by defendants in accordance with the agreement. **To the extent that Farmer has a dispute, it is with Beckman and Kirstein concerning the division of the $6.25 million in attorneys' fees which that set of attorneys is to receive.[7] However, that dispute is entirely separate and apart from the instant lawsuit**

**C. Intervention to seek attorney fees violates FRCP Rule 1. It is incompatible with judicial economy, as it brings unrelated issues of law and fact into this case, which should be resolved in the pending action in Western District of <u>Pennsylvania</u>**

As stated by the Court in *Laker Airways*, supra:

> The decision whether intervention of right is warranted thus involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.
> ....
> These policies call for a denial of Farmer's motion [to intervene to claim a portion of attorney's fees]. Intervention will not contribute to judicial economy since the underlying questions of law and fact with respect to the partnership dispute will be heard in the Superior Court and those issues are in no way before this Court. Indeed, there is no conceivable way that Farmer's intervention is "compatible with efficiency and due process"[9] or "will achieve judicial economies of scale by resolving related issues in a single lawsuit."[10]

Courts in other circuits have perceived a danger inherent to granting intervention "as of right under Rule 24(a)(2) to attorneys seeking a share of fees. The Second Circuit avoided deciding

the issue under Rule 24(a) *in Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171 (2d Cir. 2001),* but it cautioned that "[d]istinct from the question of whether a charging lien falls within the language of Rule 24 are the public policy repercussions that arise when *discharged counsel* [Fabian not even discharged counsel] is permitted to intervene as of right in his former client's action to protect an interest in legal fees." *Id.* at 178. One risk was that "an intervenor-*counsel* might advance arguments either not raised, or even in conflict with those already made, unintentionally undermining the current trial strategy of his former client." *Id.* Another concern was that the cost-benefit analyses of the client and former counsel might diverge: "[w]hile the law firm's sole interest is generally in a financial recovery… the decision-making of the former client may incorporate other factors." Id. at 179. Other courts have expressed similar concern. *See, e.g. Alam v. Mae,* No. H-02-4478, 2007 WL 4411544, at \*4 n.3 (S.D. Tex. Dec. 17, 2007)(citing *Butler*); *Newman v. Mutual Life Ins. Co. of New York,* 206 F.R.D. 410, 411 (D. Md. 2001)(finding "the policy concerns expressed in Butler particularly compelling").

### D.  Fabian delayed, without any justifiable reason, until two days before the final approval hearing to file his motion, prejudicing the class members

Fabian's "implicit" footnote motion to intervene was not timely.  The Third Circuit has listed the factors determining whether intervention is timely:

> "To determine whether the intervention motion is timely, we have listed three factors for courts to consider: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top,* 72 F.3d at 369 (citing *In re Fine Paper Antitrust Litig.,* 695 F.2d 494, 500 (3d Cir.1982)). … The delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings. *See, e.g., United Airlines, Inc. v. McDonald,* 432 U.S. 385, 394, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).

9

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pennsylvania*, 701
F.3d 938, 949–50 (3d Cir. 2012).

Fabian, attempting to justify ignoring the requirement to intervene, states that "addressing the
Motion for Final Approval without Movant's intervention will drastically impair and impede
movant's ability to protect his interest in those fees." Fabian appears to be arguing that he did not
have the time to file an actual motion to intervene because time is of the essence in protecting his
alleged interest. However, as admitted by Fabian, he filed a quantum meruit action against Class
Counsel related to fees in another case in February of 2019 (ECF 103, p. 6). His failure to file the
claim in that court is unexplained.

Further, he has obviously been aware of this case for years, as he states he did work on this
case as far back as 2016. (ECF 104). Fabian could have attempted to file a motion to intervene at
any time in the last several months (assuming he has a good faith basis for doing so), but he simply
chose not to do so. He knew of the risks to his alleged rights since at least February of 2019, yet
failed to file any motion to intervene, only bringing a motion for fees two days prior to the
settlement approval hearing. This prejudices the parties.

The consumer class members never received any notice of this dispute. They are awaiting
their much-needed credit repair, disputed deficiency compromise, and cash payments. This relief
will be delayed for weeks or months if, as permitting Fabian's motion would require, this Court
has Fabian and Shenkan bring forth evidence and holds hearings on whether Fabian is entitled to
a share of the attorney's fees, and if the ethical rules even allow for such. Finally, Fabian offers no
valid reason for his delay.

### E.  Fabian's claim to the fees will not be impaired if he is not permitted to intervene

Another requirement for intervention is a threat that the interest will be impaired or affected
by the disposition of the underlying action. Fabian says he is intervening "to prevent Shenkan from

Absconding with Movant's Equitable Portion of the Fees", and requests that he be awarded a portion of the fees. (Fabian Motion, pp. 6, 9). However, he has also admitted that he has another avenue to pursue his alleged rights to a portion of the fee – an action in quantum meruit, which he states he has filed in another action against Shenkan. (*Id.*, p. 6). The courts have routinely held that these exact reasons do not justify intervention.

"There is simply no right to intervene based on the fact that the outcome of a case may increase or decrease the collectability of a third-party's claim against a party." *White v. United States*, 2006 WL 1722301, at *3 (D. Ariz. June 19, 2006), citing to *Hawaii–Pacific Venture Capital Corp. v. Rothbard,* 564 F.2d 1343, 1346 (9th Cir.1977).

The last requirement for intervention is that the existing parties to the action do not adequately represent the prospective intervenor's interests. However, as stated above, Fabian has no cognizable interest, only a speculative claim that has nothing to do with the underlying claims in this matter.

### 4. Fabian cannot ethically share the attorney fees because the plaintiffs have not consented to such an arrangement

In *Glaberson v. Comcast Corp.,* 2016 WL 6276233, (E.D. Pa. Oct. 27, 2016), this Court held that even an express agreement to share attorney fees was unenforceable without the consent of the clients, agreeing with one party's argument that language in the agreement:

> [M]ay not be construed as a fee splitting term because if any fee sharing agreement had been reached, counsel would have been required by ethical rules to disclose to, and obtain the consent of, the client. See Model Rules of Professional Conduct, Rule 1.5(e) ("A division of a fee between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation; (2) the **client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing**; and (3) the total fee is reasonable."); Pennsylvania Rules of Professional Conduct, Rule 1.5(e) [other citations omitted]; …

11

We find that HMO is correct that the CCA cannot be construed as a fee splitting agreement since it was never disclosed to the named Plaintiffs or the Class. See Pennsylvania Rules of Professional Conduct, Rule 1.5(e).

*Id.* at \*5; *Emphasis added.*

The Representative Plaintiffs signed a fee agreement with Richard Shenkan and Shenkan Injury Lawyers, LLC., not Fabian. Both Representative Plaintiffs as well as absent class members do not consent to the sharing of all fees. **Exhibit 3** and **Exhibit 4**.

In April, this Court appointed Shenkan is sole Class Counsel. Rather than coming forward in a reasonably timely manner after the separation, Fabian waited 11 months without explanation for his delay. The class already received notice that the sole Class Counsel is Shenkan. None of the 10,000 class members objected. Now, belated Fabian, who slept on whatever rights he may have had, albeit a specious, speculative claim, wants this Court to disregard Rule 1.5, Glaberson, supra., and the due process constraints of class notice and grant an intermeddler / interloper, intervention status. Fabian is ethically barred from sharing a portion of the fees in this case.

## CONCLUSION

In sum, Fabian's improperly filed and unsubstantiated Motion for Attorney Fees should be dismissed because he lacks standing, cannot pass the intervention test, and is ethically barred from his requested relief as the Representative Plaintiffs and class members have not provided consent to share such attorney fees.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard Shenkan
*Class Counsel*