IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY LANGER and JAMES LANGER, | ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION |
| v. | ) ) ) ) | No. 2:16-cv-06130-HB |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | ) ) ) ) | |
| Defendant | ) | |

FILED
NOV 08 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

### FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiffs, Randy Langer and James Langer ("Plaintiffs"), unopposed by Defendant, Capital One Auto Finance, a Division of Capital One, N.A. ("Defendant"), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the parties, the Classes[1], and the claims asserted in this lawsuit.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, in light of the factual, legal, practical and procedural considerations raised by this case.

3. Class 1 and Class 2, defined as in paragraphs 2.08 and 2.12 of the Settlement Agreement, are hereby certified for settlement purposes.

ENT'D NOV 08 2019

---

[1] Capitalized terms in this Order have the same meaning as defined in the Settlement Agreement.

4. Plaintiffs Randy Langer and James Langer's appointment as Class Representatives and Attorney Richard Shenkan and Shenkan Injury Lawyers, LLC.'s appointment as counsel for the Class 1 and Class 2 are maintained.

6. Upon the Affidavit of William G. Atkinson, a partner with BrownGreer, PLC, the Settlement Administrator, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

7. Defendant has served the CAFA Notice of Proposed Settlement and complied in all respects with its obligations under 28 U.S.C. § 1715.

8. No Class Members requested exclusion from the Classes; therefore, no Class Members are excluded from, and all Class Members are bound by, the Settlement Agreement, this Order, and the final judgment entered by the Court herein (the "Judgment").

9. No Class Members objected to the Settlement.

10. The Court hereby finds that the Settlement Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

11. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Classes' ultimate success on the merits; (b) the range of the Classes' possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, the Settlement Agreement should be and is APPROVED

and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him or her) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement, if applicable to them.

12. A Settlement Fund has been created consisting of the $6,500,000 Settlement Amount and will be supplemented with approximately $180,000 relating to Post-Stay Payments. The Settlement Fund shall be used to pay Class Members (including Post-Stay Return Payments), the Settlement Administration Costs, Class Counsel Fees, Class Counsel Costs, and Incentive Awards as set forth in the Settlement Agreement. All unclaimed and excess monies in the Settlement Fund shall be distributed to the *Cy Pres* Recipients in accordance with the Settlement Agreement.

13. ~~The Court approves Class Counsel Fees in the total amount of $2,600,000 plus~~ Class Counsel Costs incurred to date in the amount of $49,011.81. Those amounts shall be paid from the Settlement Fund as directed by the Settlement Agreement or otherwise by direction of Richard Shenkan, as sole Class Counsel. In light of the tax related matters pertaining to the Class Members as additional costs are anticipated, Plaintiffs' counsel Richard Shenkan has considerable additional work to undertake relating to the orderly administration of this matter and, accordingly, ~~may make a subsequent request(s) for additional reimbursement of costs.~~

14. The Court approves Incentive Awards of $15,000 each for Randy Langer and James Langer for serving as the Class Representatives. This amount shall be paid from the Settlement Fund as directed by the Settlement Agreement.

15. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties shall carry out their respective obligations under that Agreement.

3

16. The Released Claims of the Class 1 Releasors and Class 2 Releasors and of the COAF Releasors, as set forth in paragraphs 9.01, 9.02 and 9.03 of the Settlement Agreement, are hereby dismissed with prejudice.

17. The terms of the Settlement Agreement and of this Order shall be forever binding on the Class 1 Releasors, Class 2 Releasors, and COAF Releasors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve Released Claims.

18. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement, this Order, or the Judgment do not for any reason become effective, or (c) the Settlement Agreement, this Order, or the Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the Settlement does not become final in accordance with the terms of the Settlement Agreement, this Order and the Judgment shall be void and be deemed vacated.

19. The Court hereby specifically retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement, class administration matters, and the implementation of this Final Judgment and Order. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.

20. Final Judgment is entered as provided herein.

Dated: November 8, 2019

BY THE COURT:

/s/ Harvey Bartle III
Harvey Bartle III.
United States District Judge