```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RANDY LANGER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAPITAL ONE AUTO FINANCE, | : | NO. 16-6130 |
| a division of Capital One, N.A. | | |

MEMORANDUM

Bartle, J.                                          November 27, 2019

      This is a class action against defendant Capital One Auto Finance, a division of Capital One, N.A., challenging the adequacy of repossession notices provided to class members who defaulted on auto loans. The court granted preliminary approval of the settlement on May 24, 2019 and scheduled a hearing for November 8, 2019 to consider final approval of the settlement and approval of attorneys' fees and costs out of the settlement fund. Class counsel is Richard E. Shenkan and Shenkan Injury Lawyers, LLC ("Shenkan").

      On November 6, 2019, attorney Rudy A. Fabian and Fabian Legal Services, LLC ("Fabian") filed a motion "for an award of attorney fees and in opposition to plaintiffs' previously uncontested motion for final approval of settlement." Fabian appeared with counsel at the hearing on November 8, 2019.

      At the hearing, Fabian did not oppose the settlement as it pertained to the class members and did not oppose an award of counsel fees in the amount of $2,600,000, the amount sought

by Shenkan.  Instead, he claimed Shenkan had engaged him as a contract attorney with respect to legal research on the case and had not been fully paid.  He concedes that there was no written contract between him and Shenkan and states that his theory of recovery is quantum meruit.  He seeks what is due him out of the $2,600,000.  Fabian, we note, never entered his appearance as class counsel and never appeared before the court, either in person or by signing any papers filed in this action.

The court approved the settlement as to the class members as fair, reasonable, and adequate.  See Warfarin Sodium Antitrust Litg. 391 F.3d 516, 534 (3d Cir. 2004).  However it withheld approval of any award to Shenkan pending resolution of Fabian's motion for attorney's fees.

Shenkan argues that Fabian's motion for attorney's fees should be denied because Fabian has not met the requirements of Rule 24(a) of the Federal Rules of Civil Procedure for intervention.  According to Shenkan, Fabian's remedy lies in a separate lawsuit against him.  Indeed, Fabian currently has such an action pending in the United States District Court for the Western District of Pennsylvania related to a different class action which has settled and for which Fabian did contract work for Shenkan.  See Fabian v. Shenkan, No. 19-582 (W.D. Pa.).  Shenkan has stated on the record at the final approval hearing and in an affidavit filed in this court

that he will not raise as a defense in any lawsuit by Fabian that Fabian failed to move to intervene here.

Fabian did not specifically seek to intervene when he filed his motion. He made no reference to Rule 24(a). His motion is predicated on Rule 54(d)(2) and Rule 23(h)(1) of the Federal Rules of Civil Procedure. In his reply brief, he argues for the first time that intervention is not necessary, or in the alternative if intervention is required, he has satisfied the necessary criteria.

Rule 24(a)(2) provides in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

See <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 220 (3d. Cir. 2005); <u>Harris v. Pernsley</u>, 820 F.2d 592, 601 (3d Cir. 1987).

Rules 23(h)(1) and 54(d)(2), on which Fabian relies, relate to the award of attorney's fees. Rule 23(h)(1) provides:

> (h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties, and for motions by class counsel, directed to class members in a reasonable manner.

Rule 54(d)(2) provides:

> (2) Attorney's Fees.
>
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

As noted above, Fabian is not class counsel and has never entered his appearance for any party in this action. No class member has chosen Fabian to represent him or her. As important as his work may have been, he has no association with class counsel Shenkan or Shenkan Injury Lawyers, LLC other than as a contract attorney. Under the circumstances, he has no interest relating to the property or transaction that is the subject of this action. He does not have "a legal interest as distinguished from interests of a general and indefinite character." See Harris, 820 F.2d at 601 (quoting United States

-4-

v. Amer. Tel. and Tel. Co., 642 F.2d 1285, 1292 (D.C. Cir. 1980). Rather, he has a separate and distinct dispute for money allegedly owed for work he did for Shenkan, not for work he did for the class or any member of the class. Moreover, he has not alleged that he cannot protect his interest and recover what may be due from Shenkan through the filing a separate lawsuit.

Rules 23(h)(1) and 54(d)(2)(A) do not help Fabian. While these rules deal with the award and procedures for the award of attorney's fees, they clearly presupposed that the movant was, at some point at least, the attorney for a prevailing party. Fabian, as previously noted, was never the attorney of record for anyone. Thus his attempt to rely on Rules 23(h)(1) and 54(d)(2)(A) is to no avail.

Accordingly, the motion of Fabian for an award of attorney's fees and costs out of the settlement fund in this action will be denied without prejudice to his right to file a separate action against Shenkan and Shenkan Injury Lawyers, LLC.